LAURA J. ROWLEY
Senior Trial Attorney
BRIAN DONOHUE
Senior Trial Attorney
ANDREW KEIR
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 532-5896

ALEX SILAGI
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 353-6001

*Counsel for Plaintiff United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| v. ) ) ) | |
| ALDEN LEEDS, INC.; ALLIANCE CHEMICAL, ) INC.; ARKEMA INC.; ASHLAND INC.; ) ATLANTIC RICHFIELD COMPANY; ATLAS ) REFINERY, INC.; BASF CORPORATION, AND ) BASF CATALYSTS LLC; BENJAMIN MOORE ) & CO.; CANNING GUMM, LLC; CNA ) HOLDINGS LLC / CELANESE LTD.; ) CHEVRON ENVIRONMENTAL ) MANAGEMENT COMPANY; COATS & ) CLARK, INC.; CONGOLEUM CORPORATION; ) CONOPCO, INC. (D/B/A UNILEVER); ) | |

COOPER INDUSTRIES, LLC; COVANTA ESSEX COMPANY; CRODA INC.; CURTISS-WRIGHT CORPORATION; DARLING INGREDIENTS INC.; DII INDUSTRIES, LLC; DILORENZO PROPERTIES COMPANY; ELAN CHEMICAL CO., INC.; EM SERGEANT PULP & CHEMICAL COMPANY; ENPRO HOLDINGS, INC., AND ENPRO INDUSTRIES, INC.; EPEC POLYMERS, INC.; ESSEX CHEMICAL CORPORATION; FISKE BROTHERS REFINING CO.; FLEXON INDUSTRIES CORP.; FRANKLIN-BURLINGTON PLASTICS, INC.; GARFIELD MOLDING COMPANY, INC.; GENERAL ELECTRIC COMPANY; GIVAUDAN FRAGRANCES CORPORATION; GOODRICH CORPORATION; HARRISON SUPPLY COMPANY; HEXCEL CORPORATION; HOFFMANN-LA ROCHE INC.; HONEYWELL INTERNATIONAL INC.; ISP CHEMICALS LLC; KAO USA INC.; KEARNY SMELTING & REFINING; L3 HARRIS TECHNOLOGIES, INC.; LEAR MEXICAN SEATING CORPORATION; LEEMILT'S PETROLEUM, INC.; LEGACY VULCAN, LLC; MALLINCKRODT LLC; MESSER LLC; NATIONAL-STANDARD, LLC; NEU HOLDINGS U.S. CORPORATION, AND EDEN WOOD CORPORATION; NEWARK MORNING LEDGER CO.; NEWELL BRANDS INC.; NOVELIS CORPORATION; THE OKONITE COMPANY, INC.; OTIS ELEVATOR COMPANY; PABST BREWING COMPANY, LLC; PALIN ENTERPRISES L.L.C.; PASSAIC PIONEER PROPERTIES CO.; PFIZER INC.; PITT-CONSOL CHEMICAL COMPANY, AND E. I. DU PONT DE NEMOURS AND COMPANY; PARAMOUNT GLOBAL; PPG INDUSTRIES, INC.; PRIMARY PRODUCTS INGREDIENTS AMERICAS LLC; PURDUE PHARMA TECHNOLOGIES, INC., AND NAPPWOOD LAND CORPORATION; QUALITY CARRIERS, INC., AND QUALA SYSTEMS, INC.; REVERE SMELTING AND REFINING CORPORATION; ROYCE ASSOCIATES, A LIMITED PARTNERSHIP; RTC PROPERTIES, INC.;

| | |
|---|---|
| S&A REALTY CORP.; SAFETY-KLEEN ENVIROSYSTEMS COMPANY, AND MCKESSON CORPORATION; SCHIFFENHAUS PACKAGING CORP., AND WESTROCK COMPANY, AND WESTROCK-SOUTHERN CONTAINER, LLC; SEQUA CORPORATION; SPECTRASERV, INC.; STANLEY BLACK & DECKER, INC.; STWB INC.; SUN CHEMICAL CORPORATION; TEVA PHARMACEUTICALS USA, INC.; TEVAL CORPORATION; TFCF AMERICA, INC.; TEXTRON, INC.; THE HARTZ CONSUMER GROUP, INC.; THE NEWARK GROUP, INC.; THE SHERWIN-WILLIAMS COMPANY; THREE COUNTY VOLKSWAGEN; TIFFANY AND COMPANY; AND WYETH LLC.<br><br>            Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region 2, files this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought under Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9607 and 9613(g)(2) ("CERCLA").

2. The United States seeks to recover costs it incurred in response to releases and threatened releases of hazardous substances from facilities into the Lower Passaic River Study Area ("LPRSA") of the Diamond Alkali Superfund Site ("Site"). The LPRSA encompasses the

entire Lower Passaic River from Newark Bay at River Mile ("RM") 0 to the Dundee Dam at approximately RM 17.7.

3. In accordance with Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States also seeks a declaratory judgment on the liability of Defendants under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), that will be binding on any subsequent action or actions against Defendants for further response costs incurred in connection with the LPRSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. §9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

6. Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. At times relevant to this Complaint, each Defendant falls within one or more of the classes of liable persons described in Section 107(a)(1)-(4) of CERCLA, 42 U.S.C. § 9607(a)(1)-(4).

## STATUTORY BACKGROUND

8. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other

pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

9. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

10. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or operated by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --

>  (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

11. Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States may seek a declaratory judgment that each Defendant is liable for, inter alia, response costs that will be binding on any subsequent action or actions against such Defendant to recover further response costs.

12. Under Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), the term "facility" means (A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located.

13. Under Section 101(22), of CERCLA, 42 U.S.C. § 9601(22), the term "release" means any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment.

14. Under Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), the term "disposal" includes, among other things, the "discharge, deposit, injection, dumping, spilling, leaking, or placing" of wastes into or on any land or water so that such wastes or any constituent thereof "may enter the environment or be emitted into the air or discharged into any waters, including ground waters."

## GENERAL ALLEGATIONS

15. The Diamond Alkali Superfund Site consists of the former Diamond Alkali facility at 80-120 Lister Avenue in Newark, New Jersey; the LPRSA, including the lower 8.3

miles of the Lower Passaic River; the Newark Bay Study Area; and the areal extent of contamination. The LPRSA generally includes the 17-mile, tidal portion of the Passaic River from Dundee Dam as it is located in or flows through Essex, Hudson, Passaic, and Bergen counties to Newark Bay.

16. The Diamond Alkali Company and other corporate predecessors of Occidental Chemical Company operated a manufacturing facility located at 80 Lister Avenue in Newark, New Jersey, which produced, among other products, the defoliant chemical known as "Agent Orange." A byproduct of the manufacturing processes was 2,3,7,8-TCDD (2,3,7,8-tetrachlorodibenzo-p-dioxin, or "dioxin"), which was released into the Passaic River.

17. The lower 8.3 miles of the Lower Passaic River are located in a highly developed urban area that includes commercial, industrial, residential, and recreational use.

18. EPA placed the Diamond Alkali Superfund Site on the National Priorities List in 1984.

19. To manage cleanup operations of the Site, EPA has divided response actions for the Site into discrete actions referred to as "Operable Units."

20. Operable Unit 1 of the Site ("OU1") consists of the response action required or to be required by EPA to address the contamination at the former Diamond Alkali facility at 80-120 Lister Avenue in Newark, New Jersey.

21. Operable Unit 2 of the Site ("OU2") consists of the response action required or to be required by EPA to address the contamination in the lower 8.3 miles of the Lower Passaic River. The lower 8.3 miles of the Lower Passaic River extends from the river's confluence with Newark Bay at RM 0 to RM 8.3 near the border between the City of Newark and Belleville Township, as generally depicted in the attached map (Exhibit A).

22. Operable Unit 3 of the Site ("OU3") consists of the response action required or to be required by EPA to address the contamination in the Newark Bay Study Area, including Newark Bay and portions of the Hackensack River, Arthur Kill and Kill van Kull. EPA is overseeing a remedial investigation/feasibility study ("RI/FS") for OU3.

23. Operable Unit 4 ("OU4") of the Site consists of the response action required or to be required by EPA to address the contamination in the 17-mile tidal portion of the Passaic River, including an interim response action required or to be required by EPA to address the contaminated sediments in the upper 9 miles of the LPRSA, which is generally depicted in Exhibit A.

24. As a result of studies conducted at the Site, EPA concluded that the lower 8.3 miles of the Lower Passaic River contained the bulk of the contaminated sediment that is the source of the most risk associated with the LPRSA. As a result, EPA conducted an Agency-funded Remedial Investigation/Focused Feasibility Study ("RI/FFS") which showed that contaminated sediments in the lower 8.3 miles of the Lower Passaic River are a major source of contamination to the rest of the River largely due to sediment mixing caused by the tidal nature of the Lower Passaic River.

25. The sediments of the lower 8.3 miles of the Lower Passaic River are contaminated with, among other things, dioxins and furans, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), dichlorodiphenyl-trichloroethane ("DDT"), dieldrin and other pesticides, and mercury, lead, copper and other metals. These and other hazardous substances are commingled in the sediments.

26. Following the RI/FFS, EPA selected an OU2 remedy, which is identified in an EPA decision document, dated March 3, 2016, referred to as the Record of Decision for the

Lower 8.3 Miles of the Lower Passaic River. The Record of Decision selected a final remedy for the sediments of the lower 8.3 miles and an interim remedy for the water column.

27. Following the selection of an OU2 remedy, EPA selected an OU4 interim remedy, which is identified in an EPA decision document, dated September 28, 2021, referred to as the Record of Decision for the upper 9 miles of the LPRSA. The objective of the interim remedy for the upper 9 miles of the LPRSA is to remediate sediment source areas, focusing on dioxins and PCBs as contaminants of concern.

28. The LPRSA is part of the Site, and is a location where hazardous substances have been deposited, stored, disposed of, placed or otherwise come to be located, and therefore is part of a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29. The dioxin and furans, PCBs, DDT, dieldrin and other pesticides, PAHs, copper, lead, mercury and other metals, which have come to be located at the Site, are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

30. Each Defendant's facility is or was a "facility" from which there have been "releases" and threatened releases of one or more "hazardous substances," as denoted in Paragraph 25, to the Site as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

31. The United States has undertaken response actions to address the release or threat of release of hazardous substances at or from the Site. In undertaking the response actions, the United States has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

32. The United States has incurred response costs that have not been reimbursed. The United States will incur additional response costs with respect to OU2 and OU4. These response

costs are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

33. In 2018, EPA entered into an Administrative Settlement Agreement under Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1), CERCLA Docket No. 02-2017-2023, with 15 parties (the "2018 Settlement Agreement Parties"). Fourteen of the 2018 Settlement Agreement Parties are named in this case: DiLorenzo Properties Company; EM Sergeant Pulp & Chemical Company; Fiske Brothers Refining Co.; Harrison Supply Company; Mallinckrodt LLC; Novelis Corporation; Pfizer Inc.; RTC Properties, Inc.; S&A Realty Corp.; Teva Pharmaceuticals USA, Inc.; KAO USA Inc.; Messer LLC; Three County Volkswagen; Wyeth LLC. Each of the 2018 Settlement Agreement Parties paid EPA $280,600, per facility, to resolve its CERCLA liability for OU2 associated with releases or disposal of hazardous substances from each party's facility or facilities identified in the 2018 Settlement Agreement.

34. In 2021, EPA entered into another Administrative Settlement Agreement under Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1), CERCLA Docket No. 02-2020-2013, with six parties (the "2021 Settlement Agreement Parties"). All six of the 2021 Settlement Agreement Parties are named in this case: Cooper Industries, LLC; Croda Inc.; Darling Ingredients Inc.; Flexon Industries Corp.; Palin Enterprises LLC; Textron, Inc. Each of the 2021 Settlement Agreement Parties paid EPA $280,600, per facility, to resolve its CERCLA liability for OU2 associated with releases or disposal of hazardous substances from each party's facility or facilities identified in the 2021 Settlement Agreement.

## CLAIM FOR RELIEF
*Recovery of Response Costs under CERCLA Section 107(a) and Declaratory Judgment under Section 113(g)*

35. Paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36. Each Defendant is within, or is a successor to a person who is or was within, one or more of the classes of liable persons described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with respect to a facility from which there have been releases or threatened releases of hazardous substances to the Site.

37. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), each Defendant is jointly and severally liable for all unreimbursed response costs, including enforcement costs and interest, incurred by the United States in connection with OU2 and OU4. However, this claim is limited to OU4 with respect to the 2018 Settlement Agreement Parties and the 2021 Settlement Agreement Parties.

38. The 2018 Settlement Agreement Parties and the 2021 Settlement Agreement Parties are jointly and severally liable for all unreimbursed response costs, including enforcement costs and interest, incurred by the United States in connection with OU4.

39. Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that each Defendant is jointly and severally liable to the United States, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for response costs that will be binding on any subsequent action or actions to recover further response costs in connection with the LPRSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of the United States, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each Defendant other than the 2018 Settlement Agreement Parties and the 2021 Settlement Agreement Parties (for the facilities identified in those settlements) jointly and severally liable for response costs, including enforcement costs, incurred by the United States in connection with OU2 and OU4, plus interest thereon;

b. Enter judgment in favor of the United States, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each 2018 Settlement Agreement Party and each 2021 Settlement Agreement Party jointly and severally liable for response costs, including enforcement costs, incurred by the United States in connection with OU4, plus interest thereon;

c. Enter a declaratory judgment, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that each Defendant is jointly and severally liable for response costs incurred and to be incurred by the United States in connection with the LPRSA. This declaratory judgment will be binding in any subsequent action or actions for further response costs concerning the LPRSA; and

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20530

*/s/ Laura J. Rowley*
Laura J. Rowley, Senior Trial Attorney
Brian G. Donohue, Senior Trial Attorney
Andrew W. Keir, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 532-5896
laura.rowley@usdoj.gov


VIKAS KHANNA
First Assistant United States Attorney
District of New Jersey

Alex Silagi
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001


OF COUNSEL:

Sarah Flanagan
Juan Fajardo
Kathryn DeLuca
Frances Zizila
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway
New York, NY 10007

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

      In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

      The matter captioned *Occidental Chemical Corporation v. 21st Century Fox America, Inc.*, et al., Case No. 2:18-cv-11273, pending before Judge Arleo, is related to the matter in controversy in the foregoing Complaint, in that it concerns a similar subject matter and involves some of the same parties.

      /s/   Laura J. Rowley
LAURA J. ROWLEY
Senior Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 532-5896
laura.rowley@usdoj.gov

# EXHIBIT A

# Lower Passaic River



EPA Region 2 GIS Team revised on 8/30/2022