# Exhibit A



**Occidental Chemical Corporation** *OxyChem*

A Subsidiary of Occidental Petroleum Corporation

14555 Dallas Parkway, Suite 400
Dallas, TX 75254
Phone 713-599-4188

January 13, 2022

Ms. Lisa Garcia
Garcia.lisa@epa.gov
Administrator, Region 2
United States Environmental Protection Agency
290 Broadway
New York, NY 10001

Mr. Pat Evangelista
Evangelista.pat@epa.gov
Director, Superfund and Emergency Management Division
Region 2
United States Environmental Protection Agency
290 Broadway
New York, NY 10007

      Re:    Diamond Alkali Superfund Site

Dear Administrator Garcia and Mr. Evangelista:

      I write on behalf of Occidental Chemical Corporation ("OxyChem") to discuss with you next steps at the Diamond Alkali Superfund Site.

      After evaluating the Record of Decision for the Interim Remedy for Operable Unit 4, OxyChem is willing to negotiate an appropriate Consent Decree with the United States to perform the remedial design and to implement the interim remedy set out in the 2021 Record of Decision for Operable Unit 4 ("2021 ROD") of the Site based on the following terms and conditions:

- In consideration of this broad scope of work, EPA will provide to OxyChem a full covenant not to sue under section 106 and 107 of CERCLA and agree to full contribution protection for OxyChem for all response actions and response costs incurred by any person related to the upper 9 Miles of the Lower Passaic River in Operable Unit 4;

- EPA will agree not to conclude cash out settlements with any parties for their liabilities in connection with the 2021 ROD but will, instead, allow OxyChem—as the performing party—to pursue recoveries from any responsible parties of their fair and allocable shares of the response costs OxyChem incurs to perform this work; and,



Responsible Care
A Public Commitment



**Occidental Chemical Corporation** *OxyChem*

A Subsidiary of Occidental Petroleum Corporation

14555 Dallas Parkway, Suite 400
Dallas, TX 75254
Phone 713-599-4188

- EPA will agree not to seek cash out settlements on Operable Unit 2 and Operable Unit 4 with the following parties: Public Service Electric & Gas Company, Nokia Corporation, Pharmacia/Monsanto, Givaudan Fragrances Corporation, the Sherwin-Williams Company, and Ashland LLC for its Drew Chemical facility.

If EPA accepts this proposal, OxyChem is prepared to discuss with EPA options for participation by other performing parties in implementing the 2021 ROD, including those listed immediately above.

Agreeing to these terms with OxyChem affords EPA several important and near-term benefits:

- OxyChem has a demonstrated history of delivering timely, efficient, and compliant performance of tasks it agrees to perform in the river;

- OxyChem would design the interim remedy in the 2021 ROD, thereby ensuring that the remedy is consistent with and complements the remedy OxyChem is presently designing in Operable Unit 2;

- Implementation of the interim remedy in the 2021 ROD is an important contemporaneous step to prevent any hazardous substances upriver from impairing the efficacy of the remedy downriver in OU2; and,

- Working with OxyChem on this sequence of work will accelerate rather than impede the timely conclusion of the remedial action in both operable units, as well as potentially shortening the implementation timetable than otherwise required in Operable Unit 4.

EPA's agreement not to settle with the parties identified above—and not to provide cash out settlements to any party pertaining to the 2021 ROD—is also consistent with EPA's prior statements and the limits of its record evidence for several reasons.

Declining to grant cash-out settlements to Givaudan, Sherwin-Williams, and Ashland's Drew Chemical facility in Operable Units 2 and 4 vindicates EPA's prior statements that "the private PRPs responsible for the release of dioxins, furans, and/or PCBs will *perform* the OU2 remedial action has not changed." *See e.g.*, Letter from Eric J. Wilson, EPA Region 2 September 18, 2017 (Emphasis added). The same is true for the other work parties, Public Service Electric & Gas, Pharmacia/Monsanto, and Nokia.

Requiring these parties to perform work is also supported by the abundant record evidence OxyChem has developed in the CERCLA case. This evidence would support assessing significant responsibility to each of Givaudan, Sherwin-Williams, and Ashland for the presence of dioxin and PCBs in the lower 8.3 miles of the Passaic River. Based on





**Occidental Chemical Corporation** *OxyChem*
A Subsidiary of Occidental Petroleum Corporation

14555 Dallas Parkway, Suite 400
Dallas, TX 75254
Phone 713-599-4188

when these parties produced this evidence in the litigation, it does not appear it was presented to Mr. Batson for his consideration. It also is not in the public's interest to reward these parties with cash out settlements. Readily available evidence refutes the certifications OxyChem understands each of these parties would have to provide to the United States in connection with any settlement based on the allocation process.

As to Operable Unit 4, there is neither any reason nor any basis on which EPA could or should provide cash-out settlements with any other party in Operable Unit 4 if OxyChem agrees to design and implement the 2021 ROD. Neither the private PRPs nor EPA has convened any allocation process pertaining to the upper 9 Miles of the River or the 2021 ROD. To the contrary, the allocation process EPA initiated with Mr. David Batson was limited solely to Operable Unit 2. OxyChem and other parties have previously noted their objections to that process, but there can be no dispute that the process was convened expressly and only to allocate shares of responsibility to some, but not all, parties in Operable Unit 2. It affords EPA no basis on which EPA could purport to settle liabilities upriver, in Operable Unit 4.

Finally, the request that EPA confirm it will not take action to impair or bar OxyChem's contribution claims is no more than what CERCLA Section 308 and the United States Constitution require. CERCLA's policies are vindicated when, as OxyChem seeks here, EPA preserves OxyChem's statutory right to seek contribution from other parties to recover the response costs OxyChem has borne (and those it will bear) in both Operable Units. In neither case does EPA have statutory authority to bar OxyChem's contribution claims for costs that OxyChem alone has borne or committed to bear at the Diamond Alkali Superfund Site.

In extending this offer, OxyChem emphasizes that it has consistently cooperated and collaborated with EPA to ensure efficient and rapid progress in addressing the remediation of the Diamond Alkali Superfund Site. OxyChem desires to continue that cooperative relationship. Achieving an acceptable agreement with EPA to move forward to design and implement the 2021 ROD on the terms outlined above would be another enormous step forward at the Site.

We look forward to discussing this with EPA at your earliest convenience. OxyChem reserves all rights it has at law, in equity, and under the United States Constitution.

Very truly yours,

*Charles F. Weiss*

Charles F. Weiss
Senior Vice President
charles_weiss@oxy.com


Responsible Care
A Public Commitment



**Occidental Chemical Corporation** *OxyChem*
A Subsidiary of Occidental Petroleum Corporation

14555 Dallas Parkway, Suite 400
Dallas, TX 75254
Phone 713-599-4188

Cc:  Mr. Walter Mugdan, Deputy Regional Administrator, EPA Region 2
Mugdan.Walter@epa.gov
Mr. Paul Simon, Acting Regional Counsel, EPA Region 2
simon.paul@epa.gov
Ms. Sarah Flanagan, Chief of NJ Superfund Branch, EPA Region 2
Flanagan.Sarah@epa.gov
Mr. Juan Fajardo, Assistant Regional Counsel, EPA Region 2
Fajardo.juan@epa.gov
Ms. Frances Zizila, Assistant Regional Counsel, EPA Region 2
Zizila.Frances@epa.gov
Mr. Michael Sivak, Chief of Mega Projects, EPA Region 2
Sivak.Michael@epa.gov
Ms. Diane Salkie, Remedial Project Manager, EPA Region 2
salkie.diane@epa.gov
Mr. Brian Donohue, U.S. Department of Justice
Brian.Donohue@usdoj.gov
Ms. Laura Rowley, U.S. Department of Justice
Laura.Rowley@usdoj.gov


Responsible Care
A Public Commitment