UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>ALDEN LEEDS, INC., *et al.*,<br><br>Defendants. | Hon. Madeline Cox Arleo<br>Hon. Magistrate Leda D. Wettre<br><br>Civil Action No. 2:22-cv-07326<br><br>~~PROPOSED~~ ORDER ON STIPULATION REGARDING INTERVENTION OF PASSAIC VALLEY SEWERAGE COMMISSIONERS |

The United States, the Small Parties Group Settling Defendants ("SPG Settling Defendants"),[1] and the Passaic Valley Sewerage Commissioners ("PVSC") stipulate and agree as follows:

WHEREAS, PVSC is a public entity that has conducted operations since 1924 to alleviate pollution in the Passaic River and its tributaries by treating wastewater from over 1.5 million sources (industrial and residential) in the 48 municipalities of Bergen, Essex, Hudson, Union and Passaic Counties within the Passaic Valley Service District.

WHEREAS, PVSC is a third-party defendant and counter-claimant in *Occidental Chemical Corporation v. 21st Century Fox America, Inc. et al.*, No. 2:18-cv-11273 (D.N.J.), involving allegations of CERCLA liability for Operable Units 2 and 4 of the Diamond Alkali Superfund Site—the same site at issue in this matter.

---

[1] A list of the SPG Settling Defendants is available at ECF No. 5-1.

WHEREAS, PVSC believes it is entitled to intervene in this matter under Fed. R. Civ. P. 24(a) and 42 U.S.C. § 9613(i), and also that it should be allowed to intervene permissively under Fed. R. Civ. P. 24(b)(1)(B).

WHEREAS, the United States and SPG Settling Defendants have previously stipulated to Pharmacia LLC and Nokia of America Corporation intervening in this matter. See ECF 124, 124-1.

THEREFORE PVSC, the United States, and the SPG Settling Defendants stipulate and agree as follows,

1. PVSC may intervene in this matter for the purposes of filing responses (including supporting materials) to any motion to enter the proposed Consent Decree, ECF No. 2-1, and the right to appeal a decision by this Court entering the proposed Consent Decree, and will not seek leave to take discovery or ask the Court to hold an evidentiary hearing;

2. Notwithstanding the limitations of Paragraph 1, if the Court authorizes any person other than PVSC to intervene with a scope that is broader than that set forth in Paragraph 1, PVSC may petition the Court to expand the scope of its intervention to the same extent, except that PVSC will not seek to propound discovery on the United States or the Settling Defendants unless they propound discovery on PVSC. The United States and SPG Settling Defendants shall not object to such a petition on the grounds of timeliness, but reserve all other rights to object.

Dated: _April 17-23_         APPROVED AND SO ORDERED

_____
THE HONORABLE MADELINE COX ARLEO,
U.S.D.J.

2