

**U.S. Department of Justice**

Environment and Natural Resources Division

---

90-11-3-07683/17

*Environmental Enforcement Section*  *Telephone (202) 532-5896*
*P.O. Box 7611*  *laura.rowley@usdoj.gov*
*Washington, DC  20044*

May 5, 2023

**By ECF**
The Hon. Leda Dunn Wettre
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

    Re: *United States of America, Plaintiff v. Alden Leeds, Inc., et al., Defendants, Passaic Valley Sewerage Commissioners, et al., Intervenors*. No. 22-cv-7326-MCA-LDW

Dear Magistrate Judge Wettre:

    This letter is submitted jointly by the United States, the Settling Defendants, and the Intervenors (collectively, the "Parties") in the above-captioned case in response to this Court's Order of April 21, 2023. ECF No. 206.  In its Order, the Court directed the Parties to (1) clarify whether formal complaints in intervention need to be filed and (2) propose next steps in the litigation and a schedule for such proceedings.

    **I.**    **Stipulation Regarding Complaints in Intervention**

    The Parties agree formal complaints in intervention need not be filed in this matter.  All Intervenors agree that they will not formally file complaints and the United States and the Settling Defendants need not answer any proposed complaint in intervention.

## II. <u>Next Steps in the Litigation</u>

As the Court noted in its April 21 Order, the public comment period on the proposed Consent Decree has ended. The United States received multiple public comments, including the comments submitted by Intervenor-Occidental Chemical Corporation ("OCC" or "OxyChem"). OCC's comments total 777 pages, not including exhibits.

Paragraph 42 of the proposed Consent Decree states that "The United States may withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is unfair, unreasonable, or inconsistent with the purposes of CERCLA." ECF No. 2-1, ¶ 42. The United States is carefully considering all public comments. Given their breadth and depth, a proper review and evaluation will take time. After a full review of the public comments, the United States will decide whether to request that this Court enter the proposed Consent Decree.

## III. <u>Joint Submission Regarding Proposed Schedule by all Parties</u>

There are at least three possible positions that the United States may take, after it completes its review of the public comments:

1) First, the United States may conclude that the public comments do not disclose facts or considerations that indicate the proposed Consent Decree is unfair, unreasonable, or inconsistent with CERCLA; in this case the United States would seek entry of the proposed Consent Decree by motion with the Court, including in its motion papers a copy of the public comments with responses;

2) Second, the United States may conclude and inform the Court that the public comments disclose facts or considerations that indicate the proposed Consent Decree must be modified;[1] or

3) Third, the United States may conclude and inform the Court that the public comments disclose facts or considerations that indicate

---

[1] Defendants and Intervenors reserve all rights in the event that the United States proposes or moves to modify the proposed Consent Decree.

>the proposed Consent Decree is unfair, unreasonable, or inconsistent with CERCLA, and that it withdraws its support.

Because each scenario set forth above would call for a different schedule with different events, the Parties agree that it would be difficult to create a proposed schedule for full resolution of the case at this time. Instead, the Parties respectfully propose to file joint status update letters on the docket every 60 days, commencing on June 30, 2023, in which the United States would report its progress. Should the Court have any questions or concerns regarding these status updates, conferences can be scheduled. Once the United States has decided upon a path forward, the Parties would then jointly propose a schedule.

A proposed Order setting forth the agreed upon points in Section I and Section III is enclosed for the Court's consideration. *See* Exhibit A. Because OxyChem requests an additional requirement, *see* Sections IV – V(A)-(E)(1), it proposes an alternative proposed Order. *See* Exhibit B.

### IV. Proposed Addition to Schedule and Arguments by Intervenor Occidental Chemical Corporation

*OxyChem states the following in this Section*:

OxyChem agrees with the Schedule proposed in Section III above, but proposes one addition: requiring the United States to promptly file with the Court a full set of the public comments received by the Justice Department with redactions of personal privacy information in accordance with DOJ policy.

Section 122(d)(2)(B) of CERCLA ("Opportunity for Comment") provides that the "Attorney General shall provide an opportunity to persons who are not named as parties to the action to comment on the proposed judgment before its entry by the court as a final judgment. **The Attorney General shall consider, and file with the court, any written comments, views, or allegations relating to the proposed judgment.**" 42 U.S.C. 9622((d)(2)(B) (emphasis added).

The comment period for this proposed settlement closed on March 22, 2023, over six weeks ago. 88 Fed. Reg. 2133-34 (Jan. 12, 2023). The United States takes the position that it can withhold the comments

from availability on the Court's public docket unless and until it files a motion for approval of the proposed settlement or a motion to withdraw or withhold its consent, even though there is no statutory or other limit on the length of time the United States can wait before taking action on the proposed settlement.  *See, e.g., U.S. v. SEPTA*, 235 F.3d 817, 821 (3d. Cir. 2000)(one year from lodging of consent decree to motion for entry) *and* cases cited by the United States *infra* (7-9 months from lodging to motion for entry).

The United States has the ability to post public comments on the Department of Justice and EPA websites, as it has other parts of the record in this matter but has chosen to not do so.  The public's only alternative to obtain the comments is the Freedom of Information Act process, which is inefficient and not well-known to many members of the public.[2]

This means the United States can effectively withhold the public comments *from the public* (including those that submitted their own comments) until DOJ is ready to act, which likely will be at least many months after the comment period ended.  This is contrary to the purpose of Section 122(d)(2)(B) of CERCLA: transparency and public access regarding a matter of significant public importance.

OxyChem notes the objections below by Settling Defendants and Intervenor PVSC to its request that the Justice Department be ordered to file the public comments now. The effort of these parties to prevent the public from knowing what the public thinks about a woefully inadequate and unfair settlement speaks for itself. The United States' failure to file the comments of record promptly is also inconsistent with the transparency mandated by CERCLA.  Equally inappropriate is the request of some—in a scheduling letter—for an order striking OxyChem's own comments from the docket. The hubris of this demand is manifest: OxyChem's comments were filed of record in response to a question by the Court. Nothing further need be said other than that OxyChem's comments should not be stricken.

---

[2] The United States claims to be "fully transparent" because it has shared the comments with "everyone who has requested a copy", then notes that only *parties to this action* have requested copies of its attorneys.  The Justice Department nowhere invites the public to reach out to it or its attorneys to request the comments.

OxyChem's proposed Order is enclosed for the Court's consideration. *See* Exhibit B.

### V. Opposition to Proposed Addition to Schedule and Arguments

A. United States

*The United States states the following in this Section*:

The United States opposes OxyChem's proposed addition to the schedule described above in Section IV. The United States will file all timely-received public comments with the Court but sees no need to deviate from its normal practice and procedure. The United States' normal practice is to file the comments with a memorandum in support of a motion to enter and an accompanying summary with responses to the comments. In a case where the United States concludes the public comments have disclosed facts or considerations that indicate the proposed Consent Decree is unfair, unreasonable, or inconsistent with CERCLA, the United States would file the public comments along with a motion to withdraw the proposed Consent Decree. And, finally, if the United States ultimately modifies the proposed Consent Decree and then moves to enter, all public comments received, plus any from a second public comment period (if needed), will be filed with the Court.

The purpose of public comments is first to assist the United States in determining if a proposed settlement is fair, reasonable, and in the public interest, and then to assist the Court with the same. It is standard practice for the United States to file the public comments with a motion in support of a proposed Consent Decree, along with the United States' responses to those comments. The Court and the public can then view the entire set of documents and understand why the United States does or does not seek the Court's approval of the settlement. Recent examples of this procedure include: *United States and State of New Jersey v. Cornell Dubilier Electronics, Inc.*, 2:22-cv-3245 (D.N.J.) (consent decree lodged on May 31, 2022; motion to enter filed with public comments and responses on March 3, 2023); *United States and the State of New Jersey v. Ford Motor Co.*, et al., 2:19-cv-12157 (D.N.J.) (consent decree lodged on May 16, 2019; motion to enter filed with public comments and responses on December 17, 2019); and

*United States v. Global Partners LP, et al.*, 2:19-cv-122 (D. Me.) (consent decree lodged on March 25, 2019; motion to enter filed with public comments and responses on October 15, 2019).

OxyChem's proposed addition to the schedule is simply a solution in search of a problem. As far as public access to the comments is concerned, the United States has been fully transparent. It has shared the comments with everyone who has requested a copy. OxyChem, the Settling Defendants, and Intervenor PVSC have all informally requested and received (at no charge) copies of the public comments, shortly after the comment period closed. After receiving the comments, OxyChem served a FOIA request on DOJ to request another copy of the comments, and it will receive another copy in response to that request. The United States will continue to provide copies of the comments upon request but sees no compelling reasons to change its standard practice here.

For these reasons, the United States respectfully requests that the Court sign the proposed Order enclosed as Exhibit A.

   B. <u>Intervenor Pharmacia LLC</u>

*Pharmacia states the following in this Section*:

Pharmacia takes no position on the appropriate timing for the filing of the public comments and leaves this decision to the sound discretion of the Court.

   C. <u>Intervenor Nokia of America Corporation</u>

*Nokia states the following in this Section*:

Nokia takes no position on the appropriate timing for the filing of the public comments and leaves this decision to the sound discretion of the Court.

D. Intervenor PVSC

*PVSC states the following in this Section*:

 Intervenor Passaic Valley Sewerage Commissioners ("PVSC") agrees with the United States and the Group Settling Defendants that the Court should deny OxyChem's request for an order requiring the prompt filing of all Consent Decree comments. PVSC also joins the Group Settling Defendants in urging the Court to either strike from the Court record or to ignore the comments on the Consent Decree which OxyChem unilaterally submitted to the Court on April 21, 2023.

E. Settling Defendants

1. The Small Parties Group, Gordon Rees Group, and CSG Group Settling Defendants

*The Small Parties Group, Gordon Rees Group, and CSG Group Settling Defendants state the following in this Section:*

 The Small Parties Group, Gordon Rees Group, and CSG Group Settling Defendants ("Group Settling Defendants") agree with the United States that the Court should deny OxyChem's request for an order requiring the prompt filing of all Consent Decree comments. The Group Settling Defendants write separately to underscore the impropriety of OxyChem's unilateral submission of its own Consent Decree comments to the Court and to urge the Court to ignore that filing. *See* ECF Nos. 209, 209-1.

 As OxyChem well knows, the United States—not OxyChem—will file all Consent Decree comments with the Court at the appropriate time. *See* 42 U.S.C.A. § 9622(d)(2)(B) ("The Attorney General shall consider, and file with the court, any written comments, views, or allegations relating to the proposed judgment [for the Court's entry of the Consent Decree]."); ECF No. 209 at 1 n.1 (OxyChem's letter submitting its Consent Decree comments, quoting Section 9622(d)(2)(B)); ECF No. 84 at 15 (United States' response to OxyChem's motion to intervene, reiterating that "[i]f the United States continues to support the proposed Consent Decree after consideration of the

comments, it will file with the Court all comments, along with responses thereto, for the Court's review in considering whether to approve the proposed Consent Decree").

OxyChem's submission of its comments is merely an attempt to generate a premature audience for its challenges to the Consent Decree through an untimely evidentiary filing.  The Court has not requested or authorized evidentiary submissions of any kind, nor has it had any need to; until the United States seeks entry of the proposed Consent Decree, there is simply no pending request for relief before this Court to which OxyChem's comments even qualify as relevant.

Moreover, the Group Settling Defendants strongly disagree with the content of OxyChem's comments.  Although its comments are lengthy and detailed, OxyChem does not argue that the settlement amount is unfair or unreasonable.  Consistent with the standard for approval of a consent decree, the settlement was entered into after an arm's length negotiation that complied with all procedural requirements, it is based on a reasonable foundation, and it serves the express goals of CERCLA.  *See In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003).  More particularly, the premium paid by the Settling Defendants—*hundreds* of times larger than the Settling Defendants' collective responsibility as recommended by the underlying EPA-sponsored allocation—ensures that any potential imperfections in the allocation or settlement to which OxyChem refers in its comments are of no moment. *See United States v. Kramer*, 19 F. Supp. 2d 273, 288 (D.N.J. 1988) (discussing allocations as inherently imperfect and approving a consent decree based on the settling parties' payment of a "disproportionate share of their liability" (quotation marks omitted)).

OxyChem would have the Court review its comments without the benefit of a fulsome record of all arguments, before the United States has reviewed and responded, and before OxyChem's comments are even relevant.  The Court should ignore this attempt by OxyChem to garner unfair advantage through early and improper advocacy.

2. Unaffiliated Settling Defendants

Within the category of settling defendants are different groups of defendants represented by liaison counsel. The largest of these is the Small Parties Group Settling Defendants. There are also informal groups of settling defendants that are largely represented by individual counsel, including certain 2018 Settlement Agreement Parties, which are not part of the Small Parties Group Settling Defendants or other groups of defendants represented by liaison counsel. This may be a consideration when preparing and reviewing consensus filings like stipulations.

The Parties thank the Court for its time and attention to this matter.

                Respectfully submitted,

                TODD KIM
                Assistant Attorney General
                Environment & Natural Resources Division

By:  *s/ Laura J. Rowley*
      Laura J. Rowley
      Senior Trial Attorney
      Andrew W. Keir
      Trial Attorney
      U.S. Department of Justice
      Environment & Natural Resources Division
      Environmental Enforcement Section

      VIKAS KHANNA
      First Assistant United States Attorney
      District of New Jersey

Alex Silagi
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001


/s/ *John F. Gullace*
**MANKO, GOLD, KATCHER & FOX, LLP**
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA 19004
Tel: 484.430.5700
John F. Gullace, Esq.
*Counsel for Intervenor Pharmacia LLC*


/s/ Michael D. Lichtenstein
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, NJ 07068
Tel: 973.597.2408
Michael D. Lichtenstein, Esq.
*Counsel for Intervenor Nokia of America Corp.*


s/ *Grant P. Gilezan*
**DYKEMA GOSSETT, PLLC**
400 Renaissance Center
Detroit, MI 48243
Tel: 313.568.6789
ggilezan@dykema.com
Grant P. Gilezan, Esq.
*Counsel for Intervenor Passaic Valley Sewerage Commissioners*

*s/ Jeffrey D. Talbert*
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center, PO Box 9546
Portland, ME 04112
Tel: 207.791.3239
jtalbert@preti.com
Jeffrey D. Talbert, Esq.
*Liaison Counsel for the Small Parties Group Settling Defendants*


*s/ Lee Henig-Elona*
**GORDON REES SCULLY MANSHUKHANI, LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: 973.549.2520
lhenig-elona@grsm.com
Lee Henig-Elona, Esq.
*Liaison Counsel for Gordon Rees Group Settling Defendants*


*s/ Diana L. Buongiorno*
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Tel: 973.530.2075
dbuongiorno@csglaw.com
Diana L. Buongiorno, Esq.
*Liaison Counsel for CSG Group Settling Defendants*

*s/ Kathy D. Patrick*
**GIBBS & BRUNS LLP**
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: 713.650.8805
kpatrick@gibbsbruns.com
Kathy D. Patrick, Esq.

**LANGSAM STEVENS SILVER & HOLLAENDER LLP**
65 South Main Street, Suite B102
Pennington, NJ 08534
Tel: 856.727.0315
*Counsel for Occidental Chemical Corp*


*s/ Seth Kerschner*
Seth Kerschner
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel: 212.819.8630
seth.kerschner@whitecase.com
*Counsel for Pfizer Inc. and Wyeth LLC*


Enclosures
cc:   Counsel of Record (By ECF)