

**Dykema Gossett PLLC**

400 Renaissance Center
Detroit, MI 48243

WWW.DYKEMA.COM

Tel: (313) 568-6800
Fax: (313) 568-6893

**Grant P. Gilezan**
Direct Dial: (313) 568-6789
Direct Fax: (855) 255-4351
Email: GGilezan@dykema.com

May 19, 2023                                                                 Via Email

**VIA CM/ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      RE:   *Occidental Chemical Corp. v. Givaudan Fragrances Corp., et al.*
             **Docket No. 2:23-cv-01699-MCA-LDW ("Givaudan")**

            *United States v. Alden Leeds, Inc., et al.*
             **Docket No. 2:22-cv-07326-MCA-LDW ("Alden Leeds")**

            *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
             **Docket No. 2:18-cv-11273-MCA-LDW ("21st Century Fox")**

Dear Magistrate Judge Wettre:

      Passaic Valley Sewerage Commissioners ("PVSC"), as well as the PVSC Group and the King Group of public entity parties in *21st Century Fox* (collectively "Public Entities"), submit this response to OxyChem's May 17, 2023 letter, which was filed in all three of the above-captioned cases.

      The Public Entities join in the positions presented in the May 18, 2023 letter of the Small Parties Group ("SPG") in order to avoid enormous inefficiencies to this Court and all of the parties.

      As background, OxyChem amended its Complaint in *21st Century Fox*, and parties in the SPG filed a third-party complaint, to assert claims directly against all of the Public Entities which, in turn, filed counterclaims. OxyChem has also named PVSC as a Defendant in Givaudan, and the other Public Entities anticipate being included by subsequent action in that case. PVSC is an intervening party in *Alden Leeds*, but none of the Public Entities are participants in the proposed consent decree being adjudicated in that case ("Consent Decree"). However, all Public Entities are in active negotiations with the United States concerning the same scope of settlement as in the Consent Decree - CERCLA remediation liability for Operable Units 2 and 4 of the Diamond Alkali Superfund Site.

Hon. Leda Dunn Wettre, U.S.M.J.
May 19, 2023
Page 2

The Court did not stay/close *21ˢᵗ Century Fox* only for the parties participating in the proposed Consent Decree ("Settling Parties"). As to non-Settling Parties (which include all of the Public Entities), the Court's reasoning applies equally to *Givaudan* as it did when it closed *21ˢᵗ Century Fox* as to all parties in that case. Allowing *Givaudan* to proceed (which includes Settling Parties and non-Settling Parties) would result in piecemeal/duplicative discovery and an overall case management disaster, if the Settling Parties do not ultimately obtain contribution protection against all claims. Moreover, the Court cannot conduct an equitable allocation of liability for only a subset of parties without knowing whether the Settling Parties are in or out of the case.

OxyChem has made clear in exhausting detail from its extensive public comments that it opposes the Consent Decree and is relying on the same arguments it has been making in *21ˢᵗ Century Fox* and would be making in *Givaudan.* The critical question across *Alden Leeds* and all the litigation is to what extent OxyChem - the primarily responsible party - is responsible for CERCLA remediation costs. This will be implicit in any decision the Court makes on the Consent Decree, and would expressly be considered in *Givaudan*. Simultaneously litigating the same underlying issues in *Givaudan* and *Alden Leeds* is not just inefficient and duplicative, but could lead to inconsistent results and afford OxyChem the improper opportunity to pursue multiple bites at the same apple.

OxyChem said at the May 10, 2023 Court teleconference that it should not have to wait on the uncertain and potentially slow moving *Alden Leeds* timeline before pursuing other remedies. Yet OxyChem submitted a public comment that was almost 800 pages, and included 12 declarations on technical issues (essentially expert reports). It has also signaled that it will want evidentiary hearings and additional discovery in *Alden Leeds* and has opposed any limits to conduct those activities in its intervention efforts. OxyChem should not be allowed to have it both ways. If it is content to delay *Alden Leeds* to serve its own interests, then it should not be given the opportunity to drive up costs for other parties through parallel litigation that could be significantly impacted by the outcome of *Alden Leeds*.

These costs are particularly impactful and disproportionate to the Public Entities. They stand distinctively different from the many other parties involved in the litigation. Most critically, they are not major corporations, but are funded by limited public resources. Plus, unlike OxyChem and many corporate parties, the Public Entities have not been targeted by the United States through administrative orders or other claims to reimburse costs or undertake remedial work. Rather, the United States is addressing settlement with the Public Entities in the limited context of supplying in-kind services. Having Givaudan move forward would divert limited public resources from these settlement efforts and result in further wasteful use of taxpayer money to defend against premature and potentially unnecessary litigation.

Hon. Leda Dunn Wettre, U.S.M.J.
May 19, 2023
Page 3

The Public Entities look forward to discussing this with the Court at the teleconference this morning.

Respectfully submitted,

*s/ Grant P. Gilezan*
**DYKEMA GOSSETT, PLLC**
400 Renaissance Center
Detroit, MI  48243
Tel: 313.568.6789
ggilezan@dykema.com

*Counsel for Passaic Valley Sewerage Commissioners and Liaison Counsel for the PVSC Group*

*s/ Peter J. King*
**KING MOENCH & COLLINS LLP**
51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
Tel: 973.998.6860
pking@kingmoench.com

*Liaison Counsel for the King Group*

cc:  All counsel of record

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C. | Wisconsin

118755.000001 4853-6421-7957.1