

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

___

| | | |
|---|---|---|
| VIKAS KHANNA<br>FIRST ASSISTANT UNITED STATES ATTORNEY<br><br>*Alex Silagi*<br>*Assistant United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark, NJ 07102*<br>alex.silagi@usdoj.gov | *main: (973) 645-2700*<br>*direct: (973) 353-6001* |

September 14, 2023

**BY ECF**
The Honorable Leda D. Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
MLK, Jr., Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: *United States of America v. Alden Leeds, Inc., et al.,*
      No. 22-cv-7326 (MCA) (LDW)

Dear Judge Wettre:

  The United States respectfully writes to oppose Intervenor Occidental Chemical Corporation's ("OxyChem" or "OCC") letter requesting leave to file a purported "motion in limine." ECF No. 250.

  By way of background, on September 1, 2023, the United States requested a 60-day extension of the September 22, 2023, deadline to notify the Court whether it will move to enter the proposed Consent Decree and, if it does, file a proposed schedule for next steps. ECF No. 249.[1] The United States sought the request due to, among other reasons, the efforts required to respond to OCC's unusually large number of public comments (almost 25,000 pages of comments, exhibits, and declarations) and twenty-three[2] recently served FOIA requests. The additional sixty days are necessary for DOJ and EPA to fully evaluate all comments and make a final decision about whether the Government will move to enter the Consent Decree or take some other action such as modifying or withdrawing the Consent Decree. OCC did not oppose the requested extension, noting only that it disagreed that the two-dozen FOIA requests caused any delay. *See* ECF No. 249 at 2 n.4.

  Nonetheless, OCC then filed a letter seeking leave to use those additional sixty days to file what it styles a "motion in limine" to brief several unripe and potentially

---

[1] The request for an extension of time remains pending.
[2] Since filing its letter requesting an extension, the United States has received four more FOIA requests related to the proposed Consent Decree, bringing the total to 27.

irrelevant issues. ECF No. 250. In essence, OCC seeks a lengthy briefing campaign to address its grievances with the cost allocation that was performed by a contractor called AlterEcho. OCC previews over twelve issues and sub-issues that it intends to raise in support of its motion.

The Court should deny OCC's improper request outright or, at a minimum, decline to rule on it at this stage of the proceeding. First, OCC's request is premature and the issues it seeks to raise are unripe. Because the United States has not yet determined whether it will move to enter the Consent Decree, there is a possibility it will withdraw or seek to modify the Consent Decree. If this happens, then the issues that OCC wishes to brief may be moot. Indeed, the Court has already admonished the parties that it will not address premature issues like this. *See* ECF No. 200 ("The Court will not pre-judge the merits of applications that have not yet been made."). For the same reason, the Court should reject OCC's request.

Second, OCC's request would defeat the purpose of the requested additional sixty days, should the Court grant the extra time. As the United States explained in its letter at ECF No. 249, it has made meaningful progress in its review of the public comments, but the sheer volume of work (primarily attributable to OCC's voluminous comments and FOIA requests) compelled the Government to request additional time to conclude its review, determine its next steps, and obtain management-level approval for those steps. The Government intends to apply substantial resources to completing this work on or before November 21. If the Court permits OCC to file its motion, the ensuing briefing process would draw resources away from the comment review effort and jeopardize the progress made to date. It would also unnecessarily burden the Court, which would have to review briefing from all parties and the other intervenors. The parties and the Court need not shoulder that burden at this time because the issues OCC plans to raise are not ripe for adjudication by the Court.

Third, many of the arguments OCC proposes to raise duplicate arguments it made extensively in its public comments. For example, OCC dedicates dozens of pages in its comments to argue the scope of CERCLA, the requirements of the ADR Act, and so on. Therefore, if the issues become ripe at all, it would be after the United States responds to OCC's public comments in a motion to enter the Consent Decree. If OCC is dissatisfied with the United States' responses to those comments, it may then have an opportunity to challenge the proposed settlement by raising these legal arguments in a brief opposing the motion to enter.[3]

---

[3] OCC's letter requesting leave is riddled with factual and legal errors. It cites inapplicable provisions of CERCLA and reflects a fundamental misunderstanding of the basis and authority for the United States' claim and proposed settlement. It also conflates the Allocation Recommendation Report with the proposed Consent Decree, incorrectly citing an EPA declaration to do so. The United States will address these factual and legal errors at the appropriate time.

OCC tries to upend this process by claiming it raises "threshold" questions that the Court should decide prior to a motion to enter. ECF No. 250 at 1. That is incorrect. The proper way to raise challenges to the Consent Decree is through the public comment and response process, and (for intervenors like OCC) by opposing a motion to enter, after such motion is filed. OCC's proposed motion in limine is unripe and improper; especially when there is no upcoming trial or hearing (nor should there be in this settlement-only action). It seems, then, that OCC has three aims with this request: to subject the parties and the Court to more make-work briefing, to disrupt or circumvent the Government's review the public comments, and to shortcut this case's orderly progress so that the Government addresses OCC's comments ahead of the general public's. Accordingly, the Court should deny OCC's request to file a "motion in limine" that would delay and unnecessarily complicate this case.

We thank the Court for its attention to this matter.

                    Respectfully submitted,

                    VIKAS KHANNA
                    First Assistant United States Attorney
                    District of New Jersey

By:    *s/ Alex Silagi*
        ALEX D. SILAGI
        Assistant United States Attorney

        Laura J. Rowley
        Senior Trial Attorney
        Andrew Keir
        Trial Attorney
        Environmental Enforcement Section
        Environment & Natural Resources Division

cc:    Counsel of Record (by ECF)