

**Dykema Gossett PLLC**
400 Renaissance Center
Detroit, MI 48243

WWW.DYKEMA.COM

Tel: (313) 568-6800
Fax: (313) 568-6893

**Grant P. Gilezan**
Direct Dial: (313) 568-6789
Direct Fax: (855) 255-4351
Email: GGilezan@dykema.com

September 19, 2023

The Hon. Leda Dunn Wettre
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

**Re:** *United States of America v. Alden Leeds, Inc., et al.*, **No. 22-cv-7326-MCA-LDW**

Dear Judge Wettre:

I am writing on behalf of intervenor Passaic Valley Sewerage Commissioners ("PVSC") in regards to the United States' September 1, 2023 letter to the Court (ECF No. 249). That letter seeks a 60-day extension of the September 22, 2023 deadline for the U.S. to notify the Court how it will proceed with the proposed Consent Decree and to propose a schedule for next steps.

If the September 22 deadline is extended, PVSC implores the Court to order corresponding adjustments to the stay ordered in the *Occidental Chemical Corporation v. 21st Century Fox et al.* action (Case No. 2:18-cv-11273) on June 12, 2023 (ECF No. 2317). In that June 12 Order, the Court ordered that the stay currently in-place shall continue until November 10, 2023, and that within 20 days of the United States' September 22 notification deadline, the parties shall (1) confer about whether stay of the matter continues to be warranted, and (2) submit a letter informing the Court of their respective positions on the stay. Hence, to avoid undermining the purpose of the Court's June 12 Order, any extension of the September 22 deadline should be accompanied by an equal extension of both the November 10, 2023 end date of the stay, as well as the date on which the 20-day clock starts for the parties to confer and submit their positions to the Court on whether a continued stay is warranted.[1]

---

[1] While the stay in *21st Century Fox* was in place, Occidental Chemical Corporation ("OxyChem") filed another lawsuit concerning the same law, the same operative facts, and a subset of the same parties. *See Occidental Chemical Corporation v. Givaudan et al.*, Case No. 2:23-cv-01699. PVSC and the other Defendants in *Givaudan* moved to stay the action concomitant with the stay in *21st Century Fox*. That motion is pending before the Court and has been fully briefed. To the extent that motion is granted, an extension of stay-related dates in *21st Century Fox* should apply to the *Givaudan* stay as well.

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C. | Wisconsin

20952813.1
20959456.1

**Dykema**

The Hon. Leda Dunn Wettre
September 19, 2023
Page 2

An equal extension of the stay in *21st Century Fox* would be particularly appropriate because the United States' need for an extension in *Alden Leeds* was caused by OxyChem — the Plaintiff in *21st Century Fox*. As explained in the United States' September 1 letter, OxyChem has strained the United States' resources by filing tens of thousands of pages with its public comments, submitting numerous FOIA requests, and including confidential information in its public comments, which has complicated the United States' efforts to respond. Since then, OxyChem has further diverted the government's attention by seeking leave to file an unripe motion in limine. *See* Sept. 14, 2023 Letter from Alex Silagi (ECF No. 251). The Court should not permit OxyChem's make-work to undermine the purpose of the stay.

An extension of the United States' September 22 deadline in *Alden Leeds* without corresponding adjustments to the stay ordered in *21st Century Fox* (and *Givaudan*, if it is stayed concomitantly with *21st Century Fox*) poses heightened risks to PVSC and its constituent municipal members. Specifically, PVSC (along with other municipal defendants in *21st Century Fox*) are taxpayer-funded public entities who have already incurred significant litigation costs—costs that would only surge further each day OxyChem is permitted to pursue its scorched earth litigation tactics in *21st Century Fox* and *Givaudan*. PVSC and its municipal members are currently negotiating their own consent decree with U.S. EPA and U.S. DOJ that would protect them from litigation. But those negotiations will require time, especially with the United States' focus on *Alden Leeds*. By accompanying any extension of the United States' September 22 deadline in *Alden Leeds* with corresponding stays in *21st Century Fox* and *Givaudan*, the Court would minimize the risk of unnecessary and wasteful litigation costs being further imposed on local public entities with limited resources prior to the anticipated entry of a consent decree that protects them from such litigation.

Respectfully,

DYKEMA GOSSETT PLLC

Grant P. Gilezan

118755.000001  4892-6845-0943.1