# Exhibit A

# Keir, Andrew W. (ENRD)

| | |
|---|---|
| **From:** | Kathy Patrick <kpatrick@gibbsbruns.com> |
| **Sent:** | Tuesday, November 21, 2023 10:23 AM |
| **To:** | Keir, Andrew W. (ENRD); Michael Lichtenstein - Lowenstein Sandler LLP (mlichtenstein@lowenstein.com); John F. Gullace; Mesevage, Thomas E. |
| **Cc:** | Talbert, Jeffrey D.; Lee Henig-Elona; Diana L. Buongiorno; Rowley, Laura (ENRD); Grant P. Gilezan; Kathy Patrick |
| **Subject:** | [EXTERNAL] RE: Diamond Alkali/Alden - proposed schedule |
| **Attachments:** | Alden 2023-11 draft US letter to Court_External - OxyChem Comments 4876-7268-7761.docx |

Counsel:

Attached are OxyChem's comments on the proposed schedule. Please include these in your submission on the proposed schedule.

If you have received comments from other parties, kindly forward them to us. We are available to discuss this morning, if you have questions.

Best regards,

KP

---

**From:** Keir, Andrew W. (ENRD) <Andrew.W.Keir@usdoj.gov>
**Sent:** Monday, November 20, 2023 2:57 PM
**To:** Kathy Patrick <kpatrick@gibbsbruns.com>; Michael Lichtenstein - Lowenstein Sandler LLP (mlichtenstein@lowenstein.com) <mlichtenstein@lowenstein.com>; John F. Gullace <jgullace@mankogold.com>; Mesevage, Thomas E. <TMesevage@lowenstein.com>
**Cc:** Talbert, Jeffrey D. <JTalbert@preti.com>; Lee Henig-Elona <lhenig-elona@grsm.com>; Diana L. Buongiorno <dbuongiorno@csglaw.com>; Rowley, Laura (ENRD) <Laura.Rowley@usdoj.gov>; Grant P. Gilezan <ggilezan@dykema.com>
**Subject:** RE: Diamond Alkali/Alden - proposed schedule

**External Sender**

Kathy, John, Michael, and Tom:

Please let us know by noon tomorrow if the proposed briefing schedule is acceptable. As you may recall, tomorrow is the deadline for the United States to notify the Court of its proposed briefing schedule.

Thank you,
Andrew

Andrew W. Keir
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Mobile phone: (202) 532-5107

1

Email: Andrew.W.Keir@usdoj.gov

---

**From:** Rowley, Laura (ENRD) <Laura.Rowley@usdoj.gov>
**Sent:** Thursday, November 16, 2023 6:28 PM
**To:** Kathy Patrick <kpatrick@gibbsbruns.com>; Michael Lichtenstein - Lowenstein Sandler LLP (mlichtenstein@lowenstein.com) <mlichtenstein@lowenstein.com>; John F. Gullace <jgullace@mankogold.com>; Grant P. Gilezan <ggilezan@dykema.com>
**Cc:** Keir, Andrew W. (ENRD) <Andrew.W.Keir@usdoj.gov>; Talbert, Jeffrey D. <JTalbert@preti.com>; Lee Henig-Elona <lhenig-elona@grsm.com>; Diana Buongiorno <dbuongiorno@csglaw.com>
**Subject:** Diamond Alkali/Alden - proposed schedule

Kathy, John, Michael, and Grant:

Attached for your review please find a draft letter informing the Court in the Alden Leeds case of our next step with respect to the Consent Decree, along with a proposed schedule. Please let Andrew Keir and me know if this schedule looks acceptable, and/or if you have proposed edits.

Thank you,
Laura

Laura J. Rowley
U.S. Department of Justice
Environmental Enforcement Section
(202) 532-5896



**U.S. Department of Justice**
Environment and Natural Resources Division

90-11-3-07683/17

*Environmental Enforcement Section*  *Telephone (202) 532-2228*
*P.O. Box 7611*  andrew.w.keir@usdoj.gov
*Washington, DC  20044*

November __, 2023

**By ECF**

The Hon. Leda Dunn Wettre
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

    Re: *United States of America, Plaintiff v. Alden Leeds, Inc., et al., Defendants, Passaic Valley Sewerage Commissioners, et al., Intervenors*. No. 22-cv-7326-MCA-LDW

Dear Magistrate Judge Wettre:

    The United States submits this letter in response to the Court's Order of October 16, 2023, in the above-captioned case. ECF No. 267. In its Order, the Court directed the United States to, no later than November 21, 2023: (1) notify the Court whether the United States will file a motion to enter the proposed Consent Decree and (2) file a proposed schedule for the next steps.

    **I.**    <u>**Whether the United States Will File a Motion to Enter**</u>

    The United States has evaluated the public comments submitted during the 90-day public comment period that closed on March 22, 2023, along with similar correspondence received through March 24, 2023.  In large part, the comments do not disclose facts or

considerations which indicate that the proposed Consent Decree is inappropriate, improper, or inadequate.

However, the United States concluded, based on the public comments, that aspects of the Consent Decree should be modified prior to entry.  Accordingly, the United States has informed the Settling Defendants that a small number of parties should be removed from the Consent Decree and a change should be made to the United States' reservation of rights.

The Settling Defendants have agreed to the modifications. Subject to execution and final approval by the Settling Defendants and authorized officials at DOJ and EPA, the United States intends to file a Motion to Enter the modified Consent Decree no later than January 31, 2024.  The United States' proposed briefing schedule is set forth below.

Because the modifications are responsive to comments received during the comment period that closed on March 22, 2023, the United States will not solicit additional public comments on the modified Consent Decree.

## II.   Proposed Schedule

As directed by the Court at the status conference held on October 16, 2023, the United States has conferred with the Settling Defendants and the Intervenors regarding the proposed briefing schedule for the Motion to Enter.  The Settling Defendants do not object to the United States' proposed schedule.  [Intervenor _____ objects to the United States' proposed schedule and will file with the Court its proposed alternate briefing schedule.]

*The United States' Proposed Briefing Schedule*

- **Deadline for the United States to file a modified Consent Decree and Motion to Enter the Modified Consent Decree, along with the Public Comments and the United States' Responses to Comments.**  On or before January 31, 2024. Memorandum in Support of Motion to Enter page limit: 50 pages.

- **Deadline to file Responses to the Motion to Enter.** 3̶6̶0 days after the Motion to Enter is filed. Page limit: 4̶0̶ 75 pages.

**Deadline of the United States and any party that filed a Response to file Briefs in Reply to any Responses to the Motion to Enter.** 30 days after the deadline to file Responses to the Motion to Enter. Page limit: 30 pages. No sur-reply brief may be filed without first obtaining leave of the Court.

- **Motions in Limine, Motions for Discovery and/or an Evidentiary Hearing, and Similar Procedural Motions.** No such motion may be filed without first obtaining leave from the Court. Requests for leave may be filed no sooner than seven days and no later than 14 days after the deadline to file Briefs in Reply to any Responses to the Motion to Enter.

- **Deadline to file Motions Regarding the Effect of the Proposed Settlement.** 30 days after the deadline to file Briefs in Reply to any Responses to the Motion to Enter or 30 days after any sur-replies to the Motion to Enter, whichever is later.

- **Deadline to file Responses to Motions Regarding the Effect of the Settlement.** 30 days after the Motion Regarding the Effect of the Settlement is filed.

**Deadline to file Briefs in Reply to any Responses to Motions Regarding the Effect of the Settlement.** 14 days after the deadline to file Responses to the Motion Regarding the Effect of the Settlement.

**OxyChem's Statement in Response to Proposed Briefing Schedule**

OxyChem believes neither the Court nor Intervenors can form an equitable briefing schedule without a disclosure by the United States that identifies all parties to the new settlement agreement, discloses which parties have now been excluded, and identifies the specific settlement terms the United States proposes to change. None of that information has been provided to OxyChem, or to the Court, as of the date of this letter.

- 3 -

Without waiving that objection, and assuming prompt disclosure of these facts by November 27, 2023 (rather than disclosure on January 31, 2024, as the United States proposes) OxyChem suggests the following changes to the proposed briefing schedule.

- **November 27, 2023.** United States shall inform the Court and all parties of the changes it has made to the proposed settlement and Consent Decree, by filing notice on the docket setting out:

    - The parties that have been removed from the settlement;

    - A redline reflecting all other proposed changes to the Consent Decree; and,

    - A date by which the revised agreement will be signed.

**Time to File Response Briefs and Page Limits.** The schedule proposed by the United States would afford the parties whose rights it seeks to extinguish less time and fewer pages to *protect* their rights than the United States has allowed itself to file a brief trying to cut off those rights. This is unfair.

Accordingly, OxyChem proposes that Intervenors be permitted to file their response briefs 60 days after any motion to enter is filed and that they be allowed 75 pages to respond, rather than the 40 pages the United States proposes.

OxyChem's proposed schedule is fair and reciprocal. The United States has had seven months since comments were filed in March of 2023 to prepare to seek approval of this settlement. In its proposed briefing schedule, the United States has unilaterally granted itself yet another, sixty-day extension to obtain a binding settlement agreement, one it now proposes to support with an opening brief on January 31, 2024. It is unreasonable for the United States to suggest that non-settling parties should respond in thirty days to this new settlement, when the United States insists it requires sixty days to file a brief in support.

Finally, OxyChem opposes the United States' suggestion that the briefing schedule in *Alden Leeds* should include briefs on the potential effect any approval of that settlement might have on claims pending in

other cases. Briefing and deciding such issues in a case where *no* contribution claims are pending would be an impermissible, advisory opinion.[1] When and if approval is granted, it is for the Court where parties' contribution claims are pending; namely, *21st Century Fox*, to determine the effect of the Consent Judgment's actual terms on pending contribution claims.[2]

The United States thanks the Court for its time and attention to this matter.

                                        Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General
                                        Environment & Natural Resources Division

                        By: _____
                              Andrew W. Keir, Trial Attorney

---

[1] The prohibition on issuing advisory opinions is fundamental. "Early in its history, this Court held that it has no power to issue advisory opinions, and it has frequently repeated that federal courts are without power to decide questions that cannot affect the rights of the litigants *in the case before them*." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971 (citations omitted, emphasis added). *See also Haaland v. Brackeen*, 599 U.S. 255, 293-94 (2023), (court must "be able to afford relief *through the exercise of its power*, not through the …effect of the opinion *explaining* the exercise of its power…" (emphasis original).

[2] *See e.g. United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984) (res judicata is an "affirmative defense" and requires a showing, in the action where the claims sought to be barred are pending, "that there has been (1) a final judgment on the merits in a prior suit (2) involving the same parties or their privies, and (3) a subsequent suit based on the same causes of action."); *see also Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 525 (1986) (res judicata effect of prior federal judgment is not determined by the federal court issuing the judgment but rather by the court where claims are pending).

Laura J. Rowley, Senior Trial Attorney
Scott Bauer, Senior Counsel
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section

VIKAS KHANNA
First Assistant United States Attorney
District of New Jersey

Alex Silagi
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-353-6001


cc: Counsel of Record (By ECF)