

Kathy D. Patrick
Partner
713.751.5253
kpatrick@gibbsbruns.com

November 21, 2023

*Via CM/ECF*
The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
 for the District of New Jersey
MLK Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07102

      Re:    *United States v. Alden Leeds, Inc., et al.*,
              Civil Action No. 2:22-cv-07326-MCA-LDW

Dear Magistrate Judge Wettre:

      OxyChem writes regarding the United States' letter today proposing a briefing schedule for its prospective motion for entry of a new, as-yet-unexecuted settlement agreement with a not-yet-revealed number of defendants. Dkt. 272.[1]

**OxyChem's Statement in Response to Proposed Briefing Schedule.**

      OxyChem believes neither the Court nor Intervenors can form an equitable briefing schedule without a full disclosure by the United States that identifies all parties to the new settlement agreement, names the parties that have now been excluded, and identifies the specific settlement terms the United States proposes to change.

      None of that information has been provided to OxyChem, or to the Court, as of the date of the United States' letter.

      Without waiving that objection, and assuming prompt disclosure of these facts by November 27, 2023 (rather than disclosure on January 31, 2024, as the United States proposes)

---

[1] OxyChem asked the United States to include OxyChem's comments "in your submission on the proposed schedule." The United States did so for all other parties, *see* Dkt. 272, but not for OxyChem. Instead, it attached OxyChem's comments as a separate exhibit. *See* Dkt. 272-1. So that the Court does not have to hunt for OxyChem's comments on the schedule and the reasons for them, we set them out below.

Langsam Stevens Silver & Hollaender · 1818 Market St · Philadelphia, PA 19103 · T 215.732.3255 · F 215.732.3260 · jmcdermott@lssh-law.com
Gibbs & Bruns LLP · 1100 Louisiana · Houston, Texas 77002 · T 713.650.8805 · F 713.750.0903 · www.gibbsbruns.com

Hon. Leda Dunn Wettre, U.S.M.J.
November 21, 2023
Page 2

OxyChem requests the Court make the following changes to the briefing schedule proposed by the United States.

**Required Timely Disclosure of Changes to Proposed Settlement.**

To ensure the parties are briefing the settlement that *is*, rather than the obsolete settlement that is no longer being pursued, the United States should make prompt disclosure of all changes being made to the settlement, as follows:

- **November 27, 2023.** United States shall inform the Court and all parties of the changes it has made to the proposed settlement and Consent Decree, by filing notice on the docket setting out:

  - The parties that have been removed from the settlement;

  - A redline reflecting all other proposed changes to the Consent Decree; and,

  - A date by which the revised agreement will be signed.

This November 27 deadline is also required in *Givaudan*.[2] The Court ordered OxyChem to file a brief on December 8 discussing the potential "impact of" the *Alden Leeds* settlement on its §107 cost recovery claims in *Givaudan*. *See Givaudan* Dkt. 135 at 1. OxyChem cannot file a useful brief discussing those possible impacts on December 8, 2023, if the terms of the new *Alden Leeds* settlement are not disclosed, as the United States proposes, until January 31, 2024.

The Supreme Court's holding that "The settlement bar does not by its terms protect against cost-recovery liability under §107(a)," *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331, 2339 (2007), cannot be altered by any proposed revision to the *Alden Leeds* settlement. But without knowing what settlement DOJ will move to enter on January 31, 2024, with whom, and on what terms, OxyChem cannot provide a meaningful brief explaining how the undisclosed new potential settlement in *Alden Leeds* might affect the Court's management of OxyChem's unbarred CERCLA §107 claims—even if the new *Alden Leeds* settlement is signed and approval (at some point) granted.

In sum, absent prompt disclosure of the new settlement's terms not later than November 27, 2023, the December 8 briefs OxyChem (and the non-settling Intervenors in *Alden Leeds*) must file in *Givaudan* can address only the possible effects of the now-abandoned settlement DOJ lodged with the Court nearly a year ago, on December 16, 2022. *See Alden Leeds* Dkt. 2.

**Time to File Response Briefs and Page Limits.**

The schedule proposed by the United States for briefing any motion to approve the settlement asserts that parties opposing the settlement should have 30 days to file responsive briefs that are 40 pages in length, while the United States allocates 71 days and 50 pages to itself for its

---

[2] Civil Action No. 2:23-cv-01699-MCA-LDW.

Hon. Leda Dunn Wettre, U.S.M.J.
November 21, 2023
Page 3

opening brief. *See* Dkt. 272 at 3. This schedule affords the parties whose rights the United States seeks to extinguish less time and fewer pages to *protect* their rights than the United States demands to file its own brief trying to cut off those rights. This is unfair.

OxyChem proposes, therefore, that Intervenors be permitted to file their response briefs 60 days after any motion to enter is filed and that they be allowed 75 pages to respond, rather than the 40 pages the United States proposes.

OxyChem's proposed schedule is reciprocal and fair. The United States has had seven months since comments were filed in March of 2023 to prepare to seek approval of this settlement. In its proposed briefing schedule, the United States has unilaterally granted itself yet another, sixty-day extension to obtain a binding settlement agreement, one it now proposes to support with an opening brief on January 31, 2024. It is unreasonable for the United States to suggest that non-settling parties should respond in thirty days to this new settlement, with new terms the United States has yet to even disclose, when the United States insists it requires sixty days to file a brief in support.

OxyChem respectfully requests that the Court grant parties opposing the settlement 60 days and 75 pages for their briefs in opposition to the motion to enter.

**Response to Settling Defendants' Request to Brief Advisory Opinion on Effect of *Alden Leeds* Settlement.**

Finally, OxyChem opposes the Settling Defendants' suggestion that the briefing schedule in *Alden Leeds* should include briefs on the potential effect any approval of that settlement might have on claims pending in other cases. *See* Dkt. 272 at 3 (United States reporting the Settling Defendants' Proposed Additions to the United States' Proposed Schedule).

No contribution claims are pending in *Alden Leeds*. To decide such issues in a case where *no* contribution claims are pending would be an impermissible, advisory opinion.[3]

---

[3] The prohibition on issuing advisory opinions is fundamental. "Early in its history, this Court held that it has no power to issue advisory opinions, and it has frequently repeated that federal courts are without power to decide questions that cannot affect the rights of the litigants *in the case before them*." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citations omitted, emphasis added); *see also Haaland v. Brackeen*, 599 U.S. 255, 293-94 (2023) (court must "be able to afford relief *through the exercise of its power*, not through the …effect of the opinion *explaining* the exercise of its power…" (emphasis original)).

      When and if approval is granted, it is for the Court where parties' contribution claims are pending; namely, *21st Century Fox*,[4] to determine the effect of the Consent Judgment's actual terms on pending contribution claims.[5]

                                         Respectfully submitted,

                                         Kathy D. Patrick

                                         /s/ *John J. McDermott*

                                         John J. McDermott

cc:    All counsel of record (via ECF)

---

[4] Civil Action No. 18-11273-MCA-LDW.

[5] *See, e.g.*, *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984) (res judicata is an "affirmative defense" and requires a showing, in the action where the claims sought to be barred are pending, "that there has been (1) a final judgment on the merits in a prior suit (2) involving the same parties or their privies, and (3) a subsequent suit based on the same causes of action."); *see also Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 525 (1986) (res judicata effect of prior federal judgment is not determined by the federal court issuing the judgment but rather by the court where claims are pending).