UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-07326 |
| | ) | |
| ALDEN LEEDS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT DECREE**

## TABLE OF CONTENTS

I. JURISDICTION AND VENUE .................................................................................. 7
II. PARTIES BOUND ..................................................................................................... 7
III. DEFINITIONS ............................................................................................................ 8
IV. OBJECTIVES ........................................................................................................... 11
V. PAYMENTS FOR RESPONSE COSTS ................................................................. 11
VI. FAILURE TO COMPLY WITH DECREE ............................................................. 11
VII. COVENANTS BY PLAINTIFF .............................................................................. 12
VIII. PRIOR ADMINISTRATIVE ORDERS .................................................................. 13
IX. COVENANTS BY SETTLING DEFENDANTS ..................................................... 14
X. DISCLOSURE OF FINAL ALLOCATION  RECOMMENDATION REPORT ... 15
XI. EFFECT OF SETTLEMENT; CONTRIBUTION ................................................... 15
XII. RECORDS AND INFORMATION .......................................................................... 16
XIII. OLD CONGOLEUM ................................................................................................ 18
XIV. NOTICES AND SUBMISSIONS ............................................................................ 19
XV. APPENDICES .......................................................................................................... 20
XVI. MODIFICATIONS TO DECREE ............................................................................ 20
XVII. SIGNATORIES ........................................................................................................ 20
XVIII. PRE-ENTRY PROVISIONS .................................................................................... 20
XIX. FINAL JUDGMENT ................................................................................................ 21

WHEREAS, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607, as amended ("CERCLA"), seeking reimbursement of response costs, and declaratory judgment for future response costs, in connection with the release or threatened release of hazardous substances at the 17-mile Lower Passaic River Study Area (the "LPRSA") of the Diamond Alkali Superfund Site in New Jersey ("the Site").

WHEREAS, this Consent Decree concerns Operable Unit Two ("OU2") and Operable Unit 4 ("OU4") of the Site, as further defined in Section III (Definitions) below.

WHEREAS, the Site also includes the former Diamond Alkali property located at 80 and 120 Lister Avenue in Newark, New Jersey, denominated as OU1 of the Site, as well as the Newark Bay Study Area, denominated as OU3.

WHEREAS, in response to the release or threatened release of hazardous substances at or from the Site, EPA and others have undertaken and continue to undertake response actions at the Site under CERCLA.

WHEREAS, the United States alleges in its complaint that the Diamond Alkali Company operated a manufacturing facility located at 80 Lister Avenue in Newark, New Jersey, which produced, among other products, the defoliant chemical known as "Agent Orange." A byproduct of the manufacturing processes was 2,3,7,8-TCDD (2,3,7,8-tetrachlorodibenzo-p-dioxin, or "dioxin"), which was released into the Passaic River.

WHEREAS, the United States alleges in its complaint that each Settling Defendant is liable under Section 107(a) of CERCLA for the release or threatened release of hazardous substances for which the United States incurred, and will incur, response costs in connection with the Site;

WHEREAS, EPA, under Section 105 of CERCLA, 42 U.S.C. § 9605, placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, on September 21, 1984.

WHEREAS, sampling and assessment of sediments in the LPRSA has revealed the presence of dioxin and other hazardous substances including, but not limited to, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), dichlorodiphenyl-trichloroethane ("DDT") (and its breakdown products), dieldrin, mercury, copper, and lead.

WHEREAS, on September 30, 1987, EPA issued a Record of Decision ("ROD") setting forth an interim remedy for OU1, that, pursuant to a Consent Decree entered in 1990 with the United States and the New Jersey Department of Environmental Protection, Occidental Chemical Corporation ("OCC") and Chemical Land Holdings, Inc. (subsequently known as Tierra Solutions, Inc.) agreed to implement. *United States, et al. v. Occidental Chemical Company, et al.*, Civil Action. No. 89-5064 (D.N.J.). The interim remedy selected in the OU1 ROD consisted of: demolishing a warehouse and other structures on the property; capping contaminated soils and material; installing subsurface slurry walls on three sides of the property and a sheet-pile

3

flood wall along the river; and constructing and operating a groundwater collection and treatment system. Construction of the interim remedy was completed in 2001.

WHEREAS, in 1994, OCC entered into an Administrative Order on Consent with EPA to investigate a six-mile stretch of the Lower Passaic River. The primary objectives of the investigation were to determine: (1) the spatial distribution and concentration of hazardous substances, both horizontally and vertically, in the sediments; (2) the primary human and ecological receptors of contaminated sediments; and (3) the transport of contaminated sediment. Tierra Solutions, Inc. ("Tierra") performed the work on OCC's behalf, under the oversight of EPA.

WHEREAS, sampling results from the investigation of the six-mile stretch and other environmental studies demonstrated that a more comprehensive evaluation of a larger area was necessary because sediments contaminated with hazardous substances are present throughout the six-mile stretch of the River. Further the tidal nature of the Lower Passaic River had resulted in greater dispersion of hazardous substances into and out of the six-mile stretch.

WHEREAS, in 2002, EPA commenced a remedial investigation and feasibility study ("RI/FS") of the 17-mile LPRSA, now denominated as OU4. In 2004, EPA and a group of potentially responsible parties ("PRPs") known as the Cooperating Parties Group ("CPG") entered into a Settlement Agreement under Section 122(h) of CERCLA in which members of the CPG agreed to provide funds for EPA's performance of the 17-mile LPRSA RI/FS. That Settlement Agreement was amended in 2005 and 2007, adding more parties.

WHEREAS, in May 2007, certain members of the CPG entered into an Administrative Settlement Agreement and Order on Consent ("2007 ASAOC") with EPA in which those parties agreed to take over the performance of the RI/FS for the 17-mile LPRSA under EPA oversight. The 2007 ASAOC was subsequently amended to add additional parties.

WHEREAS, the data showed that the majority of the contaminated sediments are found in the lower 8.3 miles of the LPRSA. For this reason, EPA performed a remedial investigation/focused feasibility study ("RI/FFS") of that area while the RI/FS for the 17-mile LPRSA was ongoing.

WHEREAS, based on the data, EPA determined that contaminated sediments in the lower 8.3 miles of the LPRSA are a major source of contamination to the rest of the LPRSA.

WHEREAS, in June 2012, EPA and certain members of the CPG entered into a settlement agreement to remove approximately two feet of sediment from the eastern bank of the Passaic River at River Mile 10.9 and cap that area ("River Mile 10.9 ASAOC"). In that same period, EPA issued a Unilateral Administrative Order for Removal Response Activities to OCC, which required OCC to perform certain activities at River Mile 10.9 and to cooperate with the signatories of the River Mile 10.9 ASAOC. EPA has determined that the work required by the River Mile 10.9 ASAOC has been completed, except for continuing obligations set forth below in Section VIII (Prior Administrative Orders).

WHEREAS, on March 3, 2016, EPA issued a ROD for OU2 ("OU2 ROD"), selecting a remedy for the lower 8.3 miles of the LPRSA, that includes: 1) construction of an engineered cap over the river bottom of the lower 8.3 miles of the LPRSA; 2) bank-to-bank dredging of the river (approximately 3.5 million cubic yards of sediments) so the cap can be placed without increasing the potential for flooding and to allow for the continued use of the federally-authorized navigation channel in the 1.7 miles of the river closest to Newark Bay; 3) reconstructing dredged mudflat areas and restoring mudflat habitat; 4) transport of dredged material to a sediment processing facility for dewatering followed by offsite disposal; 5) institutional controls to protect the cap and enhanced public outreach to increase awareness of New Jersey Department of Environmental Protection's prohibitions on fish and crab consumption; and 6) long term monitoring and maintenance. EPA identified many hazardous substances in OU2 sediments, but, as identified in the OU2 ROD, eight contaminants of concern pose the greatest potential risks to human health and the environment: dioxins/furans, PCBs, mercury, DDT, PAHs, dieldrin, copper, and lead. The estimated cost of the remedy for OU2 is $1.38 billion.

WHEREAS, on September 30, 2016, EPA and OCC entered into Administrative Settlement Agreement and Order on Consent for Remedial Design, CERCLA Docket No. 02-2016-2021 ("2016 RD ASAOC"), pursuant to which OCC is performing, under EPA oversight, the remedial design for the remedial action selected in the OU2 ROD.

WHEREAS, in 2018, EPA entered into an Administrative Settlement Agreement under Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1), CERCLA Docket No. 02-2017-2023 (the "2018 Settlement Agreement"), with 15 parties (the "2018 Settlement Agreement Parties"). Each of the 2018 Settlement Agreement Parties paid EPA $280,600, per facility, to resolve its alleged CERCLA liability for OU2 of the Site associated with releases or disposal of hazardous substances from each party's facility or facilities identified in the 2018 Settlement Agreement. The 2018 Settlement Agreement Parties are not definitively associated with release or disposal of any of the eight contaminants of concern identified in the OU2 ROD from the facilities identified in the 2018 Settlement Agreement.

WHEREAS, in 2021, EPA entered into another Administrative Settlement Agreement under Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1), CERCLA Docket No. 02-2020-2013 (the "2021 Settlement Agreement"), with an additional six parties (the "2021 Settlement Agreement Parties"). Each of the 2021 Settlement Agreement Parties paid EPA $280,600, per facility, to resolve its alleged CERCLA liability for OU2 of the Site associated with releases or disposal of hazardous substances from each party's facility or facilities identified in the 2021 Settlement Agreement. The 2021 Settlement Agreement Parties are not definitively associated with the release or disposal of any of the eight contaminants of concern identified in the OU2 ROD into the LPRSA from the facilities identified in the 2021 Settlement Agreement.

WHEREAS, on September 28, 2021, EPA issued a ROD for OU4 ("OU4 ROD"), selecting an interim remedy for the upper 9-miles of OU4. The interim remedy for OU4 consists of dredging and capping to control sediment sources of dioxin and PCBs by remediating surface sediments with elevated concentrations of those hazardous substances, and controlling subsurface sediments that might be exposed due to erosion. The estimated cost of the interim remedy is $441 million.

WHEREAS, the defendants settling their liability under this Consent Decree (hereinafter, "Settling Defendants," as further defined in Section III (Definitions) below) are listed in Appendix A of this Consent Decree.

WHEREAS, in 2017, EPA, through its prime contractor CSRA, Inc. (later, Eastern Research Group, Inc.), retained AlterEcho as a third-party neutral to perform an allocation that would assign non-binding shares of responsibility to the private parties identified by EPA as OU2 PRPs, and to determine relative groupings, or tiers, of responsibility. AlterEcho issued a Final Allocation Recommendation Report at the end of December 2020. The Final Allocation Recommendation Report recommends relative shares of responsibility for each allocation party's facility or facilities evaluated in the allocation.

WHEREAS, the United States, upon review of the Final Allocation Recommendation Report, identified parties that were eligible for a cashout settlement for identified facilities. In addition, the United States identified the 2018 Settlement Agreement Parties and 2021 Settlement Agreement Parties as eligible to participate in this Consent Decree to resolve their alleged liability for OU4 of the Site.

WHEREAS, OU4 was included in the cashout settlement offer because the LPRSA is tidal, the facilities evaluated in the allocation are located throughout the 17 miles of the LPRSA (not just along the lower 8.3 miles), and the interim remedy selected for OU4 will complement the remedy selected for OU2. That the LPRSA is tidal means that releases of COCs into the river from the facilities would have been transported and settled throughout the LPRSA. The contamination and risk in the upper 9 miles of the LPRSA have been investigated and characterized by the RI/FS undertaken under the 2007 ASAOC and, similar to OU2, the primary risk drivers are dioxins/furans and PCBs, with mercury, DDT (and its breakdown products), PAHs, dieldrin, copper, and lead also identified as COCs. The two remedies working together are meant to address the releases contributing to the human health and ecological risks to the LPRSA.

WHEREAS, the United States has concluded that the Settling Defendants, individually and collectively, are responsible for a minor share of the response costs incurred and to be incurred at or in connection with OU2 and OU4, except for the 2018 Settlement Agreement Parties and the 2021 Settlement Agreement Parties that have previously settled for OU2 response costs and, as a result, this Consent Decree addresses only their minor share of the response costs incurred and to be incurred at or in connection with OU4.

WHEREAS, the United States alleges in its Complaint that, in response to the release or threatened release of hazardous substances at or from the Site, EPA has performed response actions and has incurred response costs at the Site, and may perform additional response actions and may incur additional response costs in the future.

WHEREAS, the United States alleges in the Complaint that the Settling Defendants named therein are responsible parties under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred and to be incurred at or in connection with OU2 and/or OU4.

WHEREAS, the Settling Defendants entering into this Consent Decree do not admit any liability to Plaintiff with respect to OU2 or OU4 of the Site.

WHEREAS, the United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**NOW**, **THEREFORE**, it is hereby **ORDERED** and **DECREED**:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1131 and 1345, and Sections 107 and 113(b) of CERCLA, and personal jurisdiction over the Parties. Venue lies in this District under Section 113(b) of CERCLA and 28 U.S.C. §§ 1391(b) and 1395(a), because the Site is located in this judicial district. This Court retains jurisdiction over the subject matter of this action and over the Parties for the purpose of resolving disputes arising under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with this Consent Decree. Settling Defendants may not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## II.      PARTIES BOUND

2.      This Consent Decree is binding upon the United States and upon Settling Defendants and their successors. Unless the United States otherwise consents, any change in ownership or corporate or other legal status of any Settling Defendant, including any transfer of assets, does not alter any of the Settling Defendants' obligations under this Consent Decree. Settling Defendants' responsibilities under this Consent Decree cannot be assigned without the consent of the United States.

3.      Unless the United States otherwise consents, Settling Defendants shall continue to complete all requirements under this Consent Decree.

4.      In any action to enforce this Consent Decree, no Settling Defendant may raise as a defense the failure of any of its officers, directors, employees, agents, contractors, subcontractors, or any person representing such Settling Defendant to take any action necessary to comply with this Consent Decree. Each Settling Defendant shall provide notice of this Consent Decree to each person representing such Settling Defendant with respect to the Site and of that Settling Defendant's obligations under this Consent Decree.

# III.   DEFINITIONS

5.    Terms not otherwise defined in this Consent Decree shall have the meanings assigned in CERCLA or in regulations promulgated under CERCLA. Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

"CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" or "Decree" means this consent decree and all appendices attached hereto (listed in Section XV (Appendices)).

"Day" or "day" means a calendar day. In computing any period under this Consent Decree, the day of the event that triggers the period is not counted and, where the last day is not a working day, the period runs until the close of business of the next working day.

"Working day" means any day other than a Saturday, Sunday, or federal or State holiday.

"DOJ" means the United States Department of Justice.

"Effective Date" means the date upon which the Court's approval of this Consent Decree is recorded on its docket.

"EPA" means the United States Environmental Protection Agency.

"EPA Proof of Claim" means the "Proof of Claim And Protective Proof of Claim" filed on January 11, 2021 on behalf of EPA in the matter captioned *In re Congoleum Corporation*, United States Bankruptcy Court, District of New Jersey, Case No. 20-18488 (MBK) and assigned Claim No. 166, but only to the extent that such Proof of Claim relates to the Site.

"Final Allocation Recommendation Report" means the report and Attachments A through S issued by AlterEcho on December 28, 2020 providing the results of the EPA-sponsored allocation process conducted by AlterEcho.

"Final Judgment Date" means the later of: (i) the date on which the time period for appeals of the Court's order approving this Decree expires with no appeals having been filed, (ii) in the event of an appeal from the Court's order approving this Decree, the date on which such order has been affirmed by the appellate court and the time period for appeals of the appellate court's order expires with no appeals having been filed, or (iii) in the event of an appeal of the appellate court's order affirming the Court's order approving this Decree, the date a Writ of Certiorari to the Supreme Court of the United States is denied, or the date the appellate court's order is affirmed by the Supreme Court of the United States.

"Fund" or "EPA Hazardous Substance Superfund" means the Hazardous Substance Superfund established by Section 9507 of the Internal Revenue Code, 26 U.S.C. § 9507.

"Including" or "including" means "including but not limited to."

"Interest" means interest at the rate specified for interest on investments of the Fund, compounded annually on October 1 of each year, in accordance with Section 107(a) of CERCLA. The applicable rate of interest will be the rate in effect at the time the Interest accrues. The rate of interest is subject to change on October 1 of each year. As of the date of lodging of this Consent Decree, rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"Lower Passaic River Study Area" or "LPRSA" is Operable Unit 4 ("OU4") of the Site and encompasses the entire Lower Passaic River from Newark Bay at River Mile ("RM") 0 to the Dundee Dam at approximately RM 17.7, as generally depicted in the attached map in Appendix B.

"Old Congoleum" means CC Oldco Corporation, f/k/a Congoleum Corporation, and the Liquidation Trust for CC Oldco Corporation, formed pursuant to the First Amended Joint Plan of Liquidation of Congoleum Corporation and the Official Committee of Unsecured Creditors of Congoleum Corporation Pursuant to Chapter 11 of the Bankruptcy Code and the January 11, 2021 Order of the Honorable Michael B. Kaplan approving same (Doc No. 642), *In re Congoleum Corporation*, United States Bankruptcy Court, District of New Jersey, Case No. 20-18488 (MBK), and any claimed successor to Congoleum Corporation or its predecessors.

"Operable Unit 2," or "OU2," of the Site is the lower 8.3 miles of the Lower Passaic River, which extends from Newark Bay at RM 0 to RM 8.3 near the border between the City of Newark and Belleville Township, as described in the OU2 ROD and as generally depicted in the attached map in Appendix B. The lower 8.3 miles of the Lower Passaic River is part of the LPRSA.

"OU2 ROD" is the Record of Decision for OU2, issued by EPA on March 3, 2016.

"Operable Unit 4," or "OU4," of the Site is the 17-mile LPRSA, defined above, as described in the OU4 ROD and as generally depicted in the attached map in Appendix B.

"OU4 ROD" is the Record of Decision for an interim remedy for OU4, issued by EPA on September 28, 2021.

"Paragraph" or "¶" means a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" means the United States and Settling Defendants.

"Party" means the United States or one of the Settling Defendants.

"Plaintiff" means the United States.

"RCRA" means the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992k (also known as the Resource Conservation and Recovery Act).

"Section" means a portion of this Decree identified by a Roman numeral.

"Settling Defendant Proof of Claim" means a proof of claim filed by or on behalf of a Settling Defendant in the matter captioned *In re Congoleum Corporation*, United States Bankruptcy Court, District of New Jersey, Case No. 20-18488 (MBK), but only to the extent that such proof of claim relates to the Site.

"2018 Settlement Agreement" means the Administrative Settlement Agreement under Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1), CERCLA Docket No. 02-2017-2023, with 15 parties, who each paid EPA $280,600 per facility to resolve their alleged civil liability for OU2 under Sections 106 and 107(a) of CERCLA, for releases or disposal of hazardous substances from each party's facility listed in the 2018 Settlement Agreement.

"2018 Settlement Agreement Parties" means the parties that previously resolved their alleged civil liability for OU2 for each such party's facility, as specified in the 2018 Settlement Agreement.

"2021 Settlement Agreement" means the Administrative Settlement Agreement under Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1), CERCLA Docket No. 02-2020-2013, with 6 parties, who each paid EPA $280,600 per facility to resolve their alleged civil liability under Sections 106 and 107(a) of CERCLA for OU2, for releases or disposal of hazardous substances from each party's facility listed in the 2021 Settlement Agreement.

"2021 Settlement Agreement Parties" means the parties that previously resolved their alleged civil liability for OU2 for each such party's facility, as specified in the 2021 Settlement Agreement.

"Settling Defendants" means the Settling Defendants identified in Appendix A of this Consent Decree, as limited by the facility(ies) to which each Settling Defendant is associated next to its name(s), as also identified in Appendix A. As used in this Consent Decree, this definition means all such parties, collectively, and each such party, individually, as explicitly stated or implied by the context in which the term is used.

"Site" means the Diamond Alkali Superfund Site, including the former Diamond Alkali property located at 80 and 120 Lister Avenue, Newark, New Jersey, the Lower Passaic River Study Area, the Newark Bay Study Area, and the areal extent of contamination.

"Special Account" means the special account, within the Fund, established for the Site by EPA under Section 122(b)(3) of CERCLA.

"State" means the State of New Jersey.

"United States" means the United States of America and each department, agency, and instrumentality of the United States, including EPA.

"Waste Material" means (a) any "hazardous substance" under Section 101(14) of CERCLA; (b) any pollutant or contaminant under Section 101(33) of CERCLA; and (c) any "solid waste" under Section 1004(27) of RCRA.

## IV.    OBJECTIVES

6.      The objective of the Parties in entering into this Consent Decree is for Settling Defendants to make a cash payment to resolve their alleged civil liability under Sections 106 and 107 of CERCLA for OU2 and OU4, subject to the Covenants and Reservations in Section VII (Covenants By Plaintiff); except that, by entering into this Consent Decree, the 2018 Settlement Agreement Parties and 2021 Settlement Agreement Parties, who previously resolved their alleged civil liability for OU2, are resolving their alleged civil liability for OU4, subject to the Covenants and Reservations in Section VII.

## V.    PAYMENTS FOR RESPONSE COSTS

7.      **Payment to EPA**.

a.      Within 30 days after the Effective Date, Settling Defendants shall deposit $150,000,000.00 into an interest-bearing escrow account in a duly chartered bank or trust company that is insured by the Federal Deposit Insurance Corporation ("Escrow Account"), and provide documentation of this deposit to EPA.

b.      Within 30 days after the Final Judgment Date, Settling Defendants will cause the money in the Escrow Account ($150,000,000 plus Interest, which shall accrue starting on the Effective Date and ending upon payment) to be paid to EPA as follows. The Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of New Jersey shall provide to Settling Defendants, in accordance with ¶ 36, instructions for making this payment, including a Consolidated Debt Collection System ("CDCS") reference number. Settling Defendant shall make such payment at https://www.pay.gov in accordance with the FLU's instructions, including references to the CDCS Number. Settling Defendants shall send notices of this payment to DOJ and EPA in accordance with Section XIV (Notices and Submissions) of this Consent Decree.

8.      **Deposit of Payments.**  The total amount paid by Settling Defendants under ¶ 7 will be deposited by EPA in the Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or, in EPA's unreviewable discretion, to be transferred by EPA to the Fund.

## VI.    FAILURE TO COMPLY WITH DECREE

9.      If any requirement of ¶ 7 (Payment to EPA) is not met by the required date, Settling Defendants shall pay to EPA, as a stipulated penalty, $20,000.00 per day until such requirement is met. In addition, Interest shall accrue on both the required payment, and the stipulated penalty that has accrued, until the date of payment. Settling Defendants shall make payment at https://www.pay.gov using the link for "EPA Miscellaneous Payments Cincinnati Finance Center," including references to the Site/Spill ID and DJ number listed in Section XIV (Notices and Submissions) of this Consent Decree, and the purpose of the payment. Settling Defendants shall send a notice of this payment to DOJ and EPA, in accordance with Section XIV of this Consent Decree. The payment of stipulated penalties and Interest, if any, does not alter any obligation by Settling Defendants under the Consent Decree.

10.     Penalties will accrue in accordance with this Section regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but must be paid upon demand. Nothing in this Consent Decree prevents the simultaneous accrual of separate penalties for separate violations of this Consent Decree. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including the costs of attorney time. Payments made under this Section are in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

11.     The obligations of Settling Defendants to pay amounts owed to Plaintiff under this Consent Decree are joint and several, with the exception of the 2018 Settlement Agreement Parties and 2021 Settlement Agreement Parties who have already resolved their alleged liability for OU2, and, therefore, are jointly and severally liable for the payment obligation as it pertains to OU4.

12.     The United States may waive, in its unreviewable discretion, any portion of stipulated penalties that have accrued under this Consent Decree.

## VII.   COVENANTS BY PLAINTIFF

13.     **Covenant for Settling Defendants**. Subject to ¶¶ 14 and 15, and Sections VIII (Prior Administrative Orders) and IX (Covenants By Settling Defendants), the United States covenants not to sue or to take administrative action against Settling Defendants under Sections 106 and 107(a) of CERCLA regarding OU2 and OU4.  This covenant not to sue, however, is limited to each Settling Defendant individually, and only with respect to liability for hazardous substance(s) from that Settling Defendant's facility(ies) listed in Appendix A. Nothing in this ¶13 shall affect the covenants made by EPA for the benefit of the 2018 Settlement Agreement Parties and the 2021 Settlement Agreement Parties with regard to OU2, pursuant to the 2018 Settlement Agreement and the 2021 Settlement Agreement, respectively.

14.     The covenant under ¶ 13: (a) takes effect upon the Effective Date; (b) is conditioned on the satisfactory performance by Settling Defendants of the requirements of this Consent Decree, and, consistent with Paragraph 27, the veracity and completeness of the information provided to EPA and/or AlterEcho by each Settling Defendant relating to that Settling Defendant's facility(ies) identified in Appendix A; (c) extends to the successors of each Settling Defendant but only to the extent that the alleged liability of that successor of the Settling Defendant is based solely on its status as a successor of that Settling Defendant; and (d) does not extend to any other person.

15.     **General Reservations**. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants, or an individual Settling Defendant, regarding their or its:

       a.     liability for failure to meet a requirement of this Consent Decree;

12

b.      liability arising from a Settling Defendant's past, present, or future disposal, release, or threat of release of Waste Material outside of OU2 and OU4 (including such Waste Material that migrated through OU2 and OU4);

c.      liability based on a Settling Defendant's ownership or operation of a facility(ies) associated with it that is/are not listed in Appendix A;

d.      liability based on a Settling Defendant's operation of a facility(ies) associated with it as listed in Appendix A, when such operation commences after such Settling Defendant's signature to this Consent Decree;

e.      liability based on a Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, after signature of this Consent Decree by such Settling Defendant;

f.      liability for performance of response actions or for the reimbursement of response costs if and to the extent the total combined response costs paid by EPA and/or any other person in connection with the remedial actions for OU2 (after September 30, 2016) and OU4 (after March 2, 2023) exceed $3.68 billion, as determined by EPA based on its review of appropriate documentation;

g.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

h.      criminal liability.

## VIII.  PRIOR ADMINISTRATIVE ORDERS

16.      EPA agrees to issue a notice of completion of the 2007 ASAOC, subject to continuing record retention obligations and payment of the final bill for Future Response Costs under the 2007 ASAOC, after (1) the Settling Defendants satisfy the terms of Section V of this Consent Decree (Payments For Response Costs), and (2) the following tasks required by the 2007 ASAOC are completed and approved by EPA: a) the summary reports for the current conditions monitoring program sampling events, using data collected through April 15, 2022; b) the post-Hurricane Ida bathymetric survey report, using data collected through January 5, 2022; and c) the bioaccumulation model including calibration, documentation, peer review if necessary, and response to, and incorporation of, EPA comments. Future Response Costs are as defined in the 2007 ASAOC; EPA will issue the final bill, which will include costs incurred by EPA through completion and approval of the tasks described in (2)a through (2)c herein above, when these tasks have been completed and approved by EPA. Upon payment of the final bill, no further Future Response Costs will be owed to EPA under the 2007 ASAOC. The obligation to complete the above listed tasks and pay the final bill shall apply to the Parties defined as "Settling Work Parties" under the 2007 ASAOC and shall not create new obligations for the Settling Defendants that are not "Settling Work Parties" under the 2007 ASAOC.

17. EPA agrees to issue a notice of completion of the River Mile 10.9 ASAOC, subject to continuing obligations set forth in the River Mile 10.9 ASAOC under Section X (Access to Information), Section XI (Record Retention), and Section XXIV (Indemnification), after the Settling Defendants satisfy the terms of Section V of this Consent Decree (Payments for Response Costs).

## IX.    COVENANTS BY SETTLING DEFENDANTS

18. **Covenants by Settling Defendants**.

a. Subject to ¶ 19, Settling Defendants covenant not to sue and shall not assert any claim or cause of action against the United States or its contractors or employees under CERCLA, Section 7002(a) of RCRA, the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, the State Constitution, State law, or at common law regarding OU2 and OU4.

b. Subject to ¶ 19, Settling Defendants covenant not to seek reimbursement from the Fund through CERCLA or any other law for costs regarding OU2 and OU4.

19. **Settling Defendants' Reservation**. The covenants in ¶ 18 do not apply to any claim or cause of action brought, or order issued, after the Effective Date by the United States to the extent such claim, cause of action, or order is within the scope of a reservation under ¶¶ 15a. through 15.h.

20. Settling Defendants shall not assert any claims and waive all claims or causes of action (including claims or causes of action under Section 107(a) or 113 of CERCLA) that they may have for response costs regarding OU2 or OU4 against each other or any other person who is a potentially responsible party under CERCLA for OU2 or OU4. However, this waiver shall not apply with respect to the following:

a. to any defense, claim, cross-claim, counterclaim, or cause of action that a Settling Defendant may have against any person not a party to this Consent Decree if such person asserts or has asserted a claim or cause of action against such Settling Defendant, including without limitation under Section 107 of CERCLA, relating to OU2 and OU4;

b. to any defense, claim, cross-claim, counterclaim, or cause of action that a Settling Defendant may have against any person identified by the United States as eligible to participate in this Consent Decree, but who is not a Party hereto, as identified in Appendix C;

c. to any claim(s), proof(s) of claim, or cause(s) of action filed or asserted in the following bankruptcies by a Settling Defendant for response costs regarding OU2 and OU4, unless such claim is barred as a result of a settlement in accordance with Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2): (i) *In re: Maxus Energy Corporation, et al.,* Case No. 16-11501 (Bankr. Del.); (ii) *In re: Reichhold Holdings US, Inc.*, Case No. 14-12237-MFW (Bankr. Del.); (iii) *In re: Eastman Kodak Company*, Case No. 12-10202-mew (Bankr. SDNY); (iv) *In re: Motors Liquidation Company, including General Motors Corporation, et al.*, Case No. 09-50026-mg (Bankr. SDNY); (v) *In re: Mallinckrodt PLC, et al.*, Case No. 20-112522-JTD (Bankr. Del.), seeking recovery from the General Unsecured Claims Trust as provided in the

confirmed plan of reorganization (and not from the Settling Defendants) based on timely filed proofs of claim in the jointly-administered chapter 11 cases; (vi) *In re: Chemtura Corp.*, Case No. 09-11233-jlg (Bankr. SDNY);

        d.     to any claim or cause of action that a Settling Defendant may have against (i) any person based on a contractual obligation allocating responsibility for costs (other than response costs regarding OU2 and OU4) among private parties or (ii) any person based on any insurance contract or other indemnity agreement;

        e.     to any claim, counterclaim, crossclaim, or cause of action that a Settling Defendant has or will have against another potentially responsible party that is not related to "matters addressed" in the Consent Decree.

21.    No Settling Defendant shall be considered a Settling Defendant with regard to facilities which they own(ed), operate(d) or control(ed), but which are not listed in Appendix A. Therefore, Paragraph 20 shall not be construed as requiring any such Settling Defendant to waive or otherwise give up any claims involving or relating to any facility(ies) which are not listed in Appendix A.

## X.   DISCLOSURE OF FINAL ALLOCATION RECOMMENDATION REPORT

22.    **Disclosure of Final Allocation Recommendation Report.** By signing this Consent Decree, each Settling Defendant (except for the 2018 Settlement Agreement Parties and the 2021 Settlement Agreement Parties as they did not participate in the entire allocation process and their consent for disclosure of the Final Allocation Recommendation Report is unnecessary) and EPA consent to the public disclosure of the December 28, 2020, Final Allocation Recommendation Report upon lodging of the Consent Decree. The Administrative Dispute Resolution Act of 1996, 5 U.S.C. § 571, et seq. ("ADRA of 1996") shall apply to protect any other dispute resolution communications associated with the allocation. By agreeing to the disclosure of the Final Allocation Recommendation Report, Settling Defendants and EPA do not waive any privileges or claims of confidentiality that may apply to any other allocation or settlement communications or materials.

## XI.   EFFECT OF SETTLEMENT; CONTRIBUTION

23.    The Parties agree and this Court finds that: (a) the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA; (b) this Consent Decree constitutes a judicially-approved settlement under which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Sections 113(f)(2) and 113(f)(3)(B) of CERCLA for OU2 and OU4; and (c) each Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with OU2 and OU4, by the United States or any other person, except for the State, provided, however, that if the United States exercises rights under the

reservations in ¶¶ 15.a through 15.h, the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

24.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify DOJ and EPA in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify DOJ and EPA within 10 days after service of the complaint on such Settling Defendant. In addition, for matters related to this Consent Decree, each Settling Defendant shall notify DOJ and EPA within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial.

25.     **Res Judicata and Other Defenses**. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

26.     Nothing in this Consent Decree diminishes the right of the United States under Section 113(f)(2) and (3) of CERCLA to pursue any person not a Party to this Consent Decree to obtain additional response costs or response actions and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

## XII.   RECORDS AND INFORMATION

27.     **Settling Party Certification**. Each Settling Defendant certifies individually that, to the best of its knowledge and belief after a good faith inquiry: (a) it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents, or other information in electronic form) (other than identical copies) relating to its potential liability under CERCLA regarding the Site for the facility(ies) listed in Appendix A since the earlier of notification of potential liability by the United States or the State of New Jersey, or the filing of suit against it regarding the Site; (b) it has fully complied and will fully comply with any and all EPA requests for information under Sections 104(e) and 122(e) of CERCLA, and Section 3007 of RCRA; and (c) (as to each Settling Defendant that participated in the allocation), it conducted a thorough, good faith search and provided information to AlterEcho consistent with the Allocation Guide that is part of the Final Allocation Recommendation Report, and certified to that effect consistent with the Allocation Guide.

28.     **Retention of Records and Information**

a.      Each Settling Defendant shall retain, and instruct their contractors and agents to retain, documents and electronically stored data ("Records") until 10 years after the Effective Date regarding that Settling Defendant's liability under CERCLA for hazardous

substances releases to OU2 and OU4 from their facility(ies) listed in Appendix A, or until the United States and the Settling Defendants resolve all claims under CERCLA for all Operable Units of the Site, whichever is later ("Record Retention Period"). This Paragraph 28 shall govern in the event of a dispute or conflict concerning requirements associated with retention of documents and data under this Consent Decree and the 2018 Settlement Agreement or 2021 Settlement Agreement.

b.      Each Settling Defendant shall retain all Records regarding the liability of any person under CERCLA regarding the Site during the Record Retention Period.

c.      At the end of the Record Retention Period, a Settling Defendant shall notify EPA that it has 90 days to request that Settling Defendant's Records subject to this Section. Such Settling Defendant shall retain and preserve their Records subject to this Section until 90 days after EPA's receipt of the notice. These record retention requirements apply regardless of any corporate record retention policy.

29.      A Settling Defendant shall provide to EPA, upon request, copies of all Records and information required to be retained under this Section. A Settling Defendant shall also make available to EPA, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the Site.

30.      **Privileged and Protected Claims**

a.      A Settling Defendant may assert that all or part of a record requested by Plaintiff is privileged or protected as provided under federal law, provided the Settling Defendant complies with ¶ 28.b, and except as provided in ¶ 28.c.

b.      If the Settling Defendant asserts a claim of privilege or protection, it shall provide Plaintiff with the following information regarding such record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, of each addressee, and of each recipient; a description of the record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a record, the Settling Defendant shall provide the record to Plaintiff in redacted form to mask the privileged or protected portion only. The Settling Defendant shall retain all records that they claim to be privileged or protected until Plaintiff has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendant's favor.

c.      A Settling Defendant may make no claim of privilege or protection regarding: (i) any data regarding the Site, including all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological or engineering data, or the portion of any other record that evidences conditions at or around the Site; or (ii) the portion of any record that a Settling Defendant is required to create or generate in accordance with this Consent Decree.

31.      **Confidential Business Information (CBI) Claims**. A Settling Defendant may claim that all or part of a record provided to Plaintiff under this Section is CBI to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA and 40 C.F.R. § 2.203(b). A Settling Defendant shall segregate and clearly identify all records or parts thereof submitted

under this Consent Decree for which the Settling Defendant claims is CBI by labeling each page or each electronic filed "claimed as confidential business information" or "claimed as CBI." Records that a Settling Defendant identifies as CBI will be afforded the protection specified in 40 C.F.R. part 2, subpart B. If no claim of CBI accompanies records when they are submitted to EPA, or if EPA has notified the Settling Defendant that the records are not entitled to confidential treatment under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. part 2, subpart B, the public may be given access to such records without further notice to the Settling Defendant.

32.    In any proceeding under this Consent Decree, validated sampling or monitoring data regarding the Site that has been reviewed and approved by EPA, if relevant to the proceeding, is admissible as evidence, without objection.

33.    Notwithstanding any provision of this Consent Decree, Plaintiff retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XIII.  OLD CONGOLEUM

34.    In consideration of the unique circumstances pertaining to Old Congoleum, certain provisions of this Consent Decree shall be modified as follows:

a.    Old Congoleum shall not be bound under this Consent Decree unless and until Old Congoleum's participation in this Consent Decree is authorized by a final, non-appealable order of the United States Bankruptcy Court for the District of New Jersey. Old Congoleum shall file a motion with the United States Bankruptcy Court for the District of New Jersey seeking such authorization within ten (10) business days of the lodging of this Consent Decree; this motion shall request that once the requirements set forth above in Paragraph 7 (Payment to EPA) have been fulfilled, the EPA Proof of Claim will be resolved.

b.    Any payment under Section V or stipulated penalty or interest payment under Section VI attributed to Old Congoleum shall be due from and paid solely by Liberty Mutual and any action by the United States brought to enforce same shall be solely against Liberty Mutual. With respect to any payment made by Liberty Mutual pursuant to this Paragraph 34.b, Liberty Mutual will not assert any claims and waives all claims or causes of action against the Settling Defendants or any other person who is a potentially responsible party as set forth in Paragraph 20, subject to the limitations in that paragraph.

c.    **Covenants by Plaintiff.** The EPA Proof of Claim will be resolved once the Settling Defendants fulfill the requirements in Paragraph 7 (Payment to EPA); within 10 days of receipt of the payment due under Paragraph 7.b., the United States will file a notice of the settlement of the EPA Proof of Claim with the United States Bankruptcy Court for the District of New Jersey. This is contingent upon Old Congoleum obtaining the authorization described above in Paragraph 34.a.

d.    **Covenants by Settling Defendants.** Each Settling Defendant that filed a Settling Defendant Proof of Claim agrees that its respective proof of claim related to the Site is

18

withdrawn with prejudice and that it shall take all necessary action to withdraw and expunge its respective Settling Defendant Proof of Claim;

    e.  **Records and Retention.** Defendant Certification and Record Retention obligations in Section XII shall not apply to Old Congoleum. During its participation in the allocation, Old Congoleum certified that it conducted a thorough, good faith search and provided information to AlterEcho consistent with the Allocation Guide that is part of the Final Allocation Recommendation Report.

  35.  Nothing in this Section shall be construed as affecting any other obligation under this Consent Decree as applicable to Old Congoleum.

## XIV. NOTICES AND SUBMISSIONS

  36.  All agreements, approvals, consents, deliverables, modifications, notices, notifications, objections, proposals, reports, waivers, and requests (hereinafter, "submissions") specified in this Consent Decree must be in writing unless otherwise specified. Whenever a submission is required to be given, or is required to be sent, by one Party to another under this Consent Decree, it must be sent as specified below. In the case of emailed submissions, there is a rebuttable presumption that such submissions are received on the same day that they are sent. Any Party may change the method, person, or address applicable to it by providing notice of such change to all Parties.

| | |
|---|---|
| As to DOJ: | *via email to*: |
| | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-11-3-07683/1 |
| As to EPA: | *via email to*: |
| | fajardo.juan@epa.gov<br>yeh.alice@epa.gov<br>Re: Site/Spill ID # 0296 |
| As to Settling Defendants for all purposes except for those obligations required under Section XII (Records and Information) of this Consent Decree: | List of counsel attached as Appendix D |

  37.  As to an individual Settling Defendant making a submission required under Section XII (Records and Information) of this Consent Decree, such Settling Defendant must comply with the provisions of ¶ 36 of this Consent Decree.

## XV.   APPENDICES

38.     The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the list of Settling Defendants, including each such Party's facility(ies) to which this Consent Decree applies.

"Appendix B" is a map of the 17.7 miles of the LPRSA.

"Appendix C" is a list of PRPs identified by the United States as eligible to participate in this Consent Decree, but that are not Settling Defendants.

"Appendix D" is a list of counsel for each Settling Defendant for purposes of Section XIV ("Notices and Submissions").

## XVI.  MODIFICATIONS TO DECREE

39.     Non-material modifications to the Consent Decree must be in writing and are effective when signed (including electronically signed) by duly-authorized representatives of the Parties. Material modifications to the Consent Decree must be in writing, signed (including electronically signed) by the Parties, and are effective upon approval by the Court.

## XVII. SIGNATORIES

40.     The Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice on behalf of the United States, and each undersigned representative of a Settling Defendant certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

## XVIII.   PRE-ENTRY PROVISIONS

41.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement, except for ¶ 42 and ¶ 43, is voidable at the sole discretion of any of the Parties and its terms may not be used as evidence in any litigation among the Parties.

42.     This Consent Decree will be lodged with the Court for at least 30 days for public notice and comment in accordance with Section 122(d)(2) of CERCLA and 28 C.F.R. § 50.7. The United States may withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is unfair, unreasonable, or inconsistent with the purposes of CERCLA. Settling Defendants consent to the entry of this Consent Decree without further notice.

43.     Settling Defendants agree not to oppose or appeal the entry of this Consent Decree.

## XIX.  FINAL JUDGMENT

44.     This Consent Decree constitutes the entire agreement among the Parties regarding the subject matter of the Consent Decree and supersedes all prior representations, agreements and understandings, whether oral or written, regarding the subject matter of the Consent Decree

45.     Upon entry of this Consent Decree by the Court, this Consent Decree constitutes a final judgment under Fed. R. Civ. P. 54 and 58 among the Parties.

So **ORDERED** this ___ day of _____, 20___.


_____

United States District Judge

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR THE UNITED STATES:**

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

<u>01/12/2024</u>                    */s/ Laura J. Rowley*
Dated                    Laura J. Rowley, Senior Trial Attorney
Andrew Keir, Trial Attorney
Scott Bauer, Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section

VIKAS KHANNA
First Assistant United States Attorney
District of New Jersey

Alex Silagi
Assistant United States Attorney
District of New Jersey

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:**

Pat Evangelista

Digitally signed by Pat Evangelista
Date: 2023.12.21 15:35:00 -05'00'

Pat Evangelista, Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency
Region 2

SARAH FLANAGAN

Digitally signed by SARAH FLANAGAN
Date: 2023.12.21 09:42:31 -05'00'

Sarah Flanagan
Juan Fajardo
Kathryn DeLuca
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, New York

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: TFCF America, Inc.

12-12-23
Dated

Name: Jahene Bassett
Title: Assistant Secretary
Address: 2121 Ave. of the Stars, 5th Fl.
Los Angeles, CA 90067

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: —
Title: —
Company: Corporation Service Company (CSC)
Address: 2710 Gateway Oaks Dr. Suite 150N
Sacramento, CA 95833
Phone: —
email: —

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/14/23
_____
Dated

Andrew Epstein
_____

Name:   ANDREW EPSTEIN
Title:   PRES
Address:   55 JACOBUS AVE
Kearny NJ 07032

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   ANDREW EPSTEIN
Title:   PRES
Company:   ALDEN LEEDS INC
Address:   55 JACOBUS Ave
KEARNY NJ 07032
Phone:   973 589 3544
email:   ANDYEPST @ AOL.COM

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Alliance Chemical, Inc.
A dissolved corporation

11.29.23
Dated

Name: Lee Henig-Elona
Title: Attorney
Address: Gordon Rees 18 Columbia JpK
Florham Park NJ 07932

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:
Title:
Company: Same as above
Address:

Phone: 973-549-2520
email: lhenig-elona@grsm.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: ARKEMA INC.

12-14-2023
Dated

Name:   Keith Linton
Title:    Assistant Vice President-Legacy Site Services LLC
Address:  (agent for Arkema Inc.)
        Legacy Site Services LLC
        3553 West Chester Pike #413
        Newtown Square, PA 19073

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:     Corporation Service Company (CSC)
Title:      Registered Service Agent
Company:  Corporation Service Company c/o Arkema Inc.
Address:   Princeton South Corporate Center Suite 160
         100 Charles Ewing Blvd.
         Ewing, NJ 08628
Phone:    (800) 927-9800
email:     CSCgobal.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:  **Ashland Inc.**

12/7/23

Dated

Name:  Edward Meeks
Title:  Senior Manager - Remediation
Address:  500 Hercules Road
Wilmington, Delaware 19808-1599

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Robin Lampkin |
| Title: | SVP, General Counsel and Secretary |
| Company: | Ashland Inc. |
| Address: | 500 Hercules Road |
| | Wilmington, Delaware 19808-1599 |
| Phone: | 614-271-3019 |
| email: | relampkin@ashland.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: **Atlantic Richfield Company**

Dec. 13, 2023
Dated

Name:   Nathan Block
Title:   Managing Counsel
Address:   501 Westlake Park Blvd.
WL1 LR 3.640B
Houston, TX  77079

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Lorene L. Boudreau
Title:   Partner
Company:   Ballard Spahr LLP
Address:   1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Phone:   215-864-8245
email:   boudreaul@ballardspahr.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:** ATLAS REFINERY, INC.

Dated: 12/11/2023

Name: THOMAS N. RYAN, ESQ.

Title: OUTSIDE GENERAL COUNSEL FOR ATLAS

Address: LADDEY, CLARK & RYAN, LLP
60 BLUE HERON ROAD, SUITE 300
SPARTA, NJ 07871

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: THOMAS N. RYAN, ESQ.

Title: OUTSIDE GENERAL COUNSEL

Company: ATLAS REFINERY, INC.

c/o Address: LADDEY, CLARK & RYAN, LLP
60 BLUE HERON ROAD, SPARTA, NJ 07871

Phone: 973-729-1880

email: TRYAN@LCRLAW.COM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: **BASF CORPORATION (ON ITS OWN
BEHALF AND ON BEHALF OF BASF
CATALYSTS, LLC)**

11/27/23
Dated



Name:  Marc Ehrhardt
Title:  President Region North America
Address:  BASF Corporation
100 Park Avenue
Florham Park, NJ 07932

If the Consent Decree is not approved by the Court within 60 days after the date of
lodging, and the United States requests, this named Defendant agrees to accept service of
the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of
the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This
Defendant hereby designates the agent below to accept service of the Complaint by
mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has
executed the waiver of service and returned it to the United States, or otherwise has been
served with the Complaint, the time within which this Defendant must file an Answer to
the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable
local rules of this Court, unless that time is extended by the Court.

Name:  David P. Schneider
Title:  Principal
Company:  Bressler, Amery & Ross, P.C.
Address:  325 Columbia Turnpike
Florham Park, NJ 07932
Phone:  973-966-9671
email:  dschneider@bressler.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/11/23
Dated

Name: _Salva M. Dhurp_
Title: EVP CFO Benjamin Moore + Co.
Address: 101 Paragon Dr, Montvale, NJ

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: Newell Brands Inc. on behalf of itself and Berol Corporation

December 15, 2023
Dated

Name:  Raj Dave
Title:  Assistant Secretary
Address:  6655 Peachtree Dunwoody Rd.
Atlanta, GA 30328

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Andrew N. Sawula
Title:  Partner
Company:  ArentFox Schiff LLP
Address:  One Westminster Place, Suite 200
Lake Forest, IL 60045
Phone:  847-295-4336
email:  andrew.sawula@afslaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: CANNING GUMM, LLC

12/18/2023
Dated

Name: VICTOR J. MICHELS
Title: ASST. SECT.
Address: 245 FREIGHT STREET
WATERBURY, CT 06702

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: VICTOR J. MICHELS
Title: ASST. SECT.
Company: CANNING GUMM, LLC
Address: 245 FREIGHT STREET
WATERBURY CT 06702
Phone: 561 207 9840
email: VIC.MICHELS@ELEMENTSOLUTIONSINC.COM

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: **Paramount Global (f/k/a ViacomCBS Inc., f/n/a CBS Corporation)**

12. 7. 2023
_____
Dated

Name: Eric J. Sobczak
Title: EVP & Associate General Counsel
Address: 420 Ft. Duquesne Blvd., Suite 100,
Pittsburgh, PA 15222

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Alana E. Fortna, Esq.
Title: Vice President, Counsel, Environmental
Company: Paramount Global
Address: 420 Ft. Duquesne Boulevard, Suite 100
Pittsburgh, PA 15222
Phone: 412.642.3580
email: Alana.Fortna@viacomcbs.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:   CNA Holdings and Celanese, Ltd.

12/13/2023
_____
Dated

Name:   Darren R. Collins
Title:   Vice President, Manufacturing
Address:   222 West Las Colinas Blvd.
Suite 900
Irving, TX 75039



If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Duke K. McCall, III
Title:   Partner
Company:   Morgan, Lewis & Bockius LLP
Address:   1111 Pennsylvania Ave NW
Washington, DC 20004
Phone:   202-373-6607
email:   Duke.mccall@morganlewis.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: CNA Holdings LLC / Celanese Ltd. (by and
   through its general partner Celanese
   International Corporation), and its contractual
   indemnitor Essex County Improvement
   Authority (for 354 Doremus Avenue)

December 14, 2023
Dated

Name:      Steven H. Klinghoffer, Esquire
Title:       Chairman, Board of Commissioners
            Essex County Improvement Authority
Address:   27 Wright Way, Building M
            Fairfield, NJ 07004

December 14, 2023
Dated

Name:      Steven C. Rother, Esquire
Title:       Executive Director
            Essex County Improvement Authority
Address:   27 Wright Way, Building M
            Fairfield, NJ 07004

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:      _____
Title:       _____
Company:  _____
Address:   _____
            _____
Phone:     _____
email:     _____

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Chevron Environmental Management
Company for itself and on behalf of Texaco
Inc., TRMI-H LLC (formerly known as
Getty Refining and Marketing Company, and
Getty Oil Company (Eastern Operations)
Inc.) and Four Star Oil & Gas Company
(f/k/a Getty Oil Company, and Tidewater
Oil)

_December 11, 2023_

Dated

Name:  Michelle Y. Long

Title:  Vice President, Chevron Environmental
Management Company, on behalf of
Chevron Environmental Management
Company which is Attorney-in-Fact for
Texaco Inc., TRMI-H LLC (formerly known
as Getty Refining and Marketing Company,
and Getty Oil Company (Eastern Operations)
Inc.) and Four Star Oil & Gas Company
(f/k/a Getty Oil Company, and Tidewater Oil
Company)

Address:  1500 Louisiana Street, Houston TX 77002

If the Consent Decree is not approved by the Court within 60 days after the date of
lodging, and the United States requests, this named Defendant agrees to accept service of
the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of
the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This
Defendant hereby designates the agent below to accept service of the Complaint by
mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has
executed the waiver of service and returned it to the United States, or otherwise has been
served with the Complaint, the time within which this Defendant must file an Answer to
the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable
local rules of this Court, unless that time is extended by the Court.

Name:  Nick Longo
Title:  Risk Management Specialist
Company:  Chevron Environmental Management Company
Address:  1400 Louisiana Street, Houston TX 77002
Phone:  832-854-5711
Email:  Nick.Longo@chevron.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:   COATS & CLARK, INC.

12/5/23
_____
Dated

Name:   Adam Stolorow
SIVE, PAGET & RIESEL P.C.
Title:   Attorney for Coats & Clark, Inc.
Address:   560 Lexington Ave., 15th Floor
New York, NY 10022

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Jeffrey Gracer
Title:   Attorney for Coats & Clark, Inc.
Company:   Sive, Paget & Riesel P.C.
Address:   560 Lexington Ave., 15th Floor
New York, NY 10022
Phone:   (646) 378-7280
email:   jgracer@sprlaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

| | | |
|---|---|---|
| | **FOR:** | **CC Oldco Corporation, f/k/a Congoleum Corporation and the Liquidation Trust for CC Oldco Corporation** |
| 12/7/23 | | |
| Dated | Name: | Matthew J. Dundon |
| | Title: | Solely in his capacity as Liquidation Trustee of the Congoleum Corporation Liquidation Trust and Sole Officer of CC Oldco Corporation, f/k/a Congoleum Corporation, and not in his individual capacity |
| | Address: | Dundon Advisors, LLC Ten Bank Street, Suite 1100 White Plains, New York 10606 |

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Matthew J. Dundon |
| Title: | Solely in his capacity as Liquidation Trustee of the Congoleum Corporation Liquidation Trust and Sole Officer of CC Oldco Corporation, f/k/a Congoleum Corporation, and not in his individual capacity. |
| Company: | Dundon Advisors, LLC |
| Address: | Ten Bank Street, Suite 1100 |
| | White Plains, New York 10606 |
| Phone: | (914) 341-1188 |
| email: | md@dundon.com |

**As to Consent Decree Paragraph 34(b) only:**

| | | |
|---|---|---|
| | **FOR:** | **Liberty Mutual Insurance Company** |
| Dated | Name: | Melissa Arkwell |
| | Title: | Sr. Vice President, Resolute Management, Inc. (Duly Authorized Agent of Liberty Mutual Insurance Company) |
| | Address: | Resolute Management Inc. 100 Liberty Way Dover, New Hampshire 03820 |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:  **CC Oldco Corporation, f/k/a Congoleum Corporation and the Liquidation Trust for CC Oldco Corporation**

Dated _____

Name:  Matthew J. Dundon
Title:  Solely in his capacity as Liquidation Trustee of the Congoleum Corporation Liquidation Trust and Sole Officer of CC Oldco Corporation, f/k/a Congoleum Corporation, and not in his individual capacity
Address:  Dundon Advisors, LLC
Ten Bank Street, Suite 1100
White Plains, New York 10606

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Matthew J. Dundon
Title:  Solely in his capacity as Liquidation Trustee of the Congoleum Corporation Liquidation Trust and Sole Officer of CC Oldco Corporation, f/k/a Congoleum Corporation, and not in his individual capacity.
Company:  Dundon Advisors, LLC
Address:  Ten Bank Street, Suite 1100
White Plains, New York 10606
Phone:  (914) 341-1188
email:  md@dundon.com

**As to Consent Decree Paragraph 34(b) only:**

FOR:  **Liberty Mutual Insurance Company**

12/14/23
Dated

Name:  Melissa Arkwell
Title:  Sr. Vice President, Resolute Management, Inc. (Duly Authorized Agent of Liberty Mutual Insurance Company)
Address:  Resolute Management Inc.
100 Liberty Way
Dover, New Hampshire 03820

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:  Cooper Industries, LLC

12|6|23

Dated 12/6/2023

Name:  Lisa Sutton
Title:  Vice President/Chief Counsel – Regulatory &
Sustainability
Address:  1000 Eaton Boulevard, Cleveland, OH 44122

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Lisa Sutton
Title:  Vice President/Chief Counsel – Regulatory &
Sustainability
Company:  Cooper Industries, LLC
Address:  1000 Eaton Boulevard
Cleveland, OH 44122
Phone:  440-523-4358
email:  LisaDSutton@Eaton.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:  **Covanta Essex Company, f/k/a American Ref-Fuel Company of Essex**

12/13/23
_____
Dated

Name:  Thomas Kenyon
Title:  EVP, General Counsel and Secretary
Address:  183 Raymond Blvd., Newark, NJ 07105

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | Barbara Hopkinson Kelly |
| Title: | Attorney at Law |
| Company: | Wilson Elser Moskowitz Edelman & Dicker LLP |
| Address: | 7 Giralda Farms |
|  | Madison, NJ 07940 |
| Phone: | 973-624-0800 |
| email: | Barbara.kelly@wilsonelser.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   **Croda Inc.**

11 December 2023
_____
Dated                    Name:   Bradley Cook
                         Title:   Senior Vice President
                         Address:   777 Scudders Mill Road, Building 2, Suite
                         200, Plainsboro, NJ 08536

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | Christina Manuelli |
| Title: | General Counsel (USA) |
| Company: | Croda Inc. |
| Address: | 777 Scudders Mill Road, Bldg. 2, Ste. #200 |
|  | Plainsboro New Jersey 08536 |
| Phone: | 609-212-2261 |
| email: | Christina.manuelli@croda.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Curtiss-Wright Corporation

11-30-23
Dated

Name: Gary Ogilby
Title: Vice President and Corporate Controller
Address: 400 Interpace Parkway, Building D
Parsippany, NJ 07054

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Mark Berenson
Title: Curtiss-Wright Corporation
Company: Associate General Counsel
Address: 400 Interpace Parkway, Building D
Parsippany, NJ 07054
Phone: 973-541-3756
email: mberenson@curtisswright.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:** Darling Ingredients Inc.

12/4/23
Dated

Name: Lee Henig-Elona
Title:
Address:

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Lee Henig-Elona
Title: Attorney
Company: Darling Ingredients Inc.
Address: Gordon Rees 18 Columbia TpK
Florham Park NJ 07932
Phone: 973-549-2520
email: lhenig-Elona @ grsm.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:   DII Industries, LLC

12/14/23

Dated

Name:   Christopher J. Bellotti
Title:   Vice President - Litigation
Address:   3000 N Sam Houston Pkwy E
Houston, TX 77032-3219

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Martha Thomsen
Title:   Partner
Company:   Baker Botts L.L.P.
Address:   700 K Street NW
Washington DC 20001
Phone:   202.639.7863
email:   Martha.thomsen@bakerbotts.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   DPC Settling Parties

DEC 1 2 2023
_____
Dated

Name: LOUISA LITTLE
Title: Authorized Signatory
Address: 1185 Sixth Ave., NY, NY 10036

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | Richard J. Ericsson, Esq. |
| Title: | Counsel for DPC Settling Parties |
| Company: | Cole Schotz P.C. |
| Address: | 25 Main Street |
|  | Hackensack, NJ 07601 |
| Phone: | (201) 525-6346 |
| email: | rericsson@coleschotz.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:**

12/13/23
Dated

Name: JOCELYN MANSHIP
Title: PRESIDENT
Address: ELAN Chemical Co. Inc
268 Doremus Ave.
Newark, N.J. 07105

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: JOCELYN MANSHIP
Title: PRESIDENT
Company: ELAN Chemical Company, Inc.
Address: 268 Doremus Ave.
Newark NJ 07105
Phone: 973 344 8014
email: jmanship@elan-chemical.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

## FOR:  E.M. Sergeant Pulp & Chemical Co., Inc.

12 / 14 / 23
_____
Dated

Name:  Scott A. Reisch
Title:  Vice President
Address:  6 Chelsea Road
Clifton, NJ 07012

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Daniele Cervino, Esq.
Title:  Agent for Legal Process.
Company:  BEATTIE PADOVANO, LLC
Address:  200 Market Street, Suite 401
Montvale, New Jersey  07645-1845
Phone:  201-799-2125
email:  DCervino@beattielaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: EN PRO HOLDINGS, INC.

12/6/2023
Dated

Name: BENNE C. HUTSON
Title: VICE PRESIDENT
Address: 5605 CARNEGIE BOULEVARD
SUITE 500
CHARLOTTE, NC 28209

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: BENNE C. HUTSON
Title: VICE PRESIDENT
Company: EN PRO HOLDINGS, INC.
Address: 5605 CARNEGIE BLVD., SUITE 500
CHARLOTTE, NC 28211
Phone: 704/965-6555
email: Benne.Hutson @ enpro.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:**   **EPEC Polymers, Inc., on behalf of itself**
              **and El Paso Tennessee Pipeline Co.**

12/12/2023
Dated

Name:   Vince W. Blout
Title:   Director EHS
Address:   1001 Louisiana Street, Houston, TX 77002

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Andrea Lipuma,
Title:   Counsel
Company:   Saul Ewing Arnstein & Lehr LLP
Address:   650 College Rd. East  Suite 4000
             Princeton, NJ   08540-6603
Phone:   609-452-5032
email:   Andrea.Lipuma@saul.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:  ESSEX CHEMICAL CORPORATION**

12/22/23
Dated

Name:   KENNETH H. MACK
Title:   COUNSEL
Address:   FOX ROTHSCHILD
997 Lenox Drive
Lawrenceville, NJ 08648

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Kenneth H. Mack |
| Title: | Counsel |
| Company: | Fox Rothschild |
| Address: | 997 Lenox Drive |
| | Lawrenceville, NJ 08648 |
| Phone: | 609-895-6631 |
| email: | kmack@foxrothschild.com |

152861465.1

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: EVERETT SMITH GROUP, LTD.,
N/K/A LEAR MEXICAN SEATING CORPORATION

12/13/23
Dated

Name:   Harry A. Kemp
Title:   Vice President and Secretary
Address:   21557 Telegraph Road, Southfield, MI 48033

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Linda E. Benfield
Title:
Company:   Foley & Lardner LLP
Address:   777 E. Wisconsin Avenue
Milwaukee, WI  53202
Phone:   414.297.5825
email:   lbenfield@foley.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:  Fiske Brothers Refining Co.

12/6/2023

Dated

Name:  Joseph M. Campisano, Esq.
Title:  Attorney for Fiske Brothers Refining Co.
Address:  55 Lane Road, Suite 170, Fairfield, NJ 07004

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Joseph M. Campisano, Esq. |
| Title: | Attorney for Fiske Brothers Refining Co. |
| Company: | Sedita, Campisano & Campisano, LLC |
| Address: | 55 Lane Road, Suite 170 |
| | Fairfield, New Jersey 07004 |
| Phone: | (973)787-0299 |
| email: | JCampisano@scclegal.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/13/23
Dated

Name:    Thomas Spiesman
Title:    Counsel for Flexon Industries Corp
Address:    Porzio Bromberg & Newman, P.C.
100 Southgate Parkway
Morristown, NJ 07962

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Thomas Spiesman
Title:    Counsel to Flexon Industries Corp.
Company:    Porzio Bromberg & Newman, P.C.
Address:    100 Southgate Parkway
Morristown, NJ 07962
Phone:    (973) 889-4208
email:    tspiesman@pbnlaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR: FRANKLIN-BURLINGTON PLASTICS, INC.**

12/06/2023
Dated

Name: David Hill
Title: President
Address: 33587 Walker Road, Avon Lake, Ohio 44012

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Robert K. James
Title: Vice President, Environmental and Secretary
Company: Franklin-Burlington Plastics, Inc.
Address: 33587 Walker Road
Avon Lake, Ohio 44012
Phone: +1 (440) 930-1361
email: rj@franklinburlingtonplastics.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:** Garfield Molding Co., Inc.
(by attorney)

12/14/23
Dated

Name: Kelly Woy Esquire
Title: Attorney for Garfield Molding Co., Inc.
Address: 1515 Market St., Suite 1800
Philadelphia, PA 19102

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Kelly Woy, Esquire
Title: Attorney
Company: Ricci Tyrrell Johnson & Grey
Address: 1515 Market St. suite 1800
Philadelphia, PA 19102
Phone: 215-320-7089
email: kwoy@rtjglaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/5/2023
Dated

Name:   Eric Merrifield
Title:    Associate General Counsel – Environmental
            Program
Address: 1 River Road, Building 5-7W
            Schenectady, NY 12345

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:     Eric Merrifield
Title:      Associate General Counsel – Environmental
             Program
Company:  General Electric Company
Address:  1 River Road, Building 5-7W
             Schenectady, NY 12345
Phone:   (206) 291-5025
email:    Eric.Merrifield@ge.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:   **Givaudan Fragrances Corporation**

12·6-23
_____
Dated

Approved as to Form.
JAZ    Date 12·6·23

Name:   Ali Tahseen
Title:   Chief Financial Officer
Address:   1199 Edison Drive, Cincinnati, OH 45216

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | William Hatfield |
| Title: | Director, Environmental |
| Company: | Gibbons PC |
| Address: | One Gateway Center |
| | Newark, NJ 07102 |
| Phone: | 973-596-4500 |
| email: | whatfield@gibbonslaw.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: **Goodrich Corporation for itself, Kalama Specialty Chemicals, Inc. and Noveon Kalama Inc. (f/k/a Kalama Chemical, Inc., f/k/a BFGoodrich Kalama, Inc.)**

12/5/23

Dated

Name:   Edward F. McHugh
Title:   Vice President and General Counsel of Collins Aerospace on behalf of Goodrich Corporation
Address:   1 Hamilton Road
Windsor Locks, CT  06096

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   James Ray, Esq.
Title:   Partner
Company:   Robinson & Cole LLP
Address:   280 Trumbull St.
Hartford CT 06103-3597
Phone:   860-275-8257
email:   jray@rc.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: L3HARRIS TECHNOLOGIES, INC.
a Delaware corporation

12/13/2023
Dated

Name:   Sara M. Pagani
Title:   Vice President, Associate General Counsel
Address: L3Harris Technologies, Inc.
          1025 W. NASA Blvd., MS A-11A
          Melbourne, FL  32919

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Jennifer M. Black |
| Title: | Sr. Dir., Managing Counsel |
| Company: | L3Harris Technologies, Inc. |
| Address: | 1025 W. NASA Blvd., MS A-11A |
| | Melbourne, FL  32919 |
| Phone: | 321-213-7515 |
| email: | Jennifer.Black@L3Harris.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:   **Harrison Supply Company**

December 13, 2023

| | |
|---|---|
| Dated | Name:   Steven A. Weiner |
| | Title:   Attorney at Law |
| | Litigation Counsel for Harrison Supply Company |
| | Address:   O'Toole Scrivo, LLC |
| | 14 Village Park Road, Cedar Grove, NJ 07009 |

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | KENNETH E. PHILLIPS |
| Title: | CHIEF EXEC. OFFICER (CEO) |
| Company: | **HARRISON SUPPLY COMPANY** |
| Address: | 144 Lake End Road |
| | Newfoundland, NJ 07435 |
| Phone: | NA |
| email: | NA |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:

**THE HARTZ CONSUMER GROUP,
INC., AS SUCCESSOR TO CERTAIN
LIABILITIES OF THE HARTZ
MOUNTAN CORPORATION, ON ITS
BEHALF, AND ON BEHALF OF THE
HARTZ MOUNTAIN CORPORATION**

12/8/2023
Dated

Name:   Frank E. Roscitt
Title:   Vice President-Taxes
Address:   500 Plaza Drive, 6th Floor
Secaucus, New Jersey 07096-1515

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Curtis L. Michael
Title:   Attorney
Company:   Rubino & Patton LLP
Address:   500 Plaza Drive, PO Box 2038
Secaucus, New Jersey 07094-2038
Phone:   201-272-5306
email:   Curt.michael@hrplaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:   **Hexcel Corporation**

12/5/2023
Dated

Name:   Gail Lehman
Title:   Executive Vice President, General Counsel, and Secretary
Address:   281 Tresser Boulevard
Two Stamford Plaza, 16th Floor
Stamford, CT 06901

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Gail Lehman
Title:   Executive Vice President, General Counsel, and Secretary
Company:   Hexcel Corporation
Address:   281 Tresser Boulevard
Two Stamford Plaza, 16th Floor
Stamford, CT 06901
Phone:   203-969-0666
email:   Gail.lehman@hexcel.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Hoffmann-La Roche Inc.

_12/8/23_
Dated

Name: Mary-Alice Barrett
Title: Associate General Counsel
Address: 150 Clove Rd
: Little Falls NJ 07424

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: William S. Hatfield
Title: Director, Environmental Group
Company: Gibbons P.C.
Address: One Gateway Center
Newark NJ 07102
Phone: 973-596-4500
email: whatfield@gibbonslaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:** **Honeywell International Inc.**

12/15/2023

Dated

Name:  Benny Dehghi
Title:  VP, Global Remediation and Site
Redevelopment
Address:  855 S Mint St
Charlotte, NC. 28202

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Chuck Anthony
Title:  VP and General Counsel- Health, Safety,
Environment, Product Stewardship, and
Sustainability
Company:  Honeywell International Inc.
Address:  855 S Mint St
Charlotte, NC. 28202
Phone:  980-279-3070
email:  Charles.anthony@honeywell.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

## FOR: ISP Chemicals LLC

12/7/23
Dated

Name: Edward Meeks
Title: Senior Manager - Remediation
Address: 500 Hercules Road
Wilmington, Delaware 19808-1599

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Robin Lampkin |
| Title: | SVP, General Counsel and Secretary |
| Company: | ISP Chemicals LLC c/o Ashland Inc. |
| Address: | 500 Hercules Road |
| | Wilmington, Delaware 19808-1599 |
| Phone: | 614-271-3019 |
| email: | relampkin@ashland.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Leemilt's Petroleum, Inc.
- and -
Getty Properties Corp., General Partner for Power Test Realty Company Limited Partnership

12-13-2023
Dated

Name: Joshua Dicker
Title: Executive Vice-President
Address: 292 Madison Ave., 9th Fl., New York, NY 10017

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:   Legacy Vulcan, LLC

12-6-2023
Dated

Name:   D. Franklin, III
Title:   Senior Vice President and General Counsel
Address:   1200 Urban Center Drive
Birmingham, Alabama 35242

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Eddie Lewis
Title:   Partner
Company:   Norton Rose Fulbright US LLP
Address:   1301 McKinney, Suite 5100
Houston, TX 77010-3095
Phone:   (713) 651-3760
email:   eddie.lewis@nortonrosefulbright.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:     Mallinckrodt LLC

12/7/2023
Dated

Name:   Cathi Ponciroli
Title:   Vice President
Address:   385 Marshall Avenue, Webster Groves, MO
63119

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | CT Corporation System |
| Title: |  |
| Company: |  |
| Address: | 820 Bear Tavern Road, Ste 305 |
|  | West Trenton, NJ 08628 |
| Phone: | 609-538-1818 |
| email: |  |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   **National-Standard, LLC**

12/14/23
_____
Dated

Name:   Peter Sperling
Title:   Manager
Address:   25701 Bella Vista Parkway, Warrenville, IL
60555

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Stanley H. Meadows
Title:   Assistant Secretary
Company:   National-Standard, LLC
Address:   444 W. Lake St. Rm. 4000
Chicago, IL 60606
Phone:   (312) 984-7570
email:   smeadows@mwe.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:

12/9/31

Dated

Name: Adam Knoll
Title: SVP
Address: 1 Crossroads Drive, 303
Bedminster, NJ 07921

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Adam Knoll
Title: SVP
Company: Neu Holdings U.S. Corporation
Address: 1 Crossroads Drive, 303
Bedminster, NJ 07921
Phone: 973-428-0065
email: aknoll@edenwood realty.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/9/2023
_____
Dated

Name: _____ Adam Knoll
Title: _____ SUP
Address: _____ 1 Crossroads Drive, 303
Belminster, NJ 07921

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: _____ Adam Knoll
Title: _____ SUP
Company: _____ Eden Wood Corporation
Address: _____ 1 Crossroads Drive, 303
Belminster, NJ 07921
Phone: _____ 973-428-0065
email: _____ aknoll@edenwoodrealty.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:**   **The Newark Group, Inc., on its behalf
and as successor to Newark Boxboard
Company**

12-14-23
_____
Dated

Name:   Timothy Bergwall

Title:   President

Address:   425 Winter Road
Delaware, OH 43015

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   David M. Meezan, Esq.

Title:   Partner

Company:   Kazmarek Mowrey Cloud Laseter LLP

Address:   1230 Peachtree Street NE
Suite 900
Atlanta, GA  30309

Phone:   (404) 969-0733

email:   dmeezan@kmcllaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:   NEWARK MORNING LEDGER CO.**

*12-6-2023*
Dated

Name:  Stephen Leotsakos
Title:  Vice President of Operations
Address:  One Gateway Center, Suite 123, Newark,
New Jersey 07102

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Frances B. Stella, Esq.
Title:  Member
Company:  Brach Eichler LLC
Address:  101 Eisenhower Parkway
Roseland, New Jersey 07068
Phone:  973-403-3149
email:  fstella@bracheichler.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: Newell Brands Inc. on behalf of itself and its indemnitee and former subsidiary Goody Products, Inc.

December 15, 2023
Dated

Name:  Raj Dave
Title:  Assistant Secretary
Address:  6655 Peachtree Dunwoody Rd.
Atlanta, GA 30328

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Andrew N. Sawula
Title:  Partner
Company:  ArentFox Schiff LLP
Address:  One Westminster Place, Suite 200
Lake Forest, IL 60045
Phone:  847-295-4336
email:  andrew.sawula@afslaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:** **Novelis Corporation (f/k/a Alcan Aluminum Corporation**

12.14.2023
Dated

Name: Julie Harris
Title: Assistant Secretary
Address: One Phipps Plaza
3550 Peachtree Road, Suite 1100
Atlanta, Georgia 30326

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Julie Harris
Title: Assistant Secretary
Company: Novelis Corporation (f/k/a Alcan Aluminum Corporation
Address: One Phipps Plaza, 3550 Peachtree Road, Suite 1100, Atlanta, Georgia 30326
Phone: (404) 760-4000
email: Julie.Harris@novelis.adityabirla.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

Dated: 12/15/2023

Name: Damon T. Emmasola, Esq
Title: Attorney for the OKenite Company
Address: 200 Passaic Street
MacCasrick N05 07601

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Frank Giuliano, Esq
Title: General Counsel
Company: The oKenite Company
Address: 102 Hilltop Road
Ramsey, NJ 07446
Phone: 201-825-0300
email: f.Giuliano@okenite.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   **Otis Elevator Company**

12/12/23

Dated

Name:   Katherine Bertini
Title:   Vice President - Litigation & Policy
Address:   One Carrier Place
Farmington, CT  06032

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   James Ray, Esq.
Title:   Partner
Company:   Robinson & Cole LLP
Address:   280 Trumbull St.
Hartford, CT  06103-3597
Phone:   (860) 275-8257
email:   jray@rc.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR: PABST BREWING COMPANY, LLC**

12/14/23
Dated

Name: Heather L. Demirjian
Title: Counsel for Pabst Brewing Company, LLC
Address: Cole Schotz P.C.
25 Main Street
Hackensack, NJ 07601

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Heather L. Demirjian |
| Title: | Counsel for Pabst Brewing Company, LLC |
| Company: | Cole Schotz P.C. |
| Address: | 25 Main Street |
| | Hackensack, NJ 07601 |
| Phone: | (201) 525-6332 |
| email: | hdemirjian@coleschotz.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:  Palin Enterprises L.L.C.

11/30/2023

Dated

Name: Michael Palin

Title: Manager

Address: 235 Park Avenue South
New York, New York 10003

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Diana L. Buongiorno, Esq. |
| Title: | Counsel for Palin Enterprises L.L.C. |
| Company: | Chiesa Shahinian & Giantomasi PC |
| Address: | 105 Eisenhower Parkway |
| | Roseland, New Jersey 07068 |
| Phone: | 973-530-2075 |
| email: | dbuongiorno@csglaw.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

## FOR:   PASSAIC PIONEER PROPERTIES CO.

12/14/2023

12/14/2023

Dated

Name:    George H. Buermann
Title:    Partner, Goldberg Segalla, LLP
Address:   1037 Raymond Boulevard, Suite 1010
Newark, New Jersey, 07102

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    George H. Buermann
Title:    Partner
Company:   Goldberg Segalla, LLP
Address:   1037 Raymond Boulevard, Suite 1010
Newark, NJ 07102
Phone:    973.681.7002
email:    gbuermann@goldbergsegalla.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

December 5, 2023
Dated

Name:   Jeffrey B. Chasnow
Title:   Senior Vice President
Address: Pfizer Inc.

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:     Ronald J. Schott, Esq.
Title:    Assistant General Counsel
Company:  Pfizer Inc.
Address:  100 Route 206 North
          Peapack, NJ 10017-5755
Phone:    908-901-7844
email:    Ronald. Schott@pfizer.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

### FOR:   Pitt-Consol Chemical Company

12/15/23
Dated

Name: THOMAS E. STIKLEY
Title: OFFICER
Address: 974 CENTRE RD, CRP 735
Wilmington, DE 19805

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Thomas Warnock |
| Title: | Associate General Counsel |
| Company: | EIDP, Inc. |
| Address: | 974 Centre Road Bldg 735 |
| | Wilmington, DE 19805 |
| Phone: | 302-485-3053 |
| email: | thomas.a.warnock@corteva.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:   EIDP, Inc. f/k/a E. I. du Pont de Nemours and Company**

12/15/23
Dated

Name: THOMAS E. STIKLEY
Title: REMEDIATION GROUP LEADER
Address: 974 CENTRE RD, CRP 735
WILMINGTON, DE 19805

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Thomas Warnock |
| Title: | Associate General Counsel |
| Company: | EIDP, Inc. |
| Address: | 974 Centre Road Bldg 735 |
| | Wilmington, DE 19805 |
| Phone: | 302-485-3053 |
| email: | thomas.a.warnock@corteva.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

**PPG Industries, Inc.**

12/14/2023
_____
Dated

Name:    Anne M. Foulkes
Title:    Sr. V.P. & General Counsel
Address:  One PPG Place
          Pittsburgh PA 15272

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Steven F. Faeth
Title:    Asst. Gen. Counsel EHS & Sustainability
Company: PPG Industries, Inc.
Address: One PPG Place
         Pittsburgh PA 15272
Phone:   (412) 310-0576
email:   sfaeth@ppg.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:   Purdue Pharma Technologies Inc. and Nappwood Land Corporation (a subsidiary of Purdue Pharma Technologies Inc.)**

12/6/23
Dated

Name: Edward B Mahoney
Title: Executive Vice President
Address: 201 Tresser Blvd
Stamford   CT   06901

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: **Quality Carriers, Inc., on behalf of itself and Quala Systems, Inc.**

Dec 6, 2023
Dated

Name: Anne M. Laughlin
Title: General Counsel and Corporate Secretary
Address: 1208 East Kennedy Boulevard, Suite 132, Tampa, Florida 33602

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Meaghan A. Colligan
Title: Associate
Company: Holland & Knight LLP
Address: 800 17th Street N.W., Suite 1100
Washington, District of Columbia 20006
Phone: (202) 469-5406
email: Meaghan.Colligan@hklaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

> **FOR:** **Revere Smelting and Refining Corporation**

Dec. 12, 2023

*Jane C Luxton*

Dated

Name: Jane C. Luxton
Title: Partner, Lewis Brisbois Bisgaard & Smith, LLP
Address: 2112 Pennsylvania Ave., N.W., Suite 500, Washington, DC 20037

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Jane C. Luxton |
| Title: | Partner |
| Company: | Lewis Brisbois Bisgaard & Smith, LLP |
| Address: | 2112 Pennsylvania Ave., N.W., Suite 500 |
| | Washington, DC 20037 |
| Phone: | 202-558-0659 |
| email: | Jane.luxton@lewisbrisbois.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   **Royce Associates, L.P.**

12/15/23
Dated

Name:   Albert J. Royce IV
Title:   President, Manopco, Inc., G.P, Royce
Associates, L.P.
Address   35 Carlton Avenue, East Rutherford, NJ
:   07073

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Albert J Royce IV |
| Title: | President, Manopco, Inc., G.P. Royce Associates, L.P. |
| Company: | Manopco, Inc. – Royce Associates, L.P. |
| Address: | 35 Carlton Avenue |
| | East Rutherford, NJ 07073 |
| Phone: | 201-438-5200 |
| email: | AJ.ROYCE@ROYCEGLOBAL.COM |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: **RTC PROPERTIES, INC., a New York corporation**

12/12/2023
Dated

Name:    Robert T. Neu
Title:     President
Address: 140 Central Avenue, Suite 100
            Kearny, New Jersey 07032-4696

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    John S. Stolz, Esq.
Title:     Partner
Company: Lowenstein Sandler LLP
Address: One Lowenstein Drive
            Roseland, NJ 07068
Phone:   (973) 597-6228
email:    jstolz@lowenstein.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:   **S & A REALTY CORP.**

12/11/2023
Dated

Name:   JEFFREY M. POLLOCK
Title:   COUNSEL FOR S & A REALTY CORP.
Address:   FOX ROTHSCHILD
997 Lenox Drive
Lawrenceville, NJ 08648

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | Jeffrey M. Pollock |
| Title: | Counsel for S & A Realty |
| Company: | Fox Rothschild |
| Address: | 997 Lenox Drive |
|  | Lawrenceville, NJ 08648 |
| Phone: | 609-895-7660 |
| email: | jmpollock@foxrothschild.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: **Safety-Kleen Envirosystems Company, by McKesson Corporation, and McKesson Corporation**

Dec 11, 2023
Dated

Name: Akinjide Falaki
Title: Senior Vice-President & Treasurer
Address: McKesson Corporation
6535 State Hwy. 161, Irving, TX 75039

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Aliyya Haque
Title: Lead Counsel-Litigation
Company: McKesson Corporation
Address: 6535 State Hwy. 161
Irving, TX 75039
Phone: 972-589-8085
email: aliyya.haque@mckesson.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:** Schiffenhaus Packaging Corp.,
WestRock Company and its subsidiary
WestRock -Southern Container, LLC

12.
Dated

Name: Nina E. Butler
Title: Chief Env. Officer & Dep. Gen. Counsel
Address: 1000 Abernathy Rd.
Atlanta, GA 30328

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

| | |
|---|---|
| Name: | Brian Montag |
| Title: | Partner |
| Company: | K&L Gates LLP |
| Address: | One Newark Center, 10th FL |
| | Newark, NJ 07102 |
| Phone: | 973-848-4044 |
| email: | Brian.Montag@klgates.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/11/2023
Dated

Name:   Gary P. Gengel
Title:    Outside Counsel for Chromalloy Corporation
            f/k/a Sequa Corporation
Address: 1271 Avenue of the Americas
            New York, NY 10020

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:     Gary P. Gengel
Title:      Outside Counsel for Chromalloy Corporation
             f/k/a Sequa Corporation
Company: Latham & Watkins LLP
Address:  1271 Avenue of the Americas
             New York, NY 10020
Phone:    (609) 306-9835
email:     Gary.Gengel@lw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

11/30/23
Dated

Name: Joseph A. Miele
Title: Chariman
Address:  75 Jacobus Ave. Kearny, NJ 07032

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  Joseph A. Miele
Title:  Chariman
Company:  Spectraserv, Inc.
Address:  75 Jacobus Ave. Kearny, NJ 07032

Phone:  973-589-0277
email:  jam@spectraserv.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   **Stanley Black & Decker, Inc.**

12/7/23

Dated

Name:   Theodore C. Morris
Title:   Assistant General Counsel & Assistant
          Secretary
Address:   1000 Stanley Drive
           New Britain, CT 06053

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Andrew L. Kolesar
Title:   Counsel for Stanley Black & Decker, Inc.
Company:   Thompson Hine LLP
Address:   312 Walnut Street, Suite 2000
           Cincinnati, OH 45202
Phone:   513-352-6545
email:   Andrew.kolesar@thompsonhine.com

**FOR: STWB Inc.**

5- Dec - 2023

Dated

Name: Drew M. Reavis
Title: President
Address: 800 N. Lindbergh Blvd,
St. Louis, MO 63167

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: _____
Title: _____
Company: _____
Address: _____

Phone: _____
email: _____

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:   **Sun Chemical Corporation (f/k/a Sun/DIC
        Acquisition Corporation) and DIC
        Americas Inc., as guarantor**

12/12/23
Dated

Name:   James R. Van Horn
Title:   Chief Administrative Officer,
         General Counsel and Secretary
Address:   35 Waterview Boulevard
           Parsippany, NJ 07054

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Martha N. Donovan, Esq.
Title:   Attorney
Company:   Norris McLaughlin, P.A.
Address:   400 Crossing Blvd., 8th Floor
           Bridgewater, NJ 08807
Phone:   908-252-4240
email:   mndonovan@norris-law.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR:**   Primary Products Ingredients Americas LLC (f/k/a
Tate & Lyle Ingredients Americas LLC f/k/a A.E.
Staley Manufacturing Company)

12/8/2023
Dated

Name:   John R. Holsinger, Esq.
Title:   Attorney in Fact
Address:   John R. Holsinger LLC
One University Plaza, Suite 611
Hackensack, New Jersey 07601

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   John R. Holsinger, Esq.
Title:   Attorney in Fact
Company:   Primary Products Ingredients Americas LLC (f/k/a Tate
& Lyle Ingredients Americas LLC f/k/a A.E. Staley
Manufacturing Company)
Address:   c/o John R. Holsinger LLC
One University Plaza, Suite 611
Hackensack, New Jersey 07601

Phone:   201-487-9000
email:   johnh@jrholsinger.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

12/14/23

Dated

Name: David J. Marck, Esq.
Title: Sr. Director, Legal Counsel, Teva Pharmaceuticals USA, Inc.
Address: 400 Interpace Parkway
Parsippany, NJ 07054

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: David J. Marck, Esq.
Title: Sr. Director, Legal Counsel
Company: Teva Pharmaceuticals USA, Inc.
Address: 400 Interpace Parkway, Parsippany NJ 07054

Phone: 973-307-6348
email: david.marck@tevapharm.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Teva Corporation

11.29.23
Dated

Name: Lee Henig-Elona
Title: Atty
Address:

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Lee Henig-Elona
Title: Attorney
Company: Gordon Rees
Address: 18 Columbia TPK
Florham Park NJ 07932
Phone: 973 549-2520
email: lhenig-elona@grsm.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR:   **TEXTRON INC.**

12/13/23
Dated

Name:    Lawrence La Sala
Title:    Vice President and Deputy General Counsel
Address:  Textron Inc.
         40 Westminster St.  Providence, RI 02903

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Jamieson Schiff
Title:    Executive Counsel
Company:  Textron Inc.
Address:  40 Westminster St.
         Providence, RI 02903
Phone:   401-457-2422
email:   jschiff@textron.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR: KAO USA INC.**

12/11/23
Dated    Name: Stephen C. Cagle
         Title: Vice President, Global Functions
         Address: 2535 Spring Grove Ave.
                  Cincinnati, OH  45214


If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.


Name: M. Zack Hohl
Title: Outside counsel for Kao USA Inc.
Company: Bricker Graydon LLP
Address: 312 Walnut Street, Suite 1800
         Cincinnati, OH  45202
Phone: (513) 629-2760
email: zhohl@brickergraydon.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:   Messer LLC (f/k/a Linde LLC, f/k/a The BOC Group, Inc.

12/7/2023
_____
Dated

Name:   Richard F. Ricci
Title:   Counsel to Messer LLC
Address:   Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | Richard F. Ricci |
| Title: | Of Counsel |
| Company: | Lowenstein Sandler LLP |
| Address: | One Lowenstein Drive |
|  | Roseland, NJ 07068 |
| Phone: | 973-597-2462 |
| email: | rricci@lowenstein.com |

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

FOR: Three County Volkswagen

11.29.23
Dated

Name: Lee Henig-Elona
Title: Attorney
Address:

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Lee Henig-Elona
Title: Attorney
Company: Gordon Rees
Address: 18 Columbia Tpk
Florham Park NJ 07932
Phone: 973 549-2520
email: lhenig-elona@grsm.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**: Tiffany and Company

12/12/2023
Dated

Name: Anthony Ledru
Title: President · CEO
Address: 200 Fifth Avenue
New York, NY 10010

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: William Hatfield
Title: Director
Company: Gibbons P.C.
Address: One Gateway Center,
Newark, NJ 07102-5310
Phone: 973-596-4511
email: whatfield@gibbonslaw.com

Signature Page for Consent Decree in *United States v. Alden Leeds, Inc., et al.* (D.N.J.)

**FOR**:

December 5, 2023

Dated

Name:   Laura Chenoweth
Title:   Vice President
Address:   Wyeth LLC

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Ronald J. Schott, Esq.
Title:   Assistant General Counsel
Company:   Pfizer Inc.
Address:   100 Route 206 North
Peapack, NJ 10017-5755
Phone:   908-901-7844
email:   Ronald. Schott@pfizer.com

**Appendix A**

**Settling Defendants**

**Lower Passaic River Study Area of the Diamond Alkali Superfund Site (OU2 & OU4)**

| | Settling Defendants | Properties/Facilities |
|---|---|---|
| 1. | TFCF America, Inc. (f/k/a 21st Century Fox America, Inc.) | One Facility:<br><br>100 Lister Avenue, Newark, NJ 07105 |
| 2. | Alden Leeds, Inc. | Three Facilities:<br><br>2145 McCarter Highway, Newark, NJ 07104<br><br>100 North Hackensack Avenue, Kearny, NJ 07032<br><br>55 Jacobus Avenue, Kearny, NJ 07032 |
| 3. | Alliance Chemical, Inc. | One Facility:<br><br>339-355 Avenue P., Newark, NJ 07105 |
| 4. | Arkema Inc. (f/k/a the Pennwalt Corporation/Atochem North America, Inc./Elf Atochem North America, Inc./ATOFINA Chemicals, Inc.) | One Facility:<br><br>25 and 67 Main Street, Belleville, NJ 07109 (3 parcels described as Belleville Block 8, Lot 45; Block 5, Lot 1; Block 3, Lot 1; Newark Block 827, Lot 8) |
| 5. | Ashland Inc. (f/k/a Ashland LLC) | One Facility:<br><br>221 Foundry Street, Newark, NJ 07105 |
| 6. | Atlantic Richfield Company | One Facility:<br><br>86 Doremus Avenue, Newark, NJ 07105 |
| 7. | Atlas Refinery, Inc. | One Facility:<br><br>142 Lockwood Street, Newark, NJ 07105 |
| 8. | BASF Corporation<br><br>BASF Catalysts LLC (a wholly owned subsidiary of BASF Corporation) | Two Facilities:<br><br>50 Central Avenue, Kearny, NJ 07032<br><br>1 West Central Avenue, East Newark, NJ |

| | Settling Defendants | Properties/Facilities |
|---|---|---|
| 9. | Benjamin Moore & Co. | One Facility:<br><br>134 Lister Avenue, Newark, NJ 07105 |
| 10. | Newell Brands Inc. on behalf of itself and Berol Corporation | One Facility:<br><br>The facility at the address commonly known as 41 Dickerson Street, Newark, NJ |
| 11. | Canning Gumm, LLC | One Facility:<br><br>538 Forest Street, Kearny, NJ 07032 |
| 12. | Paramount Global (f/k/a ViacomCBS Inc. f/k/a CBS Corporation) | One Facility:<br><br>95 Orange Street, Newark, NJ 07102 |
| 13. | CNA Holdings LLC (for Rome and Ferry Streets)<br><br><br><br>CNA Holdings LLC / Celanese Ltd. (by and through its general partner Celanese International Corporation), and its contractual indemnitor Essex County Improvement Authority (for Doremus Avenue) | Three Facilities:<br><br>226 Rome Street, Newark, NJ 07105<br><br>290 Ferry Street, Newark, NJ 07105<br><br><br>354 Doremus Avenue, Newark, NJ 07105 |
| 14. | Chevron Environmental Management Company for itself and on behalf of Texaco Inc., TRMI-H LLC  (formerly known as Getty Refining and Marketing Company, and Getty Oil Company (Eastern Operations) Inc.) and Four Star Oil & Gas Company (f/k/a Getty Oil Company and Tidewater Oil Company) | One Facility:<br><br>86 Doremus Avenue, Newark, NJ 07105 |

|  | Settling Defendants | Properties/Facilities |
|---|---|---|
| 15. | Coats & Clark, Inc. | Two Facilities:<br><br>900 Passaic Avenue, East Newark, NJ 07029 / 260 Ogden Street, Newark, NJ 07104<br><br>735 Broad Street, Bloomfield, NJ 07003 |
| 16. | Congoleum Corporation<br><br>Now known as 'Old Congoleum' as defined in Section III of this Consent Decree and Liberty Mutual Insurance Company ("Liberty Mutual"), in its capacity as an insurer of Old Congoleum. | One Facility:<br><br>195 Belgrove Drive, Kearny, NJ 07032<br><br>Property bordered by Bergen Avenue, Marshall Street, Belgrove Drive and the Passaic River in Kearny, New Jersey, more specifically identified as Block 15 (Lots 2.01, 2.02, 7.01, 7.02, 7.03, 8A, 8.01, 8.02, 8.04, 9, 19, 20, 21, 22.01, 22.02, and 23A) and Block 1 (Lots 12, 12.01, 13, 14, and 15) on the tax map of Kearny, New Jersey, f/k/a the Congoleum Corporation Facility and a/k/a 195 Belgrove Drive and 113 Passaic Avenue, Kearny, NJ 07032 |

|   | **Settling Defendants** | **Properties/Facilities** |
|---|---|---|
| 17. | Cooper Industries, LLC, as successor-by-merger to Cooper Industries, Inc., which was the successor-by-merger to McGraw-Edison Company (formed by the merger of McGraw Electric Company and Thomas A. Edison, Inc.) as successor to liabilities associated with the Belmont Facility and the Glen Ridge Facility of (1) Thomas A. Edison, Inc., (2) Thomas A. Edison, (3) Edison Storage Battery Company, (4) Storage Battery Division of Thomas A. Edison, Inc., (5) Edison Storage Battery Company (also known as the Chemical Works Division and/or the Active Materials Division), (6) Cooper Industries, Inc.'s former subsidiary, Battery Products, Inc.; | Four Facilities:<br><br>75 Belmont Avenue, Belleville, NJ 07109, consisting of property located in the Silver Lake area of the townships of Bloomfield and Belleville, New Jersey (including both the Primary Battery Facility and the Storage Battery Business, also referred to as the Edison Chemical Works Division and the Active Materials Department)<br><br>2021 Early Cash Out:  Sherman Avenue between Bloomfield Avenue and Belleville Avenue, Glen Ridge, NJ |
|  | Cooper Industries, LLC,  as successor to J. Wiss & Sons, Inc. with respect to liabilities associated with the Littleton Facility and the Bank Street Facility of J. Wiss & Sons, Inc./Jacob Wiss and other Wiss family members/Fredken Corp. | 33 Littleton Avenue, Newark, NJ 07107<br><br>7, 13, & 26 Bank Street, Newark, NJ 07102 |
| 18. | Covanta Essex Company, f/k/a American Ref-Fuel Company of Essex, a New Jersey general partnership and its former and current partners Covanta Essex LLC (f/k/a ARC Essex LLC and Duke/UAE Essex LLC) and Covanta Essex II, LLC (f/k/a Covanta Essex II, Inc., ARC Essex II, Inc. and Duke/UAE Essex II, Inc.) | One Facility:<br><br>183 Raymond Blvd., Newark, NJ 07105 / 66 Blanchard St., Newark, NJ |
| 19. | Croda Inc. | One Facility:<br><br>2021 Early Cash Out: 185 Foundry Street, Newark, NJ |

|  | **Settling Defendants** | **Properties/Facilities** |
|---|---|---|
| 20. | Curtiss-Wright Corporation | One Facility:<br><br>1 Passaic Avenue, Wood Ridge, NJ 07075 |
| 21. | Darling Ingredients Inc. | Two Facilities:<br><br>2021 Early Cash Out: 61 Blanchard Street, Newark, NJ and 1215 Harrison Avenue, Kearny, NJ |
| 22. | DII Industries, LLC | One Facility:<br><br>401 Worthington Avenue, Harrison, NJ 07029 a/k/a 401 Supor Boulevard, Harrison, NJ 07029 |
| 23. | DPC Settling Parties (DiLorenzo Properties Company, a limited partnership, including current and former partners; the Estates of Sol Goldman, Irving Goldman, Alex DiLorenzo, Jr. and Alex DiLorenzo III; and Goldlex Holding Company and GHC in Liquidation, as well as the partnerships between the Estate of Sol Goldman, Irving Goldman and DiLorenzo Properties Company) | One Facility:<br><br>2018 Early Cash Out:  Property located at Passaic Avenue and Belgrove Drive, Kearny, Hudson County, New Jersey, as more specifically identified as Block 1, Lots 9, 10 and 11 and Block 14, Lots 3 and 4 on the tax map of Kearny, New Jersey, formerly known as the American Modern Metals Site and a/k/a 44 and 65 Passaic Avenue and 25 Belgrove Drive, Kearny, New Jersey |
| 24. | Elan Chemical Co., Inc. | One Facility:<br><br>268 Doremus Avenue, Newark, NJ 07105 |
| 25. | EM Sergeant Pulp & Chemical Company | One Facility:<br><br>2018 Early Cash Out: 120 Lister Avenue, Newark, NJ 07105 |

| | **Settling Defendants** | **Properties/Facilities** |
|---|---|---|
| 26. | EnPro Holdings, Inc. as successor to the liabilities of EnPro Inc. (f/k/a EnPro Industries, Inc.), Coltec Industries Inc., Colt Industries Inc., Crucible Steel Corporation, Crucible, Inc., and Crucible Steel Company of America, and EnPro Inc. (f/k/a EnPro Industries, Inc.) as indemnitor to Crucible Materials Corporation | One Facility:<br><br>900-1000 Frank E. Rodgers Boulevard South, Harrison, NJ 07029, including 600 Cape May Street, Harrison, NJ 07029 |
| 27. | EPEC Polymers, Inc., on behalf of itself and El Paso Tennessee Pipeline Co. | One Facility:<br><br>290 River Drive, Garfield, NJ 07026 |
| 28. | Essex Chemical Corporation, including Essex Industrial Chemicals, Inc. as its wholly owned subsidiary. | One Facility:<br><br>330-352 Doremus Avenue, Newark, NJ 07105 |
| 29. | Everett Smith Group, Ltd., n/k/a Lear Mexican Seating Corporation | One Facility:<br><br>20 Bruen Street, Newark, NJ 07105 |
| 30. | Fiske Brothers Refining Co. | One Facility:<br><br>2018 Early Cash Out: 129 Lockwood Street, Newark, NJ |
| 31. | Flexon Industries Corp. | One Facility:<br><br>2021 Early Cash Out: 666 Washington Avenue, Belleville, NJ |
| 32. | Franklin-Burlington Plastics, Inc. | One Facility:<br><br>113 Passaic Avenue, Kearny, NJ 07032 |
| 33. | Garfield Molding Company, Inc. | One Facility:<br><br>10 Midland Avenue, Wallington, NJ 07057 |

| | **Settling Defendants** | **Properties/Facilities** |
|---|---|---|
| 34. | General Electric Company | Two Facilities:<br><br>1000 South 2nd Street, Harrison, NJ 07029<br><br>The approximately 14 acre former RCA/GE facility in Harrison, New Jersey with addresses including 415 South 5th Street , 400 South 5th Street, 420 South 5th Street, 512 South 7th Street, 501 Bergen Street, 530 Bergen Street, Harrison NJ 07029 |
| 35. | Givaudan Fragrances Corporation | One Facility:<br><br>125 and 100 Delawanna Avenue, Clifton, NJ 07014 (which are now multiple subdivided parcels) |
| 36. | Goodrich Corporation for itself, Kalama Specialty Chemicals, Inc. and Noveon Kalama Inc. (f/k/a Kalama Chemical, Inc., f/k/a BF Goodrich Kalama, Inc.) | One Facility:<br><br>290 River Drive, Garfield, NJ 07026 |
| 37. | L3Harris Technologies, Inc., (f/k/a Harris Corporation), successor in interest to Exelis Inc., successor in interest to ITT Corporation with respect to its former facility in Clifton and Nutley, NJ. | One Facility:<br><br>100 Kingsland Road (now 77 River Road), Clifton, New Jersey; 500 Washington Avenue, 390  Washington Avenue, 417 River Road, 483 River Road, and 491/493 River Road,  and 492 River Road, Nutley, New Jersey |
| 38. | Harrison Supply Company | One Facility:<br><br><u>2018 Early Cashout</u>:  800 Passaic Avenue, East Newark, NJ |
| 39. | The Hartz Consumer Group, Inc. as successor to certain liabilities of The Hartz Mountain Corporation, on its behalf, and on behalf of The Hartz Mountain Corporation | One Facility:<br><br>600, 700 South 4th Street, Harrison, NJ 07029 |
| 40. | Hexcel Corporation | One Facility:<br><br>205 Main Street, Lodi, NJ 07644 |
| 41. | Hoffmann-La Roche Inc. | One Facility:<br><br>340 Kingsland Road, Nutley, NJ 07110 |

| | **Settling Defendants** | **Properties/Facilities** |
|---|---|---|
| 42. | Honeywell International Inc. | One Facility:<br><br>65 Lodi Street/8th Street, Passaic, NJ 07055 |
| 43. | ISP Chemicals LLC | One Facility:<br><br>11 William Street, Belleville, NJ 07109 |
| 44. | Leemilt's Petroleum, Inc. (successor to Power Test of New Jersey, Inc.), on its behalf and on behalf of Power Test Realty Company Limited Partnership and Getty Properties Corp., the General Partner of Power Test Realty Company Limited Partnership | One Facility:<br><br>86 Doremus Avenue, Newark, NJ 07105 |
| 45. | Legacy Vulcan, LLC | One Facility:<br><br>600 Doremus Ave., Newark, NJ 07105 (The property which is the subject of the May 1, 1974 Grant Deed between Vulcan Materials Company and Inland Chemical Corporation which appears in Book 4476, pages 598 – 600, of the Essex County Register's Office, County of Essex, State of New Jersey) |
| 46. | Mallinckrodt LLC (f/k/a Mallinckrodt Inc.) | One Facility:<br><br><u>2018 Early Cash Out</u>: 165-167 Main St., Lodi, NJ |
| 47. | National-Standard, LLC (f/k/a National-Standard Company) | One Facility:<br><br>714-716 Clifton Avenue, Clifton, NJ 07013 |
| 48. | Neu Holdings U.S. Corporation, a Delaware corporation (f/k/a Eden Wood Corporation, a New Jersey corporation) and Eden Wood Corporation, a Delaware corporation, each as the actual or alleged successor-in-interest to Whippany Paper Board Co., Inc., a New Jersey corporation. | One Facility:<br><br>1 Ackerman Avenue (a/k/a One Ackerman Avenue), Clifton, NJ 07011 |
| 49. | The Newark Group, Inc., on its behalf and as successor to Newark Boxboard Company | One Facility:<br><br>17 Blanchard Street, Newark, NJ 07105 |

| | Settling Defendants | Properties/Facilities |
|---|---|---|
| 50. | Newark Morning Ledger Co. | One Facility:<br><br>1 Star Ledger Plaza, Newark, NJ 07102 |
| 51. | Newell Brands Inc. on behalf of itself and its indemnitee and former subsidiary Goody Products, Inc. | One  Facility:<br><br>969 Newark Turnpike, Kearny, NJ 07032 (also known as 969 Newark-Jersey City Turnpike, Kearny, NJ 07032) |
| 52. | Novelis Corporation (f/k/a Alcan Aluminum Corporation) | One Facility:<br><br>2018 Early Cash Out: 1 Jacobus Avenue, Kearny, NJ |
| 53. | The Okonite Company, Inc. | One Facility:<br><br>220 Passaic Street, Passaic, NJ 07055 (a/k/a Canal and Jefferson Streets, Passaic, NJ) |
| 54. | Otis Elevator Company | One Facility:<br><br>1000 1st Street, Harrison, NJ 07029 |
| 55. | Pabst Brewing Company, LLC | One Facility:<br><br>400 Grove Street, Newark, NJ 07111 |
| 56. | Palin Enterprises L.L.C. | One Facility:<br><br>2021 Early Cash Out: Property located at Passaic Avenue and Belgrove Drive, Kearny, Hudson County, New Jersey, as more specifically identified as Block 1, Lots 9, 10 and 11 and Block 14, Lots 3 and 4 on the tax map of Kearny, New Jersey, formerly known as the American Modern Metals Site and a/k/a 44 and 65 Passaic Avenue and 25 Belgrove Drive, Kearny, New Jersey |
| 57. | Passaic Pioneer Properties Co. | One Facility:<br><br>35 8th Street, Passaic, NJ 07055 |
| 58. | Pfizer Inc. | One Facility:<br><br>2018 Early Cash Out: 230 Brighton Road, Clifton, NJ |

| | Settling Defendants | Properties/Facilities |
|---|---|---|
| 59. | Pitt-Consol Chemical Company<br><br>And EIDP, Inc. (f/k/a E. I. du Pont de Nemours and Company) on its own behalf and on behalf of Pitt-Consol Chemical Company | One Facility:<br>191 Doremus Avenue, Newark, NJ 07105 consisting of property conveyed by deed dated and recorded August 19, 1955 in Essex County Register of Deeds and Mortgages Book 3342, Pages 367-370 as Tract 1, Tract 2 and Tract 3, and by Street Vacation Ordinance of the City of Newark adopted as of September 18, 1957 and recorded October 8, 1957 in Vacation Book 1 page 539. |
| 60. | PPG Industries, Inc. | One Facility:<br><br>29 Riverside Avenue, Newark, NJ 07104 (The approximately 7.6 acre former PPG facility in Newark, New Jersey also subsequently known as the Riverside Industrial Park consisting of the properties designated as Lots 1, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70 in Block 614 on the tax map of the City of Newark, New Jersey.) |
| 61. | Purdue Pharma Technologies, Inc. and Nappwood Land Corporation (a subsidiary of Purdue Pharma Technologies Inc.) | One Facility:<br><br>199-201 Main Street, Lodi, NJ 07644 |
| 62. | Quality Carriers, Inc.<br>Quala Systems, Inc. | One Facility:<br><br>80 Doremus Avenue, Newark, NJ 07105 |
| 63. | Revere Smelting and Refining Corporation | One Facility:<br><br>387 Avenue P, Newark, NJ 07105 |
| 64. | Royce Associates, a Limited Partnership | One Facility:<br><br>17 Carlton Avenue, East Rutherford, NJ 07073 |
| 65. | RTC Properties, Inc. | One Facility:<br><br>2018 Early Cash Out: 100 Central Ave., Kearny, NJ |
| 66. | S&A Realty Corp. | One Facility:<br><br>2018 Early Cash Out:  44 Passaic Avenue (a/k/a 25 Belgrove Drive) Kearny, NJ |

| | Settling Defendants | Properties/Facilities |
|---|---|---|
| 67. | Safety-Kleen Envirosystems Company, by McKesson Corporation, and McKesson Corporation | One Facility:<br><br>600 Doremus Ave., Newark, NJ 07105 (The property which is the subject of the May 1, 1974 Grant Deed between Vulcan Materials Company and Inland Chemical Corporation which appears in Book 4476, pages 598 – 600, of the Essex County Register's Office, County of Essex, State of New Jersey) |
| 68. | Schiffenhaus Packaging Corp., WestRock Company and its subsidiary WestRock-Southern Container, LLC | Three Facilities:<br><br>2013 McCarter Highway, Newark, NJ<br><br>204 Academy Street, Newark, NJ<br><br>49 4th Street, Newark, NJ |
| 69. | Chromalloy Corporation (f/k/a Sequa Corporation) | One Facility:<br><br>185 Foundry Street, Newark, NJ 07105 |
| 70. | Spectraserv, Inc. | One Facility:<br><br>75 Jacobus Avenue, Kearny, NJ 07032 |
| 71. | Stanley Black & Decker, Inc. (f/k/a The Stanley Works) | One Facility:<br><br>139 and 140 Chapel St., Newark, NJ 07105 |
| 72. | STWB Inc. | Two Facilities:<br><br>192 and 194 Bloomfield Avenue, Bloomfield, NJ 07003<br><br>104-112 (aka 120) Lister Avenue, Newark, NJ 07105 |
| 73. | Sun Chemical Corporation (f/k/a Sun/DIC Acquisition Corporation), and DIC Americas Inc. as guarantor | One Facility:<br><br>185 Foundry Street, Newark, NJ 07105 |
| 74. | Primary Products Ingredients Americas LLC (f/k/a Tate & Lyle Ingredients Americas LLC f/k/a A.E. Staley Manufacturing Company) | Two Facilities:<br><br>100 3rd Avenue, Kearny, NJ<br><br>320 Schuyler Avenue, Kearny, NJ 07032 |

| | Settling Defendants | Properties/Facilities |
|---|---|---|
| 75. | Teva Pharmaceuticals USA, Inc. | One Facility:<br><br>2018 Early Cash Out: 12 Industrial Park and 140 Hopper Avenue, Waldwick, NJ |
| 76. | Teval Corporation (f/k/a Charles F. Guyon General Piping Company) | One Facility:<br><br>900 -1000 Frank E. Rodgers Boulevard South, Harrison, NJ 07029 |
| 77. | Textron, Inc. | Two Facilities:<br><br>681 Main Street, Belleville, NJ 07109<br><br>2021 Early Cash Out: 400 Doremus Ave. |
| 78. | KAO USA Inc. (f/k/a The Andrew Jergens Co.) | One Facility:<br><br>2018 Early Cash Out: Approximately 23.3739 acres of land located on what was formerly known as Block 685, Lot 1 and Block 695, Lot 23 of the Town of Belleville's Tax Map, and now known as 11 Franklin Avenue, Belleville, NJ |
| 79. | Messer LLC (f/k/a Linde LLC, f/k/a The BOC Group, Inc.) | One Facility:<br><br>2018 Early Cash Out: 681 Main Street, Belleville, NJ 07109 |
| 80. | Three County Volkswagen | One Facility:<br><br>2018 Early Cash Out:701 Riverside Ave., Lyndhurst, NJ |
| 81. | Tiffany and Company | One Facility:<br><br>820 Highland Avenue, Newark, NJ 07104 |
| 82. | Wyeth (now known as Wyeth LLC) on behalf of itself and (1) its subsidiary American Cyanamid Company (now known as Wyeth Holdings LLC), and (2) Shulton Inc. | One Facility:<br><br>2018 Early Cash Out:  697 Route 46, Clifton, NJ (address also shown as 699 Route 46, Clifton, NJ or Route 46 East Colfax Avenue, Clifton, NJ or 360 Colfax Avenue, Clifton, NJ) |

**Appendix B**

# Lower Passaic River



EPA Region 2 GIS Team revised on 8/30/2022

# Appendix C

**Potentially Responsible Parties Identified by the United States As Eligible to Participate In This Consent Decree But That Are Not Settling Defendants**

|    | Party |
|----|-------|
| 1. | Automatic Electro Plating Corp. |
| 2. | Belleville Industrial Center |
| 3. | Campbell Foundry Company |
| 4. | Drum Service of Newark |
| 5. | Foundry Street Corporation |
| 6. | PMC, Inc. |
| 7. | Roman Asphalt Corporation |
| 8. | Seton Company, Inc. (Seton Tanning) |

**Appendix D**

**Settling Defendants Notice Contact Information**

**Lower Passaic River Study Area of the Diamond Alkali Superfund Site (OU2 & OU4)**

| | Settling Defendants | Contact Information |
|---|---|---|
| 1. | TFCF America, Inc. (f/k/a 21st Century Fox America, Inc.) | Jose R. Allen<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>525 University Avenue<br>Palo Alto, CA 94301<br>Tel (650) 470-4520<br>Fax (212) 735-2000<br>Mobile (415) 264-2911<br>Jose.Allen@skadden.com |
| 2. | Alden Leeds, Inc. | Candee Wilde<br>McCarter & English, LLP<br>1600 Market Street, Suite 3900<br>Philadelphia, PA 19103<br>Tel (215) 979-3814<br>cwilde@mccarter.com |
| 3. | Alliance Chemical, Inc. | Lee Henig-Elona<br>Gordon Rees<br>18 Columbia Turnpike, Ste. 220<br>Florham Park, NJ  07932<br>Tel (908) 377-9165<br>Fax (908) 607-1827<br>Lhenig-elona@grsm.com |
| 4. | Arkema Inc. (f/k/a the Pennwalt Corporation/Atochem North America, Inc./Elf Atochem North America, Inc./ATOFINA Chemicals, Inc.) | David Haworth<br>Ballard Spahr LLP<br>700 East Gate Drive, Suite 330<br>Mount Laurel, NJ 08054-0015<br>Tel (856) 873-5525<br>Fax (856) 873-9081<br>haworthd@ballardspahr.com |
| 5. | Ashland Inc. (f/k/a Ashland LLC) | William Hatfield<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel (973) 596-4511<br>Fax (973) 639-8320<br>whatfield@gibbonslaw.com |
| 6. | Atlantic Richfield Company | David Haworth<br>Ballard Spahr LLP<br>700 East Gate Drive, Suite 330<br>Mount Laurel, NJ 08054-0015<br>Tel (856) 873-5525<br>Fax (856) 873-9081<br>haworthd@ballardspahr.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 7. | Atlas Refinery, Inc. | Michael R. McAndrew, Esq.<br>Laddey, Clark & Ryan, LLP<br>60 Blue Heron Rd, Suite 300<br>Sparta, NJ 07871<br>Tel: (973) 729-1880<br>Fax: (973) 729-1224<br>MMcAndrew@lcrlaw.com |
| 8. | BASF Corporation<br><br>BASF Catalysts LLC (a wholly owned subsidiary of BASF Corporation) | David Schneider<br>Bressler, Amery & Ross, P.C.<br>325 Columbia Turnpike, Suite 301<br>Florham Park, NJ 07932<br>Tel (973) 514-1200<br>Fax (973) 514-1660<br>dschneider@bressler.com |
| 9. | Benjamin Moore & Co. | Eric S. Aronson<br>Crowell & Moring LLP<br>590 Madison Avenue, 20th Floor<br>New York, NY 10022<br>Tel (212) 590-5428<br>Fax (212) 223-4134806-6006<br>earonson@crowell.com |
| 10. | Newell Brands Inc. on behalf of itself and Berol Corporation | Andrew N. Sawula<br>ArentFox Schiff LLP<br>One Westminster Place, Suite 200<br>Lake Forest, IL 60045<br>Tel (847) 295-4336<br>andrew.sawula@afslaw.com |
| 11. | Canning Gumm, LLC | Heather Demirjian<br>Cole Schotz, P.C.<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601<br>Tel (201) 525-6332<br>Fax (201) 489-1536<br>hdemirjian@coleschotz.com |
| 12. | Paramount Global (f/k/a ViacomCBS Inc. f/k/a CBS Corporation) | Lindsay Howard<br>Babst Calland<br>Two Gateway Center, 6th Floor<br>Pittsburgh, PA 15222<br>Tel (412) 394-5444<br>Fax (412) 586-1033<br>lhoward@babstcalland.com<br><br>Alana E. Fortna, Esq.<br>Paramount Global Law Department<br>420 Ft. Duquesne Blvd., Suite 100<br>Pittsburgh, PA 15222<br>Tel (412) 642-3580<br>alana.fortna@viacomcbs.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 13. | CNA Holdings LLC (for Rome and Ferry Streets) | Duke K. McCall, III<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, NW \| Washington, DC 20004-2541<br>Tel (202) 373-6607<br>Fax: (202) 739-3001<br>duke.mccall@morganlewis.com |
| | CNA Holdings LLC / Celanese Ltd. (by and through its general partner Celanese International Corporation), and its contractual indemnitor Essex County Improvement Authority (for Doremus Avenue) | Jim O'Toole<br>Buchanan Ingersoll & Rooney PC<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102-2555<br>Tel (215) 665-3857<br>Fax (215) 665-8760<br>james.otoole@bipc.com |
| 14. | Chevron Environmental Management Company for itself and on behalf of Texaco Inc., TRMI-H LLC (formerly known as Getty Refining and Marketing Company, and Getty Oil Company (Eastern Operations) Inc.) and Four Star Oil & Gas Company (f/k/a Getty Oil Company and Tidewater Oil Company) | Nick Longo<br>Risk Management Specialist<br>Chevron Environmental Management and Real Estate Company<br>Houston, TX<br>Tel (832) 854-5711<br>Cell (303) 726-5240<br>nick.longo@chevron.com |
| 15. | Coats & Clark, Inc. | Jeffrey Gracer<br>Sive, Paget & Riesel, P.C.<br>560 Lexington Avenue, 15th Fl.<br>New York, NY 10022<br>Tel (646) 378-7280<br>Fax (212) 421-1891<br>jgracer@sprlaw.com |
| 16. | Congoleum Corporation<br><br>Now known as 'Old Congoleum' as defined in Section III of this Consent Decree and Liberty Mutual Insurance Company ("Liberty Mutual"), in its capacity as an insurer of Old Congoleum. | Scott A. Hall<br>Dughi, Hewit & Domalewski, P.C.<br>340 North Avenue<br>Cranford, NJ 07016<br>Tel (908) 272-0200<br>Fax (908) 272-0909<br>shall@dughihewit.com<br><br>Jeffrey D. Prol<br>Mary E. Seymour<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Tel (973) 597 2500<br>Fax (973) 597 2400<br>jprol@lowenstein.com<br>mseymour@lowenstein.com |

| | **Settling Defendants** | **Contact Information** |
|---|---|---|
| 17. | Cooper Industries, LLC, as successor-by-merger to Cooper Industries, Inc., which was the successor-by-merger to McGraw-Edison Company (formed by the merger of McGraw Electric Company and Thomas A. Edison, Inc.) as successor to liabilities associated with the Belmont Facility and the Glen Ridge Facility of (1) Thomas A. Edison, Inc., (2) Thomas A. Edison, (3) Edison Storage Battery Company, (4) Storage Battery Division of Thomas A. Edison, Inc., (5) Edison Storage Battery Company (also known as the Chemical Works Division and/or the Active Materials Division), (6) Cooper Industries, Inc.'s former subsidiary, Battery Products, Inc.;<br><br>Cooper Industries, LLC, as successor to J. Wiss & Sons, Inc. with respect to liabilities associated with the Littleton Facility and the Bank Street Facility of J. Wiss & Sons, Inc./Jacob Wiss and other Wiss family members/Fredken Corp. | Lisa D. Sutton<br>Vice President/Chief Counsel – Regulatory & Sustainability<br>Eaton – Law Department; Mail Code 4N<br>1000 Eaton Boulevard<br>Cleveland, OH 44122<br>Tel (440) 523-4358<br>Mobile (216) 375-5921<br>LisaDSutton@eaton.com |
| 18. | Covanta Essex Company, f/k/a American Ref-Fuel Company of Essex, a New Jersey general partnership and its former and current partners Covanta Essex LLC (f/k/a ARC Essex LLC and Duke/UAE Essex LLC) and Covanta Essex II, LLC (f/k/a Covanta Essex II, Inc., ARC Essex II, Inc. and Duke/UAE Essex II, Inc.) | Barbara Kelly<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>Tel (973) 735-5765<br>Fax (973) 624-0808<br>barbara.kelly@wilsonelser.com |
| 19. | Croda Inc. | Athena Dalton<br>Michelle Schmit<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel (312) 705-7400<br>Fax (312) 705-7401<br>athenadalton@quinnemanuel.com<br>michelleschmit@quinnemanuel.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 20. | Curtiss-Wright Corporation | Diana L. Buongiorno<br>Chiesa Shahinian & Giantomasi PC<br>105 Eisenhower Parkway<br>Roseland, NJ 07068<br>Tel (973) 530-2075<br>Fax (973) 530-2275<br>dbuongiorno@csglaw.com |
| 21. | Darling Ingredients Inc. | Douglas G. Haynam<br>Shumaker<br>1000 Jackson Street<br>Toledo, Ohio 43604-5573<br>Tel (419) 321-1354<br>Fax (419) 367-3512<br>dhaynam@shumaker.com |
| 22. | DII Industries, LLC | Martha S. Thomsen<br>Baker Botts<br>700 K Street, N.W.<br>Washington, D.C. 20001-5692<br>Tel (202) 639-7863<br>Fax (202) 508-9329<br>martha.thomsen@bakerbotts.com |
| 23. | DPC Settling Parties (DiLorenzo Properties Company, a limited partnership, including current and former partners; the Estates of Sol Goldman, Irving Goldman, Alex DiLorenzo, Jr. and Alex DiLorenzo III; and Goldlex Holding Company and GHC in Liquidation, as well as the partnerships between the Estate of Sol Goldman, Irving Goldman and DiLorenzo Properties Company) | Richard Ericsson<br>Cole Schotz, P.C.<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601<br>Tel (201) 525-6346<br>Fax (201) 678-6346<br>rericsson@coleschotz.com |
| 24. | Elan Chemical Co., Inc. | Saiber LLC<br>Geri L. Albin<br>Randi Schilliger<br>18 Columbia Turnpike<br>Suite 200<br>Florham Park, NJ 07932<br>Tel (973) 845-7719<br>Tel (973) 622-3455<br>Fax (973) 622-3349<br>galbin@saiber.com |
| 25. | EM Sergeant Pulp & Chemical Company | Mark L. Freed, Esq.<br>Curtin & Heefner LLP<br>2005 S. Easton Road, Suite 100<br>Doylestown, PA 18901<br>Tel (267) 898-0570<br>mlf@curtinheefner.com |

|     | **Settling Defendants** | **Contact Information** |
| --- | --- | --- |
| 26. | EnPro Holdings, Inc. as successor to the liabilities of EnPro Inc. (f/k/a/ EnPro Industries, Inc.), Coltec Industries Inc., Colt Industries Inc., Crucible Steel Corporation, Crucible, Inc., and Crucible Steel Company of America, and EnPro Inc. (f/k/a EnPro Industries, Inc.) as indemnitor to Crucible Materials Corporation | Jerry Ronecker<br>Husch Blackwell LLP<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105<br>Tel (314) 480-1831<br>Fax (314) 480-1505<br>jerry.ronecker@huschblackwell.com |
| 27. | EPEC Polymers, Inc., on behalf of itself and El Paso Tennessee Pipeline Co. | Andrea Lipuma<br>Saul Ewing Arnstein & Lehr LLP<br>650 College Road East, Suite 4000<br>Princeton, NJ 08540-6603<br>Tel (609) 452-5032<br>Fax (609) 452-3122<br>Andrea.Lipuma@saul.com |
| 28. | Essex Chemical Corporation, including Essex Industrial Chemicals, Inc. as its wholly owned subsidiary. | Kenneth Mack<br>Fox Rothschild LLP<br>Princeton Pike Corporate Center<br>997 Lenox Drive<br>Lawrenceville, NJ 08648-2311<br>Tel (609) 895-6631<br>Fax (609) 896-1469<br>KMack@foxrothschild.com |
| 29. | Everett Smith Group, Ltd., n/k/a Lear Mexican Seating Corporation | Linda E. Benfield, Esq.<br>Foley & Lardner LLP<br>777 E. Wisconsin Ave.<br>Milwaukee, WI  53202<br>Tel (414) 297-5825<br>Fax (414) 297-4900<br>lbenfield@foley.com |
| 30. | Fiske Brothers Refining Co. | Joseph M. Campisano, Esq.<br>Sedita, Campisano & Campisano, LLC<br>55 Lane Road, Suite 170<br>Fairfield, New Jersey 07004<br>Tel (973) 787-0299<br>Fax (973) 787-0301<br>jcampisano@scclegal.com |
| 31. | Flexon Industries Corp. | Thomas Spiesman<br>Porzio Bromberg & Newman, P.C.<br>100 Southgate Parkway<br>Morristown, NJ 07962<br>Tel (973) 889-4208<br>Fax (973) 538-5146<br>tspiesman@pbnlaw.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 32. | Franklin-Burlington Plastics, Inc. | Norman W. Spindel<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Tel (973) 597-2514<br>Fax (973) 597-2515<br>nspindel@lowenstein.com |
| 33. | Garfield Molding Company, Inc. | Patrick McStravick<br>Ricci Tyrrell Johnson & Grey<br>1515 Market Street, Suite 1800<br>Philadelphia, PA 19102<br>Tel (215) 320-2087<br>Fax (215) 320-3261<br>pmcstravick@rtjglaw.com |
| 34. | General Electric Company | Gary Gengel<br>Latham & Watkins<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel (212) 906-4690<br>gary.gengel@lw.com |
| 35. | Givaudan Fragrances Corporation | William Hatfield<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel (973) 596-4511<br>Fax (973) 639-8320<br>whatfield@gibbonslaw.com |
| 36. | Goodrich Corporation for itself, Kalama Specialty Chemicals, Inc. and Noveon Kalama Inc. (f/k/a Kalama Chemical, Inc., f/k/a BF Goodrich Kalama, Inc.) | Earl W. Phillips, Jr.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Tel (860) 275-8220<br>Fax (860) 275-8299<br>ephillips@rc.com |
| 37. | L3Harris Technologies, Inc., (f/k/a Harris Corporation), successor in interest to Exelis Inc., successor in interest to ITT Corporation with respect to its former facility in Clifton and Nutley, NJ. | Susanne Peticolas<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel (973) 596-4751<br>Fax (973) 639-6340<br>speticolas@gibbonslaw.com |
| 38. | Harrison Supply Company | Steven A. Weiner<br>O'Toole Scrivo, LLC<br>14 Village Park Road<br>Cedar Grove, NJ 07009<br>Tel (973) 559-9847<br>sweiner@oslaw.com |

| | **Settling Defendants** | **Contact Information** |
|---|---|---|
| 39. | The Hartz Consumer Group, Inc. as successor to certain liabilities of The Hartz Mountain Corporation, on its behalf, and on behalf of The Hartz Mountain Corporation | Curtis Michael<br>Rubino & Patton LLP<br>500 Plaza Dr.<br>PO Box 2038<br>Secaucus, NJ 07094<br>Tel (201) 863-7988<br>Fax (201-348-9144<br>Curt.michael@hrplaw.com |
| 40. | Hexcel Corporation | Martha S. Thomsen<br>Baker Botts LLP<br>700 K Street, N.W.<br>Washington, D.C. 20001-5692<br>Tel (202) 639-7863<br>Fax (202) 508-9329<br>martha.thomsen@bakerbotts.com |
| 41. | Hoffmann-La Roche Inc. | Camille Otero<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel (973) 596-4511<br>Fax (973) 639-8320<br>COtero@gibbonslaw.com |
| 42. | Honeywell International Inc. | Jeremy Karpatkin<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave, NW<br>Washington, DC 20001-3743<br>Tel (202) 942-5564<br>Fax (202) 942-5999<br>jeremy.karpatkin@apks.com |
| 43. | ISP Chemicals LLC | William Hatfield<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel (973) 596-4511<br>Fax (973) 639-8320<br>whatfield@gibbonslaw.com |
| 44. | Leemilt's Petroleum, Inc. (successor to Power Test of New Jersey, Inc.), on its behalf and on behalf of Power Test Realty Company Limited Partnership and Getty Properties Corp., the General Partner of Power Test Realty Company Limited Partnership | Nicole Moshang<br>Manko Gold Katcher Fox LLP<br>Three Bala Plaza East, Suite 700<br>Bala Cynwyd, PA 19004<br>Tel (484) 430-2324<br>Fax (484) 430-5711<br>nmoshang@mankogold.com |
| 45. | Legacy Vulcan, LLC | Eddie Lewis<br>Norton Rose Fulbright US LLP<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>Tel (713) 651-3760<br>eddie.lewis@nortonrosefulbright.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 46. | Mallinckrodt LLC (f/k/a Mallinckrodt Inc.) | Steven Poplawski<br>Bryan Cave Leighton Paisner<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102<br>Tel (314) 259-2610<br>Fax (314) 259-2020<br>sjpoplawski@bclplaw.com |
| 47. | National-Standard, LLC (f/k/a National-Standard Company) | Barbara Kelly<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>Tel (973) 735-5765<br>Fax (973) 624-0808<br>barbara.kelly@wilsonelser.com |
| 48. | Neu Holdings U.S. Corporation, a Delaware corporation (f/k/a Eden Wood Corporation, a New Jersey corporation) and Eden Wood Corporation, a Delaware corporation, each as the actual or alleged successor-in-interest to Whippany Paper Board Co., Inc., a New Jersey corporation. | Ryan Russell Kemper<br>Crystal M. Kennedy<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Tel (314) 552-6321<br>Fax (314) 552-7000<br>rkemper@thompsoncoburn.com |
| 49. | The Newark Group, Inc., on its behalf and as successor to Newark Boxboard Company | David Meezan<br>Kazmarek Mowrey Cloud Laseter LLP<br>1230 Peachtree Street, N.E<br>Suite 900<br>Atlanta, GA 30309<br>Tel (404) 969-0733<br>Fax (404) 812-0845<br>dmeezan@kmcllaw.com |
| 50. | Newark Morning Ledger Co. | Frances B. Stella, Esq.<br>Brach Eichler LLC<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>Tel (973) 228-5700<br>fstella@bracheichler.com |
| 51. | Newell Brands Inc. on behalf of itself and its indemnitee and former subsidiary Goody Products, Inc. | Andrew N. Sawula<br>ArentFox Schiff LLP<br>One Westminster Place, Suite 200<br>Lake Forest, IL 60045<br>Tel (847) 295-4336<br>andrew.sawula@afslaw.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 52. | Novelis Corporation (f/k/a Alcan Aluminum Corporation) | Michael Clements<br>Novelis Corporation<br>3550 Peachtree Road, Suite 1100<br>Atlanta, GA 30326<br>Tel (770) 238-2355<br>michael.clements@novelis.adityabirla.com |
| 53. | The Okonite Company, Inc. | Ted McCullough<br>McCullough Ginsberg & Partners LLP<br>PO Box 720469<br>Jackson Heights, NY 11372<br>Tel (646) 435-0300<br>Fax (646) 349-2217<br>tmccullough@mgpllp.com |
| 54. | Otis Elevator Company | Earl W. Phillips, Jr.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Tel (860) 275-8220<br>Fax (860) 275-8299<br>ephillips@rc.com |
| 55. | Pabst Brewing Company, LLC | Heather Demirjian<br>Cole Schotz, P.C.<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601<br>Tel (201) 525-6332<br>Fax (201) 489-1536<br>hdemirjian@coleschotz.com |
| 56. | Palin Enterprises L.L.C. | Diana L Buongiorno<br>Chiesa Shahinian & Giantomasi PC<br>105 Eisenhower Parkway<br>Roseland, NJ 07068<br>Tel (973) 530-2075<br>Fax (973)530-2275<br>dbuongiorno@csglaw.com |
| 57. | Passaic Pioneer Properties Co. | George H. Buermann, Esq.<br>Goldberg Segalla, LLP<br>1037 Raymond Boulevard, Suite 1010<br>Newark, NJ 07102 5423<br>Tel (973) 681-7002<br>gbuermann@goldbergsegalla.com |
| 58. | Pfizer Inc. | Ronald J. Schott, Esq.<br>Assistant General Counsel<br>Pfizer Inc.<br>100 Route 206 North<br>Peapeck, NJ 07977<br>Tel (908) 901-7844<br>Fax (845) 474-4201<br>ronald.schott@pfizer.com |

| | **Settling Defendants** | **Contact Information** |
|---|---|---|
| 59. | Pitt-Consol Chemical Company<br><br>And EIDP, Inc. (f/k/a E. I. du Pont de Nemours and Company) on its own behalf and on behalf of Pitt-Consol Chemical Company | David Haworth<br>Ballard Spahr LLP<br>700 East Gate Drive, Suite 330<br>Mount Laurel, NJ 08054-0015<br>Tel (856) 873-5525<br>Fax (856) 873-9081<br>haworthd@ballardspahr.com |
| 60. | PPG Industries, Inc. | Gary Gengel<br>Latham & Watkins<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel (212) 906-4690<br>gary.gengel@lw.com |
| 61. | Purdue Pharma Technologies, Inc. and Nappwood Land Corporation (a subsidiary of Purdue Pharma Technologies Inc.) | Norman W. Spindel<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Tel (973) 597-2514<br>Fax (973) 597-2515<br>nspindel@lowenstein.com |
| 62. | Quality Carriers, Inc.<br>Quala Systems, Inc. | Meaghan Colligan<br>Holland & Knight<br>800 17th Street N.W.<br>Suite 1100<br>Washington, DC 20006<br>Tel (202) 469-5406<br>Fax (202) 955-5564<br>meaghan.colligan@hklaw.com |
| 63. | Revere Smelting and Refining Corporation | Jane C. Luxton<br>Lewis Brisbois<br>2112 Pennsylvania Avenue NW<br>Suite 500<br>Washington, D.C. 20037<br>Tel (202) 558-0659<br>Fax (202) 558-0654<br>Jane.luxton@lewisbrisbois.com |
| 64. | Royce Associates, a Limited Partnership | Jacob S. Grouser<br>Hoagland, Longo, Moran, Dunst & Doukas, LLP<br>40 Paterson Street<br>New Brunswick, NJ 08903<br>Tel (732) 545-4717<br>Fax (732) 545-4579<br>jgrouser@hoaglandlongo.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 65. | RTC Properties, Inc. | Anne Lynch<br>Van Ness Feldman LLP<br>1050 Thomas Jefferson St. NW<br>Seventh Floor<br>Washington, DC 20007<br>Tel (202) 298-1926<br>Fax (202) 338-2416<br>alynch@vnf.com |
| 66. | S&A Realty Corp. | Jeffrey M. Pollock<br>Fox Rothschild LLP<br>997 Lenox Drive<br>Lawrenceville, NJ 08648-2311<br>Tel (609) 896-7660<br>Fax (609) 896-1469<br>jmpollock@foxrothschild.com |
| 67. | Safety-Kleen Envirosystems Company, by McKesson Corporation, and McKesson Corporation | John Edgcomb<br>Edgcomb Law Group LLP<br>601 Montgomery Street, Suite 1200<br>San Francisco, CA 94111<br>Tel (415) 399-1555<br>jedgcomb@edgcomb-law.com<br><br>Aliyya Haque, Lead Counsel<br>General Counsel Organization<br>McKesson Corporation<br>6555 N. State Highway 161<br>Irving, TX 75039<br>Tel (972) 830-3697<br>aliyya.haque@McKesson.com |
| 68. | Schiffenhaus Packaging Corp., WestRock Company and its subsidiary WestRock-Southern Container, LLC | Nina E. Butler<br>VP, Chief Environmental Officer and Deputy General Counsel<br>WestRock<br>1000 Abernathy Road NE<br>Atlanta, GA 30328<br>Tel (770) 326-8130<br>nina.butler@westrock.com |
| 69. | Chromalloy Corporation (f/k/a Sequa Corporation) | Gary Gengel<br>Latham & Watkins<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel (212) 906-4690<br>gary.gengel@lw.com |
| 70. | Spectraserv, Inc. | Diana L Buongiorno<br>Chiesa Shahinian & Giantomasi PC<br>105 Eisenhower Parkway<br>Roseland, NJ 07068<br>Tel (973) 530-2075<br>Fax (973) 530-2275<br>dbuongiorno@csglaw.com |

| | Settling Defendants | Contact Information |
|---|---|---|
| 71. | Stanley Black & Decker, Inc. (f/k/a The Stanley Works) | Andrew L. Kolesar<br>Thompson Hine LLP<br>312 Walnut Street, Suite 2000<br>Cincinnati, OH 45202-4024<br>Tel (513) 352-6545<br>Fax (513) 241-4771<br>Andrew.Kolesar@ThompsonHine.com |
| 72. | STWB Inc. | Heidi S. Minuskin, Esq.<br>Schenck, Price, Smith and King<br>220 Park Avenue<br>Florham Park, NJ 07932<br>Tel (973) 798-4946<br>Fax (973) 540-7300<br>HSM@spsk.com |
| 73. | Sun Chemical Corporation (f/k/a Sun/DIC Acquisition Corporation), and DIC Americas Inc. as guarantor | Martha Donovan<br>Norris McLaughlin P.A.<br>400 Crossing Blvd., 8th Floor<br>Bridgewater, NJ 08807-5933<br>Tel (908) 252-4240<br>Fax (908) 722-0755<br>mndonovan@norris-law.com |
| 74. | Primary Products Ingredients Americas LLC (f/k/a Tate & Lyle Ingredients Americas LLC f/k/a A.E. Staley Manufacturing Company) | John Holsinger<br>John R. Holsinger, LLC<br>One University Plaza, Suite 611<br>Hackensack, NJ 07601<br>Tel (201) 487-9000<br>Fax (201) 487-9011<br>johnh@jrholsinger.com |
| 75. | Teva Pharmaceuticals USA, Inc. | Aliza R. Cinamon<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036<br>Tel (212) 969-3417<br>Fax (212) 969-2900<br>acinamon@proskauer.com |
| 76. | Teval Corporation (f/k/a Charles F. Guyon General Piping Company) | Lee Henig-Elona<br>Gordon Rees<br>18 Columbia Turnpike, Ste. 220<br>Florham Park, NJ  07932<br>Tel (908) 377-9165<br>Fax (908) 607-1827<br>Lhenig-elona@grsm.com |
| 77. | Textron, Inc. | Jamieson Schiff<br>Textron, Inc.<br>40 Westminster Street<br>Providence, RI 02903<br>Tel (401) 421-2800<br>jschiff@textron.com |

|  | Settling Defendants | Contact Information |
|---|---|---|
| 78. | KAO USA Inc. (f/k/a The Andrew Jergens Co.) | Bricker Graydon LLP<br>312 Walnut Street, Suite 1800<br>Cincinnati, OH 45202<br>Attn: M. Zack Hohl<br>Tel (513) 629-2760<br>ZHohl@brickergraydon.com |
| 79. | Messer LLC (f/k/a Linde LLC, f/k/a The BOC Group, Inc.) | Richard F. Ricci, Esq<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Tel (973) 597-2462 |
| 80. | Three County Volkswagen | Lee Henig-Elona<br>Gordon Rees<br>18 Columbia Turnpike, Ste. 220<br>Florham Park, NJ 07932<br>Tel (908) 377-9165<br>Fax (908) 607-1827<br>Lhenig-elona@grsm.com |
| 81. | Tiffany and Company | Camille Otero<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel (973) 596-4511<br>Fax (973) 639-8320<br>COtero@gibbonslaw.com |
| 82. | Wyeth (now known as Wyeth LLC) on behalf of itself and (1) its subsidiary American Cyanamid Company (now known as Wyeth Holdings LLC), and (2) Shulton Inc. | Ronald J. Schott, Esq.<br>Assistant General Counsel<br>Pfizer Inc.<br>100 Route 206 North<br>Peapack, NJ 07977<br>Tel (908) 901-7844<br>Fax (845) 474-4201<br>ronald.schott@pfizer.com |