# Exhibit 2

## Declaration of Andrew Spohn

United States' Motion to Enter Consent Decree,
*United States v. Alden Leeds, Inc. et al.*, Civil Action No. 22-7326 (D.N.J.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ALDEN LEEDS, INC., et al.<br><br>  Defendants,<br><br>PASSAIC VALLEY SEWERAGE COMMISSIONERS, *et al.,*<br><br>  Intervenors. | Civil Action No. 22-7326<br>(MCA) (LDW) |

**DECLARATION OF ANDREW SPOHN**

I, Andrew Spohn, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a paralegal with the Environmental Enforcement Section of the United States Department of Justice's Environment and Natural Resources Section. I submit this Declaration in Support of the United States' Motion to Enter Consent Decree.

2. On December 22, 2022, the Department of Justice published a notice of lodging of the proposed Decree in the Federal Register and invited the public to submit comments on the settlement for a period of 45 days. *See* 87 Fed. Reg. 78710-11. The United States published a subsequent notice in the Federal Register on January 12, 2023, extending the comment period through March 22, 2023, for a total of 90 days. *See* 88 Fed. Reg. 2133.

1

3. As part of my role as a paralegal, I have organized and maintained public comments received related to the above-captioned matter on behalf of the United States. Copies of the timely comments received by the United States are attached as Exhibits 9, 10, 10A, and 11 to the Motion to Enter. These Exhibits are broken into subparts to meet this Court's file size limitations. To provide a grace period for commenters, the United States considers any comments received by March 24, 2023, to be timely.

4. The United States received approximately 31 emails and letters expressing views about the proposed Consent Decree after March 24, 2023. These untimely communications were generally consistent with certain timely comments. Thus, even the untimely communications are addressed in the Responsiveness Summary, although they are not included in Exhibits 9-11 to the Motion to Enter.

5. The United States received approximately 41 comments from individuals and small businesses concerning the proposed $150 million settlement amount. Applicable Bates #: ALCD-PUBCOM_0000001 (Public); ALCD-PUBCOM_0000003 (Charles); ALCD-PUBCOM_0000005 (Belisle); ALCD-PUBCOM_0000009 (D'Angelo Smith); ALCD-PUBCOM_0000011 (Saggio); ALCD-PUBCOM_ 0000013 (Amico Smith); ALCD-PUBCOM_0000014 (Kuenzler); ALCD-PUBCOM_0000016 (Bain); ALCD-PUBCOM_0000018 (Wilkinson); ALCD-PUBCOM_0000019 (Rosario); ALCD-PUBCOM_0000022 (Fell); ALCD-PUBCOM_0000024 (Sette); ALCD-PUBCOM_0000026 (Harrington); ALCD-PUBCOM_0000028 (Brady);  ALCD-PUBCOM_0000032 (Morris); ALCD-PUBCOM_0000034 (Wagner); ALCD-

PUBCOM_0000035 (O'Donnell); ALCD-PUBCOM_0000038 (Lillo); ALCD-PUBCOM_0000040 (Fisher); ALCD-PUBCOM_0000042 (Kit); ALCD-PUBCOM_0000044 (Klown); ALCD-PUBCOM_0000045 (Harden); ALCD-PUBCOM_0000046 (Affatato); ALCD-PUBCOM_0000050 (Rottenberg); ALCD-PUBCOM_0000052 (Tillman); ALCD-PUBCOM_0000054 (Unger); ALCD-PUBCOM_0000056 (Organic Sun Market); ALCD-PUBCOM_0000059 (Pereaux Interior Design); ALCD-PUBCOM_0000062 (Diamond Cycle); ALCD-PUBCOM_0000065 (Paw Couture Pet Grooming); ALCD-PUBCOM_0000068 (Silva); ALCD-PUBCOM_0000071 (Kessler); ALCD-PUBCOM_0000077 (Mattson); ALCD-PUBCOM_0000079 (Raya); ALCD-PUBCOM_0000081 (Casa De Flora Bar); ALCD-PUBCOM_0000084 (Krafty Hair Kreation Studio); ALCD-PUBCOM_0000087 (Robinson); ALCD-PUBCOM_0000090 (unsigned); ALCD-PUBCOM_0000093 (Fazlioglli); ALCD-PUBCOM_0000096 (Franklin); ALCD-PUBCOM_0000186 (Riga)

6. The United States received approximately 32 comments from individuals and small businesses concerning the parties to the proposed settlement. Applicable Bates #: ALCD-PUBCOM_0000003 (Charles); ALCD-PUBCOM_0000005 (Belisle); ALCD-PUBCOM_0000009 (D'Angelo Smith); ALCD-PUBCOM_0000013) (Amico Smith); ALCD-PUBCOM_0000014 (Kuenzler); ALCD-PUBCOM_0000018 (Wilkinson); ALCD-PUBCOM_0000022 (Fell); ALCD-PUBCOM_0000024 (Sette); ALCD-PUBCOM_0000026 (Harrington); ALCD-PUBCOM_0000028 (Brady);  ALCD-PUBCOM_0000032 (Morris); ALCD-PUBCOM_0000035 (O'Donnell); ALCD-PUBCOM_0000038 (Lillo); ALCD-PUBCOM_0000040 (Fisher); ALCD-

PUBCOM_0000042 (Kit); ALCD-PUBCOM_0000044 (Klown); ALCD-PUBCOM_0000046 (Affatato); ALCD-PUBCOM_0000050 (Rottenberg); ALCD-PUBCOM_0000056 (Organic Sun Market); ALCD-PUBCOM_0000059 (Pereaux Interior Design); ALCD-PUBCOM_0000065 (Paw Couture Pet Grooming); ALCD-PUBCOM_0000068 (Silva); ALCD-PUBCOM_0000071 (Kessler); ALCD-PUBCOM_0000077 (Mattson); ALCD-PUBCOM_0000079 (Raya); ALCD-PUBCOM_0000081 (Casa De Flora Bar); ALCD-PUBCOM_0000084 (Krafty Hair Kreation Studio); ALCD-PUBCOM_0000087 (Robinson); ALCD-PUBCOM_0000090 (unsigned); ALCD-PUBCOM_0000093 (Fazlioglli); ALCD-PUBCOM_0000096 (Franklin); ALCD-PUBCOM_0000186 (Riga)

7. The United States received approximately 16 comments from individuals and small businesses questioning whether the proposed decree complies with the legal requirements of CERLCA. Applicable Bates #: ALCD-PUBCOM_0000009 (D'Angelo Smith); ALCD-PUBCOM_0000014 (Kuenzler); ALCD-PUBCOM_0000019 (Rosario); ALCD-PUBCOM_0000022 (Fell); ALCD-PUBCOM_0000035 (O'Donnell); ALCD-PUBCOM_0000038 (Lillo); ALCD-PUBCOM_0000052 (Tillman); ALCD-PUBCOM_0000054 (Unger); ALCD-PUBCOM_0000059 (Pereaux Interior Design); ALCD-PUBCOM_0000071 (Kessler); ALCD-PUBCOM_0000073 (Larry G); ALCD-PUBCOM_0000074 (Dresdner); ALCD-PUBCOM_0000079 (Raya); ALCD-PUBCOM_0000081 (Casa De Flora Bar); ALCD-PUBCOM_0000084 (Krafty Hair Kreation Studio); ALCD-PUBCOM_0000186 (Riga)

8. The United States received one comment from Jane Mattson, who submitted her comment from a New Jersey Department of Environmental Protection email address, and indicated she works for the New Jersey Forest Service. ALCD-PUBCOM_0000077. The United States emailed Erin Hodge, an Advisor for New Jersey Department of Environmental Protection. Ms. Hodge confirmed that Ms. Mattson was submitting the comment in her personal capacity and not on behalf of New Jersey Department of Environmental Protection. *See* Exhibit A to this Declaration (email from Erin Hodge, NJDEP, to Laura Rowley, USDOJ).

9. The United States received one comment from the Mayor of the Borough of North Haledon, New Jersey. Applicable Bates #: ALCD-PUBCOM_0000007 (Mayor of the Borough of North Haledon)

10. The United States received comments from the Borough of Hasbrouck Heights, the Borough of East Rutherford, and the Passaic Valley Sewerage Commission. Applicable Bates #: ALCD-PUBCOM_0000098 (Borough of Hasbrouck Heights); ALCD- ALCD-CORRS-0000098 (Borough of East Rutherford); PUBCOM_0000103 (Passaic Valley Sewerage Commission)

11. The United States received one comment from Dr. Benjamin Chavis, the President and Chief Executive of the National Newspaper Publishers Association and the former Executive Director and CEO of the NAACP, and Alliance for a Superfund Action Partnership (ASAP). Applicable Bates #: ALCD-PUBCOM_0000181 (Letter from Dr.

5

Benjamin Chavis); ALCD-PUBCOM_0000147 (Testimony of Dr. Benjamin Chavis before U.S. Senate regarding the Superfund Reform Act of 1994)

12. The United States received comments from the Meadowlands Regional Chamber of Commerce, the New York and New Jersey Baykeeper, and the Small Parties Group (SPG) supporting the entry of the proposed decree. Applicable Bates #: ALCD-PUBCOM_0000195 (Meadowlands Regional Chamber of Commerce); ALCD-PUBCOM_0000400 (New York and New Jersey Baykeeper); ALCD- ALCD-PUBCOM_0024315 (SPG)

13. Intervenor Occidental Chemical Corporation ("OxyChem") submitted legal and technical comments totaling 777 pages, with more than 24,000 pages of supporting exhibits. *See* ALCD-PUBCOM_0000403 – ALCD-PUBCOM_0001179.  The United States is submitting OxyChem's comments to the Court as Exhibit 10 to the Motion to Enter. However, given the volume of OxyChem's supporting exhibits, the United States is not filing all these exhibits with the Court at this time.  Instead, it is filing excerpts of the exhibits that are cited in Exhibit 3 to the Motion to Enter, the Responsiveness Summary. If this Court would like to review the full set of exhibits to OxyChem's comments, the United States will certainly provide them upon request.

14. In total, the United States received 53 public comments.

15. The United States received a letter from Neil R. Ackerman, President of OxyChem.  *See* Exhibit 10A, ALCD-PUBCOM_0024519.  Mr. Ackerman addressed his letter to EPA

6

Administrator Michael S. Regan and did not submit it as a public comment. However, Mr. Ackerman's letter is dated before the end of the comment period and includes discussion about "EPA's proposed settlement." Therefore, the United States is treating Mr. Ackerman's letter like a comment. The substance of Mr. Ackerman's letter is similar to public comments submitted by Dr. Chavis, *see* supra ¶ 11, and OxyChem, *see* supra ¶ 13.

16. Two people who submitted public comments also emailed messages directly to EPA Administrator Michael S. Regan during the comment period. These emails are attached as Exhibit B to this Declaration. The substance of these email messages is similar to their public comments, found in Exhibit 11 at ALCD-PUBCOM_0000026 (Harrington); ALCD-PUBCOM_0000046 (Affatato).

17. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on this 30th day of January 2024

_____
ANDREW SPOHN
Paralegal
Environmental Enforcement Section
United States Department of Justice

# Exhibit A to Declaration of Andrew Spohn

United States' Motion to Enter Consent Decree,
*United States v. Alden Leeds, Inc. et al.*, Civil Action No. 22-7326 (D.N.J.)

# Rowley, Laura (ENRD)

| | |
|---|---|
| **From:** | Hodge, Erin [DEP] <Erin.Hodge@dep.nj.gov> |
| **Sent:** | Thursday, September 21, 2023 12:10 PM |
| **To:** | Rowley, Laura (ENRD) |
| **Cc:** | Flanagan, Sarah |
| **Subject:** | [EXTERNAL] RE: Diamond Alkali - question re comment on Alden Leeds CD |

Hi Laura,

Thanks for letting us know. I can confirm our understanding that the comment was made in the commenter's personal capacity and not any official capacity on behalf of DEP.

And yes – please feel free to copy me while Mike is out!

Thanks again,
Erin

**Erin Hodge**
Advisor
Legal, Regulatory, and Legislative Affairs
New Jersey Department of Environmental Protection
401 E. State Street, Trenton, NJ 08625
Phone: 609.777.0942

---

**From:** Rowley, Laura (ENRD) <Laura.Rowley@usdoj.gov>
**Sent:** Wednesday, September 20, 2023 6:56 PM
**To:** Hodge, Erin [DEP] <Erin.Hodge@dep.nj.gov>
**Cc:** Flanagan, Sarah <Flanagan.Sarah@epa.gov>
**Subject:** [EXTERNAL] FW: Diamond Alkali - question re comment on Alden Leeds CD

Hi Erin,

I got an out of office reply from Mike. Are you able to help with the request I sent to him yesterday? (See below.)

Thank you,
Laura

Laura J. Rowley
U.S. Department of Justice
Environmental Enforcement Section
(202) 532-5896

---

**From:** Rowley, Laura (ENRD)
**Sent:** Tuesday, September 19, 2023 9:31 PM
**To:** Gordon, Michael <michael.gordon@dep.nj.gov>
**Cc:** Flanagan, Sarah <Flanagan.Sarah@epa.gov>
**Subject:** Diamond Alkali - question re comment on Alden Leeds CD

1

Hi Mike,

DOJ received the attached comment on the proposed consent decree in US v. Alden Leeds, Inc., et al.

The commenter says, "It is my opinion…." so we believe she is writing in her personal capacity. However, the comment is sent from an NJDEP email address, and "NJ Forest Service" is in the signature block.

Could you confirm that this person is writing in her personal capacity and not as a representative of NJDEP or any other state agency?

Thank you,
Laura

Laura J. Rowley
U.S. Department of Justice
Environmental Enforcement Section
(202) 532-5896

# Exhibit B to
# Declaration of Andrew Spohn

United States' Motion to Enter Consent Decree,
*United States v. Alden Leeds, Inc. et al.*, Civil Action No. 22-7326 (D.N.J.)

Tue Mar 14 11:06:07 EDT 2023
EPAExecSec <EPAExecSec@epa.gov>
FW: Passaic River Clean Up--Concerns about Proposed Settlement
To: "CMS.OEX" <cms.oex@epa.gov>

_____

Reading file

**From:** Jim harrington ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Tuesday, March 14, 2023 10:43 AM
**To:** Regan, Michael <Regan.Michael@epa.gov>
**Cc:** Utech, Dan <Utech.Dan@epa.gov>; RepPascrell@mail.house.gov; Senator_booker@booker.senate.gov; Senator_Menendez@menendez.senate.gov; Cope, Grant <Cope.Grant@epa.gov>
**Subject:** Passaic River Clean Up--Concerns about Proposed Settlement

Dear EPA Administrator Regan:

Long retired from the corporate world, I have the time to enjoy many of the natural treasures New Jersey has to offer. I am grateful for the steps the EPA has taken to protect our state's environment and ensure healthy communities for residents across our region. One issue I am concerned about, however, is the recent action concerning the clean-up of the long-polluted Passaic River. Specifically, the proposed consent decree with 85 parties responsible for polluting the waterway.

I worry that settling with only some of the polluters for $150 million of the $2 billion it would cost to clean up the river is not a fair solution for the taxpayers and the Passaic community. The pollution of the Passaic River is a serious issue that has affected the health and well-being of communities in the region for decades. The polluters should be held responsible for the damages they have caused and should be required to pay their fair share of the clean-up costs.

Furthermore, the $150 million settlement would not be sufficient to cover the full cost of the clean-up, which would mean that the taxpayers and the Passaic community would be left to bear the burden of the remaining costs. This is unacceptable as the polluters should be held fully responsible for the damages they have caused and should be required to pay the full cost of the clean-up.

As a CEO of one of the nation's leading retailers of athletic apparel, accountability was at the center of every business decision I made and action I took. Letting some companies pay damages while letting others off the hook for their contributions to the pollution of the River flies in the face of accountability. I respectfully ask that you and your office reconsider this ill-advised settlement and advance a solution that is fair to all and will lead to a swift clean up of the River. Thank you again for all of your hard work and attention to this issue.

Sincerely,

Jim Harrington

Former CEO, Lady Footlocker

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Tue Mar 14 16:45:32 EDT 2023
EPAExecSec <EPAExecSec@epa.gov>
FW: EPA's Proposed Passaic River Cleanup Consent Degree Could Unfairly Impact Small Businesses
To: "CMS.OEX" <cms.oex@epa.gov>

_____

Reading file

**From:** Affatato, Joseph <Joseph_Affatato@american-national.com>
**Sent:** Tuesday, March 14, 2023 3:36 PM
**To:** Regan, Michael <Regan.Michael@epa.gov>
**Cc:** Cope, Grant <Cope.Grant@epa.gov>; Senator_Booker@booker.senate.gov; Senator_Menendez@menendez.senate.gov; RepPascrell@mail.house.gov
**Subject:** RE: EPA's Proposed Passaic River Cleanup Consent Degree Could Unfairly Impact Small Businesses

Dear EPA Administrator Regan:

The EPA should be commended for its extensive efforts to address the various environmental issue facing our region. As an outdoor enthusiast, I appreciate the work that the Agency does to protect our state's environment and ensure healthier communities across the Garden State. In light of this, I was pleased to learn that there has been some recent progress regarding the clean up of the long-polluted Passaic River. However, I am concerned that the EPA is taking the wrong approach in this matter, and it could unfairly hurt small business owners like me in the region.

I find it troubling that the EPA's recently proposed consent decree with 85 parties responsible for polluting the Passaic River would only bring in $150 million of the $2 billion needed to clean up the Passaic River. Not only this far short of what's needed to restore the river, the proposed settlement only holds some companies responsible for their harms, while letting others off the hook. This makes absolutely no sense and sends the wrong message that polluting the environment is acceptable if the polluter is willing to pay a small fine. It would encourage other companies to continue to pollute with the expectation that they will be able to settle for a small amount rather than being held accountable for the full extent of their actions. The EPA should be requiring ALL polluters to pay their fair share to clean up the river.

Moreover, the settlement brings in far too little to complete the extensive River clean up, which leaves the question—who will be tapped to pay the rest? I am concerned it will be taxpayers, including small businesses, in the region, which is simply unfair. The pollution of the Passaic River is a serious issue that has affected the health and well-being of North Jersey for decades. The polluters should be held responsible for the damages they have caused and should be required to pay their fair share of the clean-up costs.

I urge you to take action to ensure the EPA and other responsible parties take a more comprehensive approach in the cleanup efforts of the Passaic River. Small businesses should not be on the hook for actions of large polluters.

Thank you for your time and consideration,

Mr. Joseph Affatato

American National Insurance Company

Sent from [Mail](Mail) for Windows

This email message has been delivered safely and archived online by Mimecast. For more information please visit

http://www.mimecast.com

Confidentiality: This transmission, including any attachments, is solely for the use of the intended recipient(s). This transmission may contain information that is confidential or otherwise protected from disclosure. The use or disclosure of the information contained in this transmission, including any attachments, for any purpose other than that intended by its transmittal is strictly prohibited. Unauthorized interception of this email is a violation of federal criminal law. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.