# Exhibit 12 Part 2

## Attachment A to Allocation Recommendation Report (ARR0037-ARR0074)

United States' Motion to Enter Consent Decree,
*United States v. Alden Leeds, Inc. et al.*, Civil Action No. 22-7326 (D.N.J.)

**ATTACHMENT A**

**EPA LETTERS TO THE ALLOCATION PARTIES DATED SEPTEMBER 18, 2017, NOVEMBER 28, 2017, JANUARY 5, 2018, FEBRUARY 16, 2018, FEBRUARY 23, 2018 & MAY 1, 2018**

ARR0037



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 2
290 BROADWAY
NEW YORK, NY  10007-1866

SEP 1 8 2017

**BY EMAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

To:     See List of Addressees - Attachment A

Re:     Allocation for Operable Unit 2 Remedial Action
        Diamond Alkali Superfund Site, Essex and Hudson Counties, New Jersey

Dear Sir/Madam:

On August 28, 2017, the U.S. Environmental Protection Agency ("EPA") hosted a meeting at its New York City offices to provide you with an opportunity to share your views on the Agency's proposed settlement framework for implementation of the remedy selected for the lower 8.3 miles of the Passaic River, which is Operable Unit 2 ("OU2") of the Diamond Alkali Superfund Site (the "Site"). I want to once again thank all of the parties that participated in the meeting. Your participation has helped both EPA and the other parties better understand the issues and concerns regarding the framework.

After careful consideration, the Agency has concluded that the allocation process should include all of the potentially responsible parties ("PRPs") for OU2 (apart from the Passaic Valley Sewerage Commission ("PVSC"), the four municipal PRPs referred to below, and the PRPs that settle pursuant to the "early" cash-out settlement that EPA offered in March 2017), and should not be limited to the "middle tier" parties. Transparency and fairness are concepts that EPA has consistently stated are of importance to the Agency in this matter and, after considering your comments and concerns, we think those concepts are best served by having one allocation for all of these parties.

Numerous parties at the August 28, 2017 meeting expressed concern regarding the financial burden that would be placed on PRPs that are not responsible for the release of dioxins, furans and/or polychlorinated biphenyls ("PCBs") into the Lower Passaic River if those parties are not given the opportunity to settle with the United States for their OU2 liability, as opposed to having to implement the remedial action for OU2. EPA appreciates those concerns. As we have stated, we anticipate that with the help of the allocation process, EPA will be able to offer cash-out settlements to a number of the parties.

Similarly, EPA's expectation that the private PRPs responsible for the release of dioxins, furans and/or PCBs will perform the OU2 remedial action has not changed. It is therefore our goal that, in addition to supporting potential additional cash-out settlements, the allocation will lead to a consent decree in which those parties agree to perform the OU2 remedial action under EPA oversight.

ARR0038

To perform the allocation, EPA has retained AlterEcho and its senior allocation specialist, Mr. David Batson, Esq., through the Agency's prime contract with CSRA. EPA and AlterEcho invite you to attend a meeting to introduce the allocation process. Among other things, the allocation will provide opportunities for participating parties to comment on factors that should be part of the allocation and to contribute relevant information about themselves and other parties for use in the allocation. This meeting will be held on October 13, 2017 at 9:00 A.M. on the 27th floor of EPA's offices, which are located at 290 Broadway, New York, NY 10007.

Mr. Batson has requested that each party designate a primary contact for future communications on the allocation and that the primary contact attend the October 13th meeting in person. EPA has established a conference line for others wishing to participate. The call-in number is 866-299-3188, and the conference code is 212-637-3136. Please respond to EPA by October 5, 2017 with the following information: 1) name of and party represented by the primary contact attending the meeting; 2) names of other representatives planning to call in for each such party. Your response should be directed to Alice Yeh, Remedial Project Manager, Emergency and Remedial Response Division at yeh.alice@EPA.gov or U.S. EPA Region 2, 290 Broadway - 19th Floor, New York, NY 10007.

After the allocator assigns shares to the parties, EPA will make a decision as to which parties should receive cash-out settlement offers, the dollar amount of each offer, and how the money raised by the cash-out settlements will be applied towards OU2 costs.

During the August 28, 2017 meeting, several parties raised questions concerning EPA's enforcement approach for PVSC and the municipalities to which EPA issued notices of potential liability (the City of Newark, Borough of East Newark, Town of Harrison and Town of Kearny). EPA has initiated discussions with PVSC and the municipalities about substantial contributions that, collectively, they might make to the OU2 remedy. At this time, we do not believe it would be helpful to include them in the allocation.

If you have any questions regarding this matter, please contact Assistant Regional Counsel Juan Fajardo at 212-637-3132 or fajardo.juan@epa.gov.

Very truly yours,

Eric J. Wilson
Deputy Director for Enforcement and Homeland Security
Emergency and Remedial Response Division

cc: Brian Donohue, Esq., USDOJ
    Mark Barash, Esq., USDOI
    Kate Barfield, Esq., NOAA
    John Dickinson, Esq., New Jersey Attorney General's Office

2

**ARR0039**

## Attachment A – List of Addressees

### Diamond Alkali Superfund Site
### Lower 8.3 Miles - Passaic River

| Company | Contact Information | Facility |
|---|---|---|
| A.E. Staley Manufacturing Co., Inc.<br>2200 E. Eldorado Street<br>Decatur, IL  62521-1578<br><br>Now Tate & Lyle Ingredients Americas LLC | John R. Holsinger, Esq.<br>Two University Plaza, Suite 300<br>Hackensack, NJ 07601<br>201-487-9000 (T)<br>johnh@jrholsinger.com<br><br>Heidi R. Balsley, Esquire<br>Corporate Counsel<br>A.E. Staley<br>Manufacturing Co., Inc.<br>2200 E. Eldorado Street<br>Decatur, IL  52521<br>Heidi.Balsley@tateandlyle.com | 320 Schuyler Avenue and 100 Third Avenue<br>Kearny, NJ |
| Alden Leeds Inc.<br>55 Jacobus Ave.<br>Kearny, NJ 07032 | Mark Epstein, President<br>Alden Leeds Inc.<br>55 Jacobus Ave.<br>Kearny, NJ 07032<br><br>Joseph Fiorenzo, Esq.<br>Sills Cummis & Gross<br>The Legal Center<br>One Riverfront Plaza<br>Newark, NJ 07102<br>973-643-7000 (T)<br>jfiorenzo@sillscummis.com | 2145 McCarter Highway<br>Newark, NJ<br><br>55 Jacobus Avenue<br> Kearny, NJ |
| Alliance Chemical, Inc.<br>Linden Avenue<br>Ridgefield, NJ 07657 | Fredi Pearlmutter, Esq.<br>Lindabury, McCormick, Estabrook & Cooper, P.C.<br>53 Cardinal Drive<br>Box 2369<br>Westfield, NJ  07091<br>908-233-6800 (T)<br>fpearlmutter@lindabury.com | 33 Avenue P<br>Newark, NJ |

ARR0040

| | | |
|---|---|---|
| American Ref-Fuel Co.<br>155 Chestnut Ridge Road<br>Montvale, NJ 07645<br><br>Now Covanta Essex Company | Nancy Tammi, Esq.<br>VP, Associate General Counsel<br>Covanta<br>445 South Street<br>Morristown, NJ 07960<br>862-345-5133 | 183 Raymond Blvd & 66<br>Blanchard St<br>Newark, NJ |
| | Barbara Hopkinson Kelly, Esq.<br>Wilson Elser Moskowitz Edelman &<br>Dicker LLP<br>200 Campus Drive<br>Florham Park, NJ 07932-0668<br>973.735.5765 (Direct)<br>609.213.8589 (Cell)<br>973.624.0808 (Fax)<br>barbara.kelly@wilsonelser.com | |
| Arkema Incorporated<br>2000 Market Street<br>Philadelphia, PA 19103-3222 | Paula Martin, Esq.<br>Doug Loutzenhiser<br>Legacy Site Services, LLC<br>468 Thomas Jones Way, Suite 150<br>Exton, PA 19341-2528<br>Paula.martin@total.com | Wallace & Tiernan<br>25 Main Street<br>Belleville, NJ |
| Ashland, Inc.<br>5200 Blazer Parkway<br>Dublin, OH 43017 | Robin E. Lampkin<br>Ashland Inc.<br>5200 Blazer Parkway<br>Dublin, OH 43017<br>Telephone: 614-790-3019<br>realmpkin@ashland.com<br><br>William S. Hatfield, Esq.<br>Gibbons P.C.<br>One Gateway Center<br>Newark, NJ 07102<br>whatfield@gibbonslaw.com | 221 Foundry St.<br>Newark, NJ |
| Atlas Refining, Inc.<br>142 Lockwood Street<br>Newark, NJ 07105<br><br>Now Atlas Refinery, Inc. | Steven Schroeder, Jr., President & CEO<br>Atlas Refinery, Inc.<br>142 Lockwood Street<br>Newark, NJ 07105<br><br>Thomas H. Prol, Esq.<br>Laddey, Clark & Ryan,<br>LLP<br>60 Blue Heron Road, Suite 300<br>Sparta, NJ 07871<br>tryan@lcrlaw.com<br>tprol@lcrlaw.com | 142 Lockwood St.<br>Newark, NJ |

2

ARR0041

| | | |
|---|---|---|
| Automatic Electro Plating Corp.<br>185 Foundry Street, Suite 3<br>Newark, NJ 07105 | Michael O'Rourke, President<br>Automatic Electro Plating Corp.<br>1017 Applegate Parkway<br>Waxhaw, NC 28173-6738<br>Michael.orourke@aol.com | 185 Foundry Street Complex<br>Newark, NJ<br>(Bldgs 19, 21, 22) |
| BASF Catalysts LLC<br>100 Campus Drive<br>Florham Park, NJ | Karyllan D. Mack, Esq. (see below) | Engelhard Corporation<br>One West Central Avenue<br>East Newark, NJ |
| BASF Corp.<br>3000 Continental Drive<br>Mount Olive, NJ 07828 | Karyllan D. Mack, Esq.<br>Environmental Counsel<br>BASF Corporation<br>100 Park Avenue<br>Florham Park, NJ 07932<br>Karyllan.mack@basf.com<br><br>David Schneider, Esquire<br>Bressler, Amery & Ross<br>Post Office Box 1980<br>Morristown, NJ 07962<br>dschneider@bressler.com | 50 Central Ave.<br>Kearny, NJ<br>&<br>150 Wagaraw Rd<br>Hawthorne, NJ |
| Benjamin Moore & Co.<br>51 Chestnut Ridge Rd.<br>Montvale, NJ 07645 | Paul Sangillo, Esq.<br>Benjamin Moore & Co.<br>101 Paragon Drive<br>Montvale, NJ 07645<br>201.949.6318 (T)<br>Paul.sangillo@benjaminmoore.com<br><br>Eric S. Aronson, Esq.<br>David G. Mandelbaum, Esq.<br>GreenbergTraurig<br>500 Campus Drive<br>Suite 400<br>Florham Park, NJ 07932<br>aronsone@gtlaw.com | 134 Lister Ave.<br>Newark, NJ |
| Berol Corporation<br>c/o Newell Rubbermaid Inc.<br>2707 Butterfield Road, Suite 100<br>Oak Brook, IL 60523 | Andrew Sawula, Esq.<br>Schiff Hardin LLP<br>One Westminster Place, Suite 200<br>Lake Forest, IL 60045<br>847-295-4336 (T)<br>asawula@schiffhardin.com | Faber-Castell Corporation<br>41 Dickerson Street<br>Newark, NJ |

3

ARR0042

| | | |
|---|---|---|
| Campbell Foundry Company<br>800 Bergen Street<br>Harrison, NJ 07029 | Timothy J. Corriston, Esq.<br>Connell Foley LLP<br>85 Livingston Avenue<br>Roseland, NJ 07068<br>973-535-0500 (T)<br>tcorriston@connellfoley.com | 800 Bergen Street<br>Harrison, NJ |
| Canning Gum LLC<br>c/o MacDermid Incorporated<br>1401 Blake Street<br>Denver, CO 80202 | Richard A. Nave, CHMM<br>Corporate Director EH&S<br>Platform Specialty Products Corp.<br>245 Freight Street<br>Waterbury, CT 06702 | Frederick Gumm Chemical<br>Co.<br>538 Forest Street<br>Kearny, NJ |
| Celanese Ltd.<br>Route 202-206<br>P.O. Box 2500<br>Somerville, NJ 08876<br><br>CNA Holdings LLC<br>participating on behalf of<br>Celanese Ltd | Duke K. McCall, III, Esq.<br>Morgan, Lewis & Bockius<br>LLP<br>1111 Pennsylvania Ave., NW<br>Washington, DC 20004-2541<br>202-373-6607 (T)<br>duke.mccall@morganlewis.com<br><br>James J. Dragna<br>Morgan Lewis<br>300 South Grand Ave., 22nd Floor<br>Los Angeles, CA 90071-3132<br>Jim.dragna@morganlewis.com<br><br>James O'Toole, Esq.<br>Buchanan Ingersoll & Rooney PC<br>Two Liberty Place<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102-2555<br>James.otoole@blnc.com | 354 Doremus Ave<br>Newark, NJ |
| Chargeurs, Inc.<br>178 Wool Road<br>Jamestown, SC 29453 | James. R. Brendel, Esq.<br>Clark Hill PLC<br>One Oxford Centre<br>301 Grant Street, 14th floor<br>Pittsburgh, PA 15219<br>412-394-2373 (T)<br>jbrendel@clarkhill.com | United Piece Dye Works<br>199 and 205 Main Street and<br>42 Arnot Street<br>Lodi, NJ |

ARR0043

| | | |
|---|---|---|
| Chevron Texaco Corporation<br>6001 Bollinger Canyon Rd.<br>K-2056<br>San Ramon, CA 94583<br><br>Chevron Environmental<br>Management Company<br>participating for itself, Texaco,<br>Inc. and TRMI-H LLC | Shawn Raymond DeMerse<br>Chevron U.S.A. Inc.<br>Law Department<br>1400 Smith Street, Rm 07090<br>Houston, TX 77002<br>shawndemerse@chevron.com<br><br>Louis M. DeStefano, Esq.<br>Buchanan Ingersoll & Rooney, PC<br>550 Broad Street, Suite 810<br>Newark, NJ 07102-4517<br>973.273.9800 (T)<br>louis.destefano@bipc.com | Getty Newark Terminal<br>86 Doremus Ave.<br>Newark, NJ |
| Coats & Clark, Inc.<br>3420 Toringdon Way, Suite 301<br>Charlotte, NC 28277 | Dan Riesel, Esq.<br>Jeff Gracer, Esq.<br>Sive Paget & Riesel, P.C.<br>460 Park Avenue<br>New York, NY 10022<br>212-421-2150<br>driesel@spr.com | Clark Thread Co.<br>260 Ogden Street<br>Newark NJ<br>900 Passaic Avenue<br>East Newark NJ<br>735 Broad Street<br>Bloomfield NJ |
| EnPro Holdings LLC as<br>assignee of Coltec<br>Industries Inc.<br><br>5605 Carnegie Boulevard<br>Charlotte, NC 28209 | Tom Price, Esq.<br>EnPro Industries<br>5605 Carnegie Boulevard<br>Charlotte, NC 28209<br>704-731-1525 (T)<br>tom.price@enproindustries.com<br><br>Charles E. Merrill, Esquire<br>Husch Blackwell Sanders LLP<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105<br>314-480-1952<br>charlie.merrill@huschblackwell.com | Crucible Steel Co.<br>1000 South Fourth St.<br>Harrison, NJ |
| Congoleum Corp.<br>3705 Quakerbridge Road<br>Mercerville, NJ 08619 | Russell Hewit, Esq.<br>Dughi, Hewit & Domolewski, P.C.<br>340 North Avenue<br>Cranford, NJ 07016<br>908-272-0200(T)<br>rhewit@dughihewit.com | 195 Belgrove Drive<br>Kearny, NJ |

5

ARR0044

| | | |
|---|---|---|
| Cooper Industries, Inc.<br>600 Travis Street<br>Houston, TX 77002 | Lisa D. Sutton<br>Vice Present/Chief Counsel – EHS<br>Eaton Corporation<br>1000 Eaton Boulevard<br>Cleveland, OH 44122<br>440-523-4358 (T)<br><br>John F. Cermak<br>Sonja A. Inglin<br>Baker Hostetler<br>11601 Wilshire Boulevard, Ste 1400<br>Los Angeles, CA 90025-0509<br>310-442-8889 (T) (Cermak)<br>310-442-8885 (T) (Inglin)<br>jcermak@bakerlaw.com<br>singlin@bakerlaw.com | J. Wiss & Sons Co<br>7, 13, 26 Bank Street and<br>33 Littleton Avenue (aka 400<br>West Market Street)<br>Newark, NJ |
| Cooper Industries, LLC<br>600 Travis Street, Suite 5800<br>Houston, TX 77002 | (see above) | Thomas A. Edison, Inc.<br>Belleville Avenue &<br>Sherman Avenue<br>Bloomfield, NJ<br>75 Belmont Avenue<br>Belleville, NJ |
| Croda Inc.<br>300-A Columbus Circle<br>Edison, NJ 08837 | Stephen Swedlow, Esq.<br>Quinn, Emanuel, Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>stephenswedlow@quinnemanuel.com | Hummel Lanolin<br>185 Foundry Street Complex<br>Newark, NJ<br>(Block 5005, Lot 21; Bld 39) |
| Curtiss-Wright Corp.<br>4 Becker Farm Road<br>Roseland, NJ 07068 | Diana Buongiorno<br>Chiesa Shahinian & Giantomassi, PC<br>One Boland Drive<br>West Orange, NJ 07052<br>973-530-2075(T)<br>dbuongiorno@csglaw.com | 1 Passaic St.<br>Woodridge, NJ |
| Darling International, Inc.<br>251 O'Connor Ridge Boulevard,<br>Suite 300<br>Irving, TX 75038 | Steven Singer, Esq.<br>34 Hillside Avenue<br>Montclair, NJ 07042<br>973-744-6093<br>stsinger@verizon.net | Standard Tallow Corp.<br>61 Blanchard Street,<br>Newark, NJ<br>1215 Harrison Avenue,<br>Kearny, NJ |
| DII Industries, LLC<br>c/o Halliburton<br>2101 City West Blvd.<br>Houston, TX 77042-3021 | Thomas C. Jackson, Esq.<br>Joshua Frank, Esq.<br>Baker Botts LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004-2400<br>202-639-7710 (T)<br>Thomas.Jackson@bakerbotts.com<br>Joshua.frank@bakerbotts.com | Worthington Corp. &<br>Dresser Industries, Inc.<br>401 Worthington Avenue<br>Harrison, NJ |

ARR0045

| | | |
|---|---|---|
| Drum Service of Newark, Inc.<br>104 Lister Ave.<br>Newark, NJ 07105 | Ralph Foglia<br>104 Lister Ave.<br>Newark, NJ<br>07105 | Hilton-Davis<br>120 Lister Ave.<br>Newark, NJ |
| Eden Wood Corporation<br>47 Parsippany Road<br>Whippany, NJ 07981 | Warren L. Dean, Jr.<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>Washington, D.C. 20006-1167<br>202.585.6908 (T)<br>wdean@thompsoncoburn.com | Whippany Paper Board<br>1 Ackerman Avenue<br>Clifton, NJ |
| E.I. duPont de Nemours & Co.<br>1007 Market Street<br>Wilmington, DE 19898 | Stephen Rahaim, Esq.<br>Chief Environmental<br>Counsel<br>E.I. duPont de Nemours and<br>Company<br>Chestnut Run Plaza<br>721/1264<br>974 Centre Road<br>P.O. Box 2915<br>Wilmington, DE 19805<br>302-996-8278(T)<br>stephen.rahaim@dupont.com | Pitt Consol<br>191 Doremus Ave.<br>Newark, NJ |
| Elan Chemical Co.<br>268 Doremus Ave.<br>Newark, NJ 07105 | Jocelyn Kapp Manship, CEO<br>Elan Chemical Company Inc.<br>268 Doremus Avenue<br>Newark, NJ 07105<br><br>Randy Schillinger, Esq.<br>Saiber Schlesinger Staz & Goldstein<br>One Gateway Center, 13th Fl<br>Newark, NJ 07102<br>973-622-3333(T)<br>rs@saiber.com | 268 Doremus Ave.<br>Newark, NJ |
| El Paso Tennessee Pipeline Co.<br>1001 Louisania Street<br>Houston, TX 77002<br><br>EPEC Polymers Inc.<br>participating on behalf of itself<br>and EPEC Oil Company<br>Liquidating Trust | Andrea A. Lipuma, Esq.<br>Saul Ewing LLP<br>650 College Road East<br>Suite 4000<br>Princeton, NJ 08540-6603<br>Telephone: 609-452-5032<br>alipuma@saul.com | Tenneco, Inc.<br>290 River Drive<br>Garfield, NJ |

7

**ARR0046**

| Essex Chemical Corp.<br>2030 WMDC<br>Midland, MI 48674 | Kenneth Mack, Esq.<br>Linda Mack, Esq.<br>Fox Rothschild LLP<br>Post Office Box 5231<br>Princeton, NJ 08543-5231<br><br>Princeton Pike Corp. Center<br>997 Lenox Drive, Bldg. 3<br>Lawrenceville, NJ 08648<br>609-896-3000(T)<br>kmack@foxrothschild.com | 330 Doremus Ave.<br>Newark, NJ |
| --- | --- | --- |
| Everett Smith Group, Ltd.<br>330 East Kilbourn Avenue, Ste 750<br>Milwaukee, WI 53202 | Sarah A. Slack, Esq.<br>Foley & Lardner, LLP<br>Suite 500<br>150 East Gilman Street<br>Madison, WI 53703-1482<br>608-258-4239<br>sslack@foley.com | Blanchard Bro. & Lane, Inc.<br>40 Bruen Street<br>Newark, NJ |
| Foundry Street Corporation<br>67 Kettle Hole Road 2524<br>Montauk, NY 11954-5084 | Gerald Borriello<br>Foundry Street Corporation<br>67 Kettle Hole Road 2524<br>Montauk, NY 11954-5084<br>geraldborriello@gmail.com | 185 Foundry Street Complex<br>Newark, NJ<br>(Block 5005, Lot 22 – Bldgs 19, 21, 22) |
| Fragrances North America<br>1775 Windsor Road<br>Teaneck, NJ 07666<br><br>Now Givaudan Corp. | Richard Wroblewski, P.G.<br>Environmental Specialist<br>Givaudan Fragrances Corp.<br>300 Waterloo Valley Road<br>Mount Olive, NJ 07828<br>richard.wroblewski@givaudan.com<br><br>William Hatfield, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102-5310<br>973-596-4511 (T)<br>whatfield@gibbonslaw.com | Givaudan Fragrances<br>125 Delawanna Avenue<br>Clifton, NJ |
| Franklin Burlington Plastics, Inc.<br>113 Passaic Ave.<br>Kearny, NJ 07032 | Norman Spindel, Esq.<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>973-597-2514(T)<br>nspindel@lowenstein.com | 113 Passaic Ave.<br>Kearny, NJ |

8

ARR0047

| | | |
|---|---|---|
| Garfield Molding Company, Inc.<br>1115 Inman Ave. #196<br>Edison, NJ 08820 | Patrick J. McStravick,<br>Ricci Tyrrell Johnson<br>& Grey 1515 Market<br>Street, Suite 700<br>Philadelphia, PA 19102<br>215-320-2087 (T)<br>PMcStravick@rtjglaw.com | 10 Midland Avenue<br>Wallington, NJ |
| General Electric Company<br>3135 Easton Turnpike<br>Fairfield, CT 06828-0001 | Roger Florio, Esq.<br>General Electric<br>640 Freedom Business Center<br>King of Prussia, PA 19406<br>Roger.florio@ge.com<br><br>Gary P. Gengel, Esq.<br>Latham & Watkins, LLP<br>One Newark Center, 16th floor<br>Newark, NJ 07101<br>973-639-7287 (T)<br>gary.gengel@lw.com | 415 South 5th Street<br>& 1000 South 2nd Street<br>Harrison, NJ |
| Goodrich Corporation<br>Four Coliseum Centre<br>2730 West Tyvola Road<br>Charlotte, NC 28217 | Earl W. Phillips, Jr., Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br>860-275-8220 (T)<br>ephillips@rc.com | Kalama Chemical<br>290 River Drive<br>Garfield, NJ |
| Hexcel Corp.<br>2 Stamford Plaza<br>Stamford, CT 06901 | Steve Leifer, Esq.<br>Baker Botts LLP<br>1299 Pennsylvania Ave., NW<br>Washington, DC 20004<br>202-639-7723(T)<br>sleifer@bakerbotts.com | 205 Main St.<br>Lodi, NJ |
| Hoffman-La Roche Inc.<br>340 Kingsland Street<br>Nutley, NJ 07110 | John Klock, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102<br>jklock@gibbonslaw.com<br><br>Frederick Kentz, Esq.<br>Vice President and General Counsel<br>Hoffmann-La Roche Inc.<br>150 Clove Road,<br>Little Falls, NJ 07424 | 340 Kingsland Road<br>Nutley, NJ |

9

**ARR0048**

| | | |
|---|---|---|
| Honeywell International, Inc.<br>P.O. Box 2245<br>Morristown, NJ 07962 | Jeremy Karpatkin, Esq.<br>Arnold & Porter Kaye<br>Scholer LLP<br>601 Massachusetts Ave.,<br>NW<br>Washington, DC 20001<br>202-942-5564 (T)<br>Jeremy.karpatkin@apks.com | General Chemical Co.<br>65 Lodi Street/8th Street<br>Passaic, NJ |
| ISP Chemicals, Inc.<br>1361 Alps Road<br>Wayne, NJ 07470<br><br>now ISP Chemicals LLC | Robin E. Lampkin<br>Ashland Inc.<br>5200 Blazer Parkway<br>Dublin, OH 43017<br>614-790-3019 (T)<br>relampkin@ashland.com<br><br>William Hatfield, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102-5310<br>973-596-4511 (T)<br>whatfield@gibbonslaw.com | ISP Van Dyk, Inc.<br>1 Main St./11 William St.<br>Wayne, NJ |
| ITT Industries, Inc.<br>77 River Road<br>Clifton, NJ 07014<br><br>participating as Exelis Inc. for<br>itself and ITT Industries, Inc | Susanne Peticolas, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102-5310<br>973-596-4751 (T)<br>speticolas@gibbonslaw.com | 100 Kingsland Drive<br>Clifton, NJ |
| Kearny Smelting & Refining<br>936 Harrison Ave #5<br>Kearny, NJ 07032 | Ms. Francine Rothschild, President<br>Kearny Smelting & Refining<br>936 Harrison Ave<br>Kearny, NJ 07032<br>201-991-7276 (T)<br><br>Lee D. Henig-Elona, Esq.<br>Gordon & Rees<br>18 Columbia Turnpike, Suite 220<br>Florham Park, NJ 07932<br>973-549-2520(T direct)<br>973-549-2500(T office)<br>lhenig-elona@gordonrees.com | 936 Harrison Ave.<br>Kearny, NJ |

ARR0049

| | | |
|---|---|---|
| Lucent Technologies<br>600 Mountain Avenue<br>Murray Hill, NJ 07974<br><br>now Alcatel-Lucent USA, Inc. | James (Jay) Stewart, Esq.<br>Lowenstein Sandler LLP<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>973-597-2522 (T)<br>jstewart@lowenstein.com<br><br>Gary M. Fisher, Esq.<br>Alcatel-Lucent<br>Environment, Health & Safety Corporate Center<br>600 Mountain Avenue<br>Room 1F-102G<br>Murray Hill, NJ 07974<br>gary.fisher@alcatel-lucent.com | AT&T/Western Electric<br>100 Central Ave.<br>Kearny, NJ |
| Monsanto Co.<br>800 North Lindbergh Blvd.<br>St. Louis, Missouri 63167<br><br>Pharmacia Corporation (f/k/a<br>Monsanto Company) | John F. Gullace, Esq.<br>Manko, Gold, Katcher & Fox, LLP<br>401 City Avenue, Suite 500<br>Bala Cynwd, PA 19004<br>484-430-2326(T)<br>jgullace@mgkflaw.com | Monsanto Co.<br>Foot of Pennsylvania Ave.<br>Kearny, NJ |
| National-Standard Company<br>1618 Terminal Road<br>Niles, MI 49120<br><br>Now National-Standard LLC | Susanne Peticolas, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102-5310<br>973-596-4751(T)<br>speticolas@gibbonslaw.com | 714-716 Clifton Avenue<br>Clifton, NJ |
| Newark Morning Ledger<br>1 Star Ledger Plaza<br>Newark, NJ 07102 | Michael J. Anderson, Esq.<br>Sabin, Bermant & Gould LLP<br>One World Trade Center, 44th Floor<br>New York, New York 10007<br>Direct No. (212) 381-7068<br>Fax No. (212) 381-7201<br>manderson@sabinfirm.com<br><br>Frances B. Stella, Esq.<br>Brach Eichler L.L.C.<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>Direct No. (973) 403-3149<br>Fax No. (973) 618-5549<br>fstella@bracheichler.com | 1 Star Ledger Plaza<br>Newark, NJ |

11

ARR0050

| Newell Rubbermaid, Inc.<br>29 E. Stephenson Street<br>Freeport, IL 60132 | Andrew Sawula, Esq.<br>Schiff Hardin LLP<br>One Westminster Place, Suite 200<br>Lake Forest, IL 60045<br>847-295-4336 (T)<br>asawula@schiffhardin.com | Goody Products<br>969 Newark Turnpike<br>Kearny, NJ |
| --- | --- | --- |
| News America Inc.<br>767 Fifth Ave., 46th Floor<br>New York, NY 10153<br><br>fka News Publishing Australia,<br>Ltd., now Twenty-First Century<br>Fox America | Peter Simshauer, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>500 Boylston Street<br>Boston, MA 02116<br>617-573-4880(T)<br>psimshau@skadden.com | Chris-Craft Inc./Montrose<br>Chemical Co.<br>100 Lister Ave.<br>Newark, NJ |
| Occidental Chemical Corp.<br>Occidental Tower<br>5005 LBJ Freeway<br>Dallas, TX 75244 | Dennis F. Blake<br>Senior Vice President<br>Occidental Chemical Corp.<br>5005 LBJ Freeway<br>Dallas, TX 75244<br><br>Larry Silver, Esq.<br>Langsam Stevens Silver<br>1818 Market Street, Suite 2610<br>Philadelphia, PA 19103-5319<br>215- 239.9023<br>lsilver@lssh-law.com | Diamond Shamrock<br>Chemicals Co.<br>80 and 120 Lister Ave.<br>Newark, NJ |
| The Okonite Company, Inc.<br>102 Hilltop Road<br>Ramsey, New Jersey 07446 | David Brook, Esq.<br>McCullough Ginsberg Montano &<br>Partners LLP<br>55 Bleeker Street<br>Millburn, NJ 07041<br>dbrook@mgpllp.com | Canal and Jefferson Streets<br>Passaic, NJ |
| Otis Elevator Co.<br>North America Operations<br>10 Farm Springs Road<br>Farmington, CT 06032 | Earl W. Phillips, Jr., Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br>860-275-8220(T)<br>ephillips@rc.com | 1000 First St.<br>Harrison, NJ |
| Pabst Brewing Company<br>9014 Heritage Parkway<br>Suite 308<br>Woodridge, IL 60517 | Eugene Kashper, Chairman & CEO<br>Pabst Brewing Company<br>10635 Santa Monica Blvd Ste 350<br>Los Angeles, CA 90025 | 400 Grove Street<br>Newark, NJ |

ARR0051

| | | |
|---|---|---|
| Palin Enterprises | Diana Buongiorno,<br>Chiesa Shahinian<br>& Giantomasi PC<br>One Boland Dr.<br>West Orange, NJ<br>07052<br>dbuongiorno@csgl<br>aw.com<br><br>Mr. Michael Palin<br>Palin Enterprises<br>235 Park Avenue South, #8<br>New York, NY 10003-1045 | American Modern Metals<br>44 Passaic Ave. (a/k/a 25<br>Belgrove Drive)<br><br>Kearny, NJ |
| Passaic Pioneer Properties<br>PO Box 327<br>35 Eighth Street<br>Passaic, NJ 07055 | Timothy J. Corriston, Esq.<br>Connell Foley LLP<br>85 Livingston Avenue<br>Roseland, NJ  07068<br>973-535-0500 (T)<br>tcorriston@connellfoley.com | 35 Eighth Street<br>Passaic, NJ |
| PMC, Inc.<br>12243 Branford Street<br>Sun Valley, CA 91352 | Phillip Kamins, President & CEO<br>PMC Global, Inc.<br>12243 Branford St<br>Sun Valley, CA 91352<br>818-896-1101(T) | Kleer Kast<br>450 Schuyler Avenue<br>Kearny, NJ |
| Power Test of New Jersey, Inc.<br>125 Jericho Turnpike<br>Jericho, NY 11753<br><br>now Leemilt's Petroleum, Inc.,<br>successor to Power Test of NJ,<br>Inc. | Christine Fitter, Asst Secretary<br>Leemilt's Petroleum, Inc.<br>125 Jericho Turnpike, Suite 103<br>Jericho, NY  11753<br>cfitter@gettyrealty.com<br><br>Nicole Moshang, Esq.<br>Manko, Gold Katcher & Fox LLP<br>401 City Avenue, Ste. 500<br>Bala Cynwyd, PA  19004<br>484-430-2324 (T)<br>nmoshang@mgkflaw.com | Getty Newark Terminal<br>86 Doremus Ave.<br>Newark, NJ |
| PPG Industries, Inc.<br>One PPG Place<br>Pittsburgh, PA 15272 | Gary P. Gengel, Esq.<br>Latham & Watkins, LLP<br>885 Third Avenue<br>New York, NY  10022-4834<br>gary.gengel@lw.com | 29 Riverside Ave.<br>Newark, NJ |

13

ARR0052

| PSE&G Corp.<br>P.O. Box 570<br>Newark, NJ 07101 | John F. Doherty, Esq.<br>Associate General Litigation Counsel<br>PSE&G Services Corporation<br>80 Park Plaza, T5D<br>Post Office Box 570<br>Newark, NJ 07102<br>973-430-6478(T)<br>John.doherty@pseg.com<br><br>Kevin R. Gardner, Esq.<br>Connell Foley<br>85 Livingston Avenue<br>Roseland, NJ 07068<br>973-535-0500(T)<br>kgardner@connellfoley.com | 155 Raymond Blvd.<br>Newark, NJ<br>&<br>4th St.<br>Harrison, NJ |
| --- | --- | --- |
| Purdue Pharma Technologies, Inc.<br>One Stamford Forum<br>Stamford, CT 06901 | James (Jay) Stewart, Esq.<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>973-597-2522(T)<br>jstewart@lowenstein.com | Napp Technologies<br>199 Main St.<br>Lodi, NJ |
| Quality Distribution, Inc.<br>150 East Pennsylvania Avenue<br>Suite 450<br>Downingtown, PA 19335<br><br>Quality Carriers, Inc. | Bonni Kaufman, Esq.<br>Holland & Knight, LLP<br>800 17th Street N.W. Suite 1100<br>Washington, DC 20006<br>202-419-2547<br>Bonni.kaufman@hklaw.com | Chemical Leaman Tank Lines<br>80 Doremus Avenue<br>Newark, NJ |
| Royce Associates<br>366 N. Broadway, Ste. 400<br>Jericho, NJ 11753 | A.J.Royce, President<br>Royce Associates, ALP<br>35 Carlton Ave<br>East Rutherford, NJ 07073<br>201-438-5200(T)<br><br>Ronald Bluestein, Esq.<br>Flamm Walton<br>794 Penllyn Pike<br>Blue Bell, PA 19422<br>267-419-1500 (T)<br>rbluestein@flammlaw.com | Royce Chemical Company<br>17 Carlton Avenue<br>East Rutherford, NJ |

ARR0053

| | | |
|---|---|---|
| RSR Corp.<br>2777 Stemmons Freeway<br>Suite 1800<br>Dallas, TX 75207<br><br>now Revere Smelting and<br>Refining Corporation | Jane C. Luxton, Esq.<br>Christopher Clare, Esq.<br>Clark Hill PLC<br>1001 Pennsylvania Avenue<br>NW, Suite 1300 South<br>Washington, DC 20004<br>202-572-8674(T)<br>703-598-3275(M)<br>jluxton@clarkhill.com<br>cclare@clarkhill.com | Revere Smelting & Refining<br>387 Avenue P<br>Newark, NJ |
| Safety Kleen Envirosystems Co.<br>1301 Gervais St.<br>Columbia, SC 29201<br><br>McKesson Corporation for itself<br>and for Safety-Kleen<br>Envirosystems, Inc. | Marylin Jenkins, Esq.<br>Edgcomb Law Group<br>One Post Street, Suite 2100<br>San Francisco, California 94104-5225<br>707-755-4341 (T)<br>mjenkins@edgcomb-law.com | 600 Doremus Ave.<br>Newark, NJ |
| Schiffenhaus Packaging Corp.<br>c/o Rock-Tenn Company<br>504 Thrasher Street<br>Norcross, GA 30071 | Camille V. Otero, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102-5310<br>cotero@gibbonslaw.com | 204 Academy Street<br>49 Fourth Street<br>2013 McCarter Highway<br>Newark, NJ |
| Sequa Corporation<br>200 Park Avenue<br>New York, NY 10166 | Brian L. Buniva, Esq.<br>Senior Counsel & Senior Director<br>Environment, Health & Safety<br>Sequa Corporation<br>919 E. Main Street, Suite 1300<br>Richmond, VA 23219<br>845-230-7374 (Direct)<br>804-873-0610 (Mobile)<br>Brian_Buniva@sequa.com<br><br>Gary P. Gengel, Esq.<br>Kegan A. Brown, Esq.<br>Latham & Watkins, LLP<br>885 Third Avenue<br>New York, NY 10022-4834<br>gary.gengel@lw.com | Sun Chemical Corporation<br>185 Foundry Street<br>Newark, NJ<br>(prior to 1987) |
| Seton Company, Inc.<br>1000 Madison Avenue<br>Norristown, PA 19403\<br><br>now Seton Tanning | David M. Kohane, Esq.<br>Cole Schotz, PC<br>PO Box 800<br>25 Main Street<br>Hackensack, NJ 07601-7015<br>201-525-6267(T)<br><br>DKipimuaohane.bradford@coleschotz.com | Seton Leather Company<br>849 Broadway<br>Newark, NY 07104 |

ARR0054

| | | |
|---|---|---|
| SpectraServ, Inc.<br>75 Jacobus Avenue<br>Kearny, NJ 07032 | Diana Buongiorno, Esq.<br>Chiesa Shahinian & Giantomassi, PC<br>One Boland Dr<br>West Orange, NJ 07052<br>973-530-2075(T)<br>dbuongiorno@csglaw.com | 75 Jacobus Ave.<br>Kearny, NJ |
| STWB, Inc.<br>c/o Bayer Corporation<br>100 Bayer Road<br>Pittsburgh, PA 15205 | Timothy I. Duffy, Esq.<br>Coughlin Duffy LLP<br>Post Office Box 1917<br>350 Mount Kemble Avenue<br>Morristown, NJ 07962-1917<br>973-631-6002(T)<br>tduffy@coughlinduffy.com<br>lhall@coughlinduffy.com (Assistant) | Lehn & Fink Products Corp.<br>192-194 Bloomfield Avenue<br>Bloomfield, NJ 07003<br><br>Thomasett Colors/Sterling<br>120 Lister Ave.<br>Newark, NJ |
| Sun Chemical Corporation<br>35 Waterview Boulevard<br>Parsippany, NJ 07054-1285 | Warren W. Faure, Esq.<br>EH&S Counsel<br>Sun Chemical Corporation<br>35 Waterview Boulevard<br>Parsippany, NJ 07054<br>973-404-6590(T)<br>Warren.faure@sunchemical.com<br><br>Ted Wolff, Esq.<br>Manatt, Phelps & Phillips, LLP<br>7 Times Square<br>New York, NY 10036<br>twolff@manatt.com | Sun Chemical Corporation<br>185 Foundry Street<br>Newark, NJ<br>(1987 to present) |
| Teval Corporation<br>99 Cherry Hill Road, Suite 105<br>Parsippany, NJ 07054 | Lee D. Henig-Elona, Esq.<br>Gordon & Rees<br>18 Columbia Turnpike, Suite 220<br>Florham Park, NJ 07932<br>973-549-2520(T direct)<br>973-549-2500(T office)<br>lhenig-elona@gordonrees.com | Guyon Pipe<br>900-1000 South 4th Street<br>Harrison, NJ |
| Textron, Inc.<br>40 Westminster Street<br>Providence, RI 02903 | Jamie Schiff, Esq.<br>Textron, Inc.<br>40 Westminster Street<br>Providence, RI 02903<br>401-457-2422 (T)<br>jschiff@textron.com<br><br>Bonni Kaufman, Esq.<br>Holland & Knight<br>800 17th Street, NW<br>Suite 1100<br>Washington, DC 20006<br>202-955-3000<br>bonni.kaufman@hklaw.com | Spencer Kellogg Division<br>400 Doremus Avenue<br><br>Newark, NJ |

ARR0055

| | | |
|---|---|---|
| The Hartz Mountain Corporation<br>400 Plaza Drive<br>Secaucus, NJ 07094<br><br>The Hartz Consumer Group, Inc. on behalf of The Hartz Mountain Corporation | Curtis L. Michael, Esq.<br>Horowitz, Rubino & Patton<br>400 Plaza Drive<br>PO Box 2038<br>Secaucus, NJ 07094-2038<br>Curt.michael@hrplaw.com | 600/700 South 4th Street<br>Harrison, NJ |
| The Newark Group, Inc.<br>20 Jackson Drive<br>Cranford, NJ 07016 | David M. Meezan, Esq.<br>Kazmarek Mowrey Cloud Laseter LLP<br>1230 Peachtree Street N.E.<br>Suite 3600<br>Atlanta, GA 30309<br>404-969-0733<br>dmeezan@kmcllaw.com | The Newark Boxboard Co.<br>17 Blanchard Street<br>Newark, NJ |
| The Sherwin Williams Co.<br>101 Prospect Ave., N.W.<br>Cleveland, OH 44115 | Herbert (Bart) Bennett, Esq.<br>Sokol, Behot & Fiorenzo<br>229 Nassau Street<br>Princeton, NJ 08542-4601<br>609-279-0900(T)<br>hbbennett@sbflawfirm.com | 60 Lister Ave.<br>Newark, NJ |
| The Stanley Works<br>1000 Stanley Drive<br>New Britain, CT 06053<br><br>now Stanley Black & Decker, Inc. | Andrew Kolesar, Esq.<br>Thompson Hine LLP<br>312 Walnut Street, 14th Floor<br>Cincinnati, OH 45202<br>513-352-6545(T)<br>andrew.kolesar@thompsonhine.com | Stanley Tools<br>140 Chapel St.<br>Newark, NJ |
| Tiffany & Co.<br>727 Fifth Avenue<br>New York, NY 10022 | John Klock, Esq.<br>Gibbons, PC<br>One Gateway Center<br>Newark, NJ 07102-5310<br>973-596-4757 (T)<br>jklock@gibbonslaw.com | 820 Highland Avenue<br>Newark, NJ |

17

ARR0056

| | | |
|---|---|---|
| Unilever Bestfoods International Plaza Sylvan Avenue Englewood Cliffs, NJ 07632<br><br>Conopco, Inc., d/b/a Unilever (as successpr to CPC/Bestfoods, former parent of the Penick Corporation | Joshua Frank, Esq. Baker Botts 1299 Pennsylvania Ave., N.W. Washington, DC  20004-2400 202-639-7710 (T) Joshua.frank@bakerbotts.com<br><br>Andrew Shakalis, Esq. Associate General Counsel – Environmental & Safety Unilever 700 Sylvan Avenue Englewood Cliffs, NJ  07632 201-894-2763 (T) 201-894-2727 (F) Andrew.shakalis@unilever.com | Penick Corporation 540 New York Avenue Lyndhurst, NJ |
| Viacom Inc. 11 Stanwix St. Pittsburgh, PA 15222<br><br>Now CBS Corporation | Jeffrey B. Groy, Esq. VP, Sr. Counsel/ Environmental CBS Law Department CBS Corporation 2 East Mifflin Street, Suite 200 Madison, WI  5 3 7 0 3 262-705-0579(T) jeff.groy@cbs.com | Westinghouse Electric 95 Orange St. Newark, NJ |
| Vulcan Materials Co. 1200 Urban Center Drive Birmingham, AL 35242<br><br>Now Legacy Vulcan Corp. | Eva Fromm O'Brien, Esq. Fulbright & Jaworski Fulbright Tower 1301 McKinney Suite 5100 Houston, TX  77010-3095 713-651-5321 (T) 713-651-5246 (F) eobrien@fulbright.com<br><br>John M. Floyd, Esq. Senior Attorney Vulcan Materials Company 1200 Urban Center Drive Birmingham, AL  35242 205-298-3745 (Direct) 205-492-4219 (Cell) 205-298-2960 (F) floydj@vmcmail.com | 600 Doremus Ave. Newark, NJ |

18

ARR0057

| | | |
|---|---|---|
| Roman Asphalt Corporation 14 Ogden Street Newark, NJ 07104 | Michael V. Calabro, Esq. Law Offices of Michael V. Calabro 475 Bloomfield Avenue Newark, NJ 07107 973 482-1085 Mcalabro475@gmail.com | 14 Ogden Street Newark, NJ |

19

ARR0058



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 2
290 BROADWAY
NEW YORK, NY  10007-1866

November 28, 2017

Via Electronic Mail

To:   Diamond Alkali – Lower 8.3 Miles Contact Group

Re:   Allocation for Operable Unit 2 Remedial Action
      Diamond Alkali Superfund Site, Essex and Hudson Counties, New Jersey

Dear Sir/Madam:

On September 18, 2017, we notified you that the U.S. Environmental Protection Agency (EPA), through the Agency's prime contract with CSRA, had retained AlterEcho and its senior allocation specialist Mr. David Batson, Esq., to perform an allocation for implementation of the remedy selected for the lower 8.3 miles of the Lower Passaic River Study Area. We also invited you to attend a "kick-off" meeting with Mr. Batson on October 13, 2017 at EPA's offices in New York.

Since that time, we understand that some parties have raised several issues of concern with Mr. Batson, including limits in the current allocation contract. For instance, several parties would like to exceed the limits in the current allocation contract on the amount of documents that can be submitted to the allocator, and on the number of meetings that parties can have with Mr. Batson. We also understand that some parties are seeking to include within the allocation process an opportunity to exit the allocation "early" and be considered by EPA for cash out settlement offers, ahead of the schedule established in current scope of work with CSRA.

With this in mind, EPA is notifying you that it is considering the above requests to modify the current allocation contract. EPA will discuss with Mr. Batson potential changes to the current allocation process, taking into account the feedback received from parties participating in the allocation.

Please keep in mind that EPA established an allocation process for the lower 8.3 miles and has entered into a contract for the performance of that allocation. Separate agreements concerning EPA's allocation for the lower 8.3 miles, might not be consistent with EPA's current allocation contract; might undermine the current allocation process; and/or might violate conflict of interest rules or provisions.

Finally, note that the costs of the allocation are currently being borne by EPA and that the Agency is not requesting that parties pay to participate in the allocation.

Sincerely,

Eric J. Wilson
Deputy Director for Enforcement and Homeland Security
Emergency and Remedial Response Division

Internet Address (URL) • http://www.epa.gov
Recycled/Recyclable • Printed with Vegetable Oil Based Inks on Recycled Paper (Minimum 50% Postconsumer content)

**ARR0059**

cc:    David Batson, Esq., AlterEcho
       Mary Apostolico, CSRA
       Kathryn Barton, EPA - OARM

ARR0060



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 2
290 BROADWAY
NEW YORK, NY 10007-1866

JAN − 5 2018

**Via Electronic Mail**

To:     Diamond Alkali – Lower 8.3 Miles Contact Group

Re:     Allocation for Operable Unit 2 Remedial Action
        Diamond Alkali Superfund Site, Essex and Hudson Counties, New Jersey

Dear Sir/Madam:

I am writing to follow-up on my letter of November 28, 2017, as well as to address communications received by the U.S. Environmental Protection Agency (EPA) since that time with respect to the allocation for the lower 8.3 miles of the Lower Passaic River Study Area.

As you know, the allocator, Mr. David Batson, Esq., has informed EPA of the issues raised to him by the allocation parties. Several parties have also contacted EPA directly, both in writing and by phone, to express their views and concerns regarding the allocation process as it is currently structured. After careful consideration, EPA has arrived at the following determinations:

1.      The Agency is prepared to increase the current number of documents subject to the allocation process. The current allocation contract allows for up to 150,000 pages of documents to be submitted and reviewed as part of the allocation. EPA will, as necessary, modify the allocation contract to allow additional documents to be submitted by the allocation parties and be reviewed by Mr. Batson and his team. The allocation parties who sign the Participation Agreement will be provided access to a SharePoint site with documents relevant to the allocation. Each party should review the documents on the SharePoint site and provide Mr. Batson with a list of documents (including the number of pages) that the party seeks to add to the allocation process. EPA, in consultation with Mr. Batson, will evaluate the documents for relevance to the allocation and consider an appropriate increase to the existing contract. Note, however, that the document submission and review portion of the allocation process is not intended to duplicate the full discovery process that a court would include, and therefore, there may be some documents that will be beyond the scope of the process.

2.      EPA understands and appreciates that parties to the allocation need sufficient time to communicate directly with Mr. Batson to address their views regarding their potential allocation share and the share potentially attributed to other allocation parties. The Agency is therefore prepared to increase the current allocation contract to allow additional time for parties to meet with and discuss their positions and concerns with Mr. Batson. EPA will consult with Mr. Batson on an appropriate amount of time to add to the existing contract.

3.      Several parties in the allocation have contacted EPA claiming to be similarly situated to parties that received an "early" cash out settlement offer from EPA. Those parties requested that the allocation process provide for an early determination (an "off-ramp") that they are in fact similarly situated to the early cash out parties and should receive a similar cash out offer from EPA prior to the completion of the allocation process. EPA agrees that an early determination should be provided for in the allocation process to allow such parties, if any exist, to exit the allocation process prior to its completion. EPA will work with Mr. Batson to incorporate an early exit into the allocation process.

4.      Finally, at the present time, EPA is not adding more parties to the allocation. As we have previously stated, if we receive or gather evidence that a party that has not yet received a notice letter is responsible for the release or discharge of a hazardous substance into the lower 8.3 miles, then we would consider issuing a notice letter to such a party and adding that party to the allocation process.

Also, as EPA has indicated, the Passaic Valley Sewerage Commission and the four municipalities identified as potential responsible parties are uniquely situated to provide in-kind services with respect to the remedy selected for Operable Unit 2 (OU2) of the Diamond Alkali Superfund Site. EPA has been in discussions with those parties regarding the substantial contributions that, collectively, they may make to the OU2 remedy, and the Agency has facilitated conversations between technical personnel from PVSC and Occidental Chemical Corporation (OCC) related to the OU2 remedial design, which OCC is performing pursuant to a settlement agreement and order on consent with EPA.

We look forward to your continued participation in the allocation process, and we will continue to work with Mr. Batson to ensure it proceeds in a fair and efficient manner. Please contact Juan M. Fajardo at 212 637-3132 if you have questions regarding this matter.

Very truly yours,

Eric J. Wilson
Deputy Director for Enforcement and Homeland Security
Emergency and Remedial Response Division

cc:     David Batson, Esq., AlterEcho (by email)
        Mary Apostolico, CSRA (by email)
        David Moora, EPA (by email)

ARR0062



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 2
290 BROADWAY
NEW YORK, NY 10007-1866

FEB 16 2018

Via Electronic Mail

To:    Diamond Alkali – Lower 8.3 Miles Contact Group

Re:    Allocation for Operable Unit 2 Remedial Action
       Diamond Alkali Superfund Site, Essex and Hudson Counties, New Jersey

Dear Sir/Madam:

We understand from the Small Parties Group[1] and David Batson, the allocator, among others, that some of the parties that agreed to participate in the Operable Unit 2 (OU2) allocation are seeking to "convene" with the U.S. Environmental Protection Agency (EPA or Agency) to further discuss issues previously raised and addressed by EPA in its letter to the parties of January 5, 2018. I am writing to further address those issues to ensure that the allocation for OU2 proceeds on schedule.

First, the remedial design for OU2 is on schedule for completion in September 2020, and the allocation is intended to be completed prior to that date in order for EPA to have an enforcement document in place for the timely initiation of the remedial action for OU2. For that reason, EPA strongly encourages the parties participating in the allocation to work towards its timely completion.

Second, while we are willing to increase the number of documents that the parties may submit in the allocation and the time to communicate directly with Mr. Batson in order to make the allocation a success (i.e., by providing a basis for a remedial action consent decree and potential cash out settlements), we reiterate that the process is not intended to duplicate the full discovery process that litigation would include. We are aware that when private parties undertake an allocation, it can sometimes evolve into a process that stretches on for many years, and become almost as burdensome as litigation. In contrast, this allocation should follow the basic structure established in the work plan that Mr. Batson shared with the group after the initial meeting in October 2017.

---

[1] EPA was notified that there is a "Small Parties Group" and received a memorandum dated February 9, 2018 on behalf of that Group. However, the members of that Group have not been identified.

ARR0063

Documents Relevant to the Allocation

The purpose of the allocation is to determine a share of relative responsibility among the allocation parties[2] for costs associated with the remedial design and remedial action to be undertaken for OU2 of the Diamond Alkali Superfund Site (Site). Accordingly, documents providing information or related to the following factors would be relevant to the allocation for OU2[3]:

- Identification of the contaminants of concern (COCs), as defined in the March 2016 Record of Decision (ROD) for Diamond Alkali OU2, released or discharged to the Lower Passaic River from a facility with which a party is associated;

- The amount of COCs involved in such release or discharge;

- The likelihood that discharged COCs reached an area of the river associated with the selected remedy;

- The degree of control and care exercised by the party with respect to the released COC, taking into account the characteristics of such hazardous substance and the associated risk to public health or the environment about which the party should have been aware;

- The degree of cooperation by the party with federal, state, or local officials to prevent any harm to the public health or the environment related to the release; and,

- The extent to which a release impacted the need for or cost of the remedy.

As described in EPA's January 5, 2018 letter, the parties that have agreed to participate in the allocation should review the documents on the SharePoint site established by Mr. Batson and his team to support the allocation. Each party should provide Mr. Batson with a list of documents (including number of pages) that the party seeks to add to the allocation process. Using the factors above, EPA, in consultation with Mr. Batson, will evaluate the documents for relevance to the allocation and increase as appropriate the number of pages to be reviewed for the allocation under EPA's contract with CSRA-AlterEcho. In order for the allocation to proceed expeditiously, parties should provide Mr. Batson with their lists of documents to be added to the SharePoint site by March 2, 2018.

---

[2] The allocation parties are the potential responsible parties (PRPs) that received a notice letter from EPA for OU2, with the exception of those parties to whom EPA offered an "early" cash out settlement, the Passaic Valley Sewerage Commission (PVSC), and the four municipal PRPs.

[3] The relative toxicity of the COCs involved is a factor for the allocator to consider. That information is found in the ROD for OU2.

2

Opportunities to Communicate with Mr. Batson

As described in the work plan that Mr. Batson provided to you shortly after the initial allocation meeting in October 2017, the allocation process provides for the parties to communicate with Mr. Batson as follows:

- Under Task 2 (Public Announcement of Project), a meeting with the allocation parties to introduce the allocation; and communication via email or phone with the allocation parties as a group to answer questions about and obtain execution of the Participation Agreement.

- Under Task 5 (Meeting with PRPs on Draft Allocation Process and Database Design), a meeting with the allocation parties to describe to and obtain comments from the parties on the anticipated conduct of the allocation process, and the anticipated organization of data and contents of the database; and communications between Mr. Batson and the parties by phone, email or other electronic media averaging 20 minutes for each party to obtain additional information, if any, for the allocation database.

- Under Task 6 (Final Allocation Design), communications between Mr. Batson and the allocation parties by phone, email or other electronic media averaging 20 minutes for each party to obtain any additional comments from the parties regarding the allocation process design.

- Under Task 8 (Final Data Reports), communications by Mr. Batson with individual allocation parties as required to answer questions regarding the contents of their data report.

EPA is prepared to modify the allocation contract to allow for additional communications with Mr. Batson. Parties seeking additional opportunities to meet or communicate with Mr. Batson should provide, in detail, such a request to EPA by March 2, 2018 and the Agency will promptly respond to the request.

Passaic Valley Sewerage Commission (PVSC) and the Municipalities

EPA has explained in several letters (including most recently in EPA's January 5, 2018 letter to the allocation parties) the basis on which we have chosen not to add to the allocation PVSC and the four municipalities that were notified of their status as PRPs for OU2. We also informed the allocation parties that EPA has facilitated conversations between technical personnel from PVSC and Occidental Chemical Corporation (OCC) related to the OU2 remedial design. We understand that some parties would prefer for PVSC and the municipalities to participate in the allocation or to be assigned a share of liability in the allocation, but at the present time the Agency is not adding more parties to the allocation.

3

**ARR0065**

Other Non-Notified Parties

Similarly, EPA has notified the allocation parties that the Agency will not be expanding the allocation to include parties to which EPA has not issued a notice of liability. Mr. Batson has informed EPA of several parties that, while not yet in receipt of a notice of liability, are expecting to participate. Where warranted, EPA will issue notice letters to those parties.

With respect to the list of industrial users of PVSC that William Hengemihle of FTI Consulting provided to EPA in February 2017, the list includes a number of entities that EPA (and/or the Cooperating Parties Group) evaluated in the past, and some of them received notice letters. In other cases, EPA could not establish sufficient information to support a notice of potential responsibility and some of the entities on the list are defunct. In short, as discussed with Mr. Hengemihle at the time, the list itself is not an especially useful indication of the existence of additional PRPs.

Early Cash Out Settlement Criteria

As you know, EPA made early cash out settlement offers to 20 PRPs identified by EPA as "not associated with the release or disposal of any of the COCs for OU2" (EPA's May 17, 2017 letter)[4]. EPA has stated that it will, as part of the allocation, consider making additional early cash out settlement offers to parties similarly situated. The Agency recognizes that AlterEcho, and then EPA, may need to determine, based on the available information, whether a party is responsible for the release or disposal of a COC for OU2.

Certification

We agree that parties participating in the allocation should certify that they have conducted a thorough, comprehensive, good faith search for documents, and have fully and accurately disclosed all relevant information to Mr. Batson for his consideration in the allocation.

---

[4] As you also know, 15 of those PRPs have entered into a proposed cash out settlement agreement with EPA.

4

**ARR0066**

Finally, as you know, the next step of the allocation process is for you to review and comment on the draft allocation process and database design document, which you may have received from AlterEcho by now. In order to keep the allocation moving in a timely manner, we urge you to give that document, and this letter, your immediate attention.

Sincerely,

for
Eric J. Wilson
Deputy Director for Enforcement and Homeland Security

cc:     David Batson, Esq., AlterEcho (by email)
        Mary Apostolico, CSRA (by email)
        David Moora, EPA (by email)

**ARR0067**



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 2
290 BROADWAY
NEW YORK, NY 10007-1866

FEB 23 2018

Via Electronic Mail

To:     Diamond Alkali – Lower 8.3 Miles Contact Group

Re:     Allocation for Operable Unit 2 Remedial Action
         Diamond Alkali Superfund Site, Essex and Hudson Counties, New Jersey

Dear Sir/Madam:

In my letter of February 16, 2018 regarding the allocation for Operable Unit 2 (OU2) of the Diamond Alkali Superfund Site (Site), I stated that parties participating in the allocation should provide David Batson with a list of documents to be added to the SharePoint site by March 2, 2018. Some participants to the allocation have, since receipt of my February 16th letter, requested that the United States Environmental Protection Agency (EPA or Agency) extend the March 2, 2018 deadline. This letter serves to modify that deadline.

We understand that the allocation parties are providing input to Mr. Batson on the development of an allocation process and database design document specifying the allocation factors, and that the final allocation process design will be issued by David Batson to the parties by the end of May 2018.

Some of the parties participating in the allocation would like to have the opportunity to submit documents after the final allocation design is completed. While we recognize that some parties may benefit by having an opportunity to review the final allocation design prior to identifying the documents they seek to include in the allocation (since the identification of the documents is influenced by the allocation factors), we also realize that the factors themselves are unlikely to change much, if at all, from the factors in my February 16th letter, which are drawn from the draft allocation process design document David Batson provided to the parties.

Importantly, the parties that contacted EPA maintained that the parties participating in the allocation understand that the remedial design for OU2 is on schedule for completion in September 2020, and that the allocation must be completed prior to that date.

Based on the above, EPA is modifying the March 2, 2018 deadline for each party to submit a list of additional documents to April 13, 2018 which should provide the parties sufficient time to examine the material presently in SharePoint and to review the factors relevant to the allocation as they relate to documents parties would like to have made part of the allocation. It is important

ARR0068

that the additional documents submitted by parties not duplicate the materials already in SharePoint. We also welcome receipt of the information prior to April 13. The list of documents should be submitted in the following format:

| Document Date | Title | Number of Pages | Document Type | Addressee Name & Organization | Author Name & Organization | Reason Relevant to Allocation & Relevant Party |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

If after receipt of the final allocation design a party believes it has documents pertinent to the allocation which it did not identify by the April 13th deadline, such party may identify such documents within two weeks of receipt of the final allocation design, provide an explanation why each document was not identified by the April 13th deadline and request that the Agency have the documents included in the allocation.

Finally, please note that the March 2, 2018 deadline for submitting to EPA a request for additional opportunities to communicate with Mr. Batson has not been changed.

Sincerely,

Eric J. Wilson
Deputy Director for Enforcement and Homeland Security

cc:     David Batson, Esq., AlterEcho (by email)
         Mary Apostolico, CSRA (by email)
         David Moora, EPA (by email)



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

REGION 2
290 BROADWAY
NEW YORK, NY  10007-1866

MAY – 1 2018

<u>By Email and Regular Mail</u>

David G. Mandlebaum, Esq.
Eric S. Aronson, Esq.
Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Re:     <u>Diamond Alkali Superfund Site ("Site") - OU2 Allocation Proceeding</u>

Dear Messrs. Mandlebaum and Aronson:

We understand that David Batson of AlterEcho will be responding to your letter of April 10, 2016 [sic] regarding the allocation process for Operable Unit 2 (OU2) of the Diamond Alkali Superfund Site (Site). There are, however, statements in your letter that the U.S. Environmental Protection Agency (EPA) Region 2 seeks to clarify and correct.

The OU2 allocation process is not mandatory. As you know, Eric Wilson of EPA issued a letter dated September 18, 2017 to 80 potentially responsible parties (PRPs) inviting those parties to participate in the allocation. Some of the parties have declined to do so, including, as you note, Occidental Chemical Corporation (OCC). That EPA's contractor AlterEcho, after consideration of the facts through the allocation, will assign a share to all 80 PRPs invited to participate does not make participation in the allocation process mandatory.

Your letter also states that EPA prohibited the parties from undertaking their own allocation. That is not the case. Rather than preventing the parties from undertaking an allocation, EPA initiated the allocation process because of the unwillingness (or inability) of the PRPs to undertake and complete their own allocation. For example, the Lower Passaic River Cooperating Parties Group (CPG) retained an allocator in 2015, but failed to complete the allocation. Similarly, in 2012, the CPG initiated an allocation effort intended to apply to the costs of the removal action at River Mile 10.9, an effort that also was unsuccessful. This track record is what has led EPA to offer the PRPs the opportunity to participate in the present allocation process.

Initially, EPA intended to facilitate a more limited allocation process than the present one. As you know, EPA intended to limit the allocation to parties not associated with the release of dioxin, furans and polychlorinated biphenyls (PCBs), the contaminants of concern (COCs) driving the remedy for OU2. Numerous parties contacted EPA, requesting that we expand the allocation process to include all the OU2 PRPs. After much consideration, EPA agreed to include all OU2 PRPs, apart from the PRPs that settle pursuant to EPA's "early" cash out settlement offered in March 2017, and the Passaic Valley Sewerage Commission and four municipal PRPs.

Further, EPA has responded to concerns raised by parties participating in the allocation and supplemented the allocation contract to allow the parties to submit additional documents, to provide additional time for the parties to consult with the allocator and to include an "off-ramp" in the allocation process.

Confidentiality

For the OU2 allocation, confidentiality is addressed in EPA's prime contract with CSRA (through which EPA retained AlterEcho), [1] and in the Task Order Statement of Work (SOW), pursuant to which AlterEcho is performing the allocation. The SOW, a copy of which was provided to the allocation parties, contains the confidentiality terms in EPA's agreement with CSRA-AlterEcho and references the Administrative Dispute Resolution Act of 1996 (ADR Act).

Section 2.0 of the SOW states, in relevant part:

> Unless otherwise noted herein, all allocation related communications by the CSRA Team involving the OU2 PRPs or representatives of EPA or DOJ, individually or in groups, will be held confidential pursuant to the provisions of the ADR Act of 1996, 5 USC 574.

> In order to ensure a common expectation of confidentiality, all PRP participants in the allocation process will be required to enter, and EPA will appropriately acknowledge, a confidentiality agreement.

Section 3.0 of the SOW reads, in relevant part:

> CSRA will approach this task in accordance with the basic terms of the contract and according to the established norms and ethical standards of ADR professionals. Except as otherwise noted herein, information provided to the ADR professional by any of the parties, including EPA, communications between parties and the ADR professional, and notes and dispute resolution work product generated by the ADR professional during

---

[1] The allocation parties were also provided with the web link (https://www.epa.gov/sites/production/files/2015-09/documents/adr_contract_sow.pdf) to EPA's prime contract with CSRA when the OU2 allocation SOW was provided to the parties.

ARR0071

work pursuant to the Task Order will be maintained as confidential by the ADR professional pursuant to the provisions of the ADR Act of 1996 (Public Law 104-320; 5 USC 571 et al.) and applicable federal, state and judicial requirements.

The information that is not confidential is noted in Section 4, Task 3 of the SOW that reads, in relevant part:

The allocation process will be designed based upon information received during consultations with EPA and OU2 PRPs on the allocation database and using all relevant non-confidential received information, including data, records, and other documents.

No confidential information will be included in the allocation database. Though to be designed for purposes of conducting the allocation, the database will be designed in such a way as to allow access and use by EPA and DOJ staff for their settlement purposes following submission of the Allocation Data Reports in Task 8.

Confidentiality is also addressed in the ADR Act, a federal statute that EPA, as a federal agency, is required to abide by even in the absence of a signed confidentiality agreement. The Interagency ADR Working Group, established by Presidential Memorandum dated May 1, 1998, provides guidance on the confidentiality provisions of the ADR Act at https://www.adr.gov/adrguide/ch29.html. In summary, the guidance states the following:

- The ADR Act affirmatively bans neutrals from voluntarily disclosing dispute resolution communications and any communication provided in confidence to the neutral unless one of four statutory exceptions apply (see guidance for exceptions).
- Parties to an ADR proceeding have a similar prohibition on releasing information unless one of seven exceptions apply. Those exceptions include the following (see guidance for a listing of all seven exceptions):
  - Dispute resolution communications relevant in disputes involving a settlement agreement reached in an ADR; and
  - A dispute resolution communication (except those generated by the neutral) that was provided or available to all parties to the ADR proceeding.
- The common law of evidence and Federal Rules of Evidence (FRE) 408 have long restricted the admission of settlement discussions – like those in ADR – into evidence to prove or disprove liability or a defense.
- It should be noted that confidentiality clauses in a settlement agreement may not withstand a request under FOIA

**ARR0072**

With the above guidance in mind, EPA has endeavored to protect the confidentiality of the OU2 allocation communications as much as possible in the following ways:

- EPA does not participate in the meetings between AlterEcho and the allocation parties.
- The allocation work plan specifies that AlterEcho will provide summaries of input obtained from the allocation parties at various steps in the allocation process, without attribution to contributions of individual participants.
- AlterEcho will not share with EPA the position briefs and reply briefs submitted by the allocation parties.

However, given the limitations in the ADR Act, there are allocation documents that EPA does not believe can be protected. First, the nexus documents contained in the document repository (or SharePoint site) are not confidential. In addition, EPA does not expect it will be able to protect the data in the allocation database from disclosure under FOIA or common law protection or privilege. Accordingly, the SOW specifies that "No confidential information will be included in the allocation database".[2] The allocation parties should not, therefore, include confidential information in their submissions to the document repository. If a document is within the categories of documents that must be submitted and certified to, and it contains confidential business information, it would be prudent to redact the protected information. If the allocation parties are concerned that the certification requires them to submit documents or material that is entitled to confidentiality under the attorney-client privilege or other privilege, that concern could be resolved by addressing the language of the certification.

With respect to the Allocation Data Reports and the draft and final Allocation Recommendation Reports, which are the work product of neutral but that the allocation parties and EPA will all receive and review, EPA has the following observations:

- In responding to a FOIA request, EPA may assert FOIA Exemption 3, which allows the withholding of information prohibited from release by another federal statute, in this case the ADR Act, as a basis to withhold disclosure of any confidential communication in the possession of an internal neutral. Note that this protection from disclosure pursuant to FOIA does not apply to communications not protected by the ADR Act, such as written communications shared directly by a party with all other parties to the process, even if the parties have agreed in writing that such communications are confidential. Also, because the contents of the Data Reports and the draft and final Allocation Recommendation Reports will be shared with the allocation parties and EPA, and will be relevant to any settlement that the United States is able to enter into, it is possible that

---

[2] Also note that the ADR Act does not protect documents that are exchanged during an ADR process but were produced for an entirely different purpose, and are not otherwise protected from disclosure, such as a document required to be prepared by regulation or discussions regarding an unrelated subject. Much of the information submitted by the allocation parties is likely to fall into this category.

ARR0073

the data reports and the final allocation report cannot be protected from disclosure under FOIA, unless they are deemed to comprise communications generated by the neutral, which under Section 574(7) would not be subject to release.

As described in EPA's September 18, 2017 letter, the OU2 allocation is intended to result in cash-out settlement offers from EPA to those parties that are not associated with the release or disposal of dioxin, furans and/or PCBs, and is also intended to identify those parties that should participate in consent decree negotiations for the performance of the remedial action for OU2 due to their association with the release or disposal of dioxin, furans and/or PCBs into the lower 8.3 miles of the Lower Passaic River.

Any settlement entered into by EPA will require public notice before becoming effective, thereby providing interested parties with an opportunity to comment on the proposed settlement. EPA will respond to comments received and may modify or withdraw from the proposed settlement if comments demonstrate that the proposed settlement is inappropriate, improper or inadequate. In responding to any such comments, and in seeking entry by the court of a consent decree, EPA will very likely need to rely on documentary evidence. EPA, along with the Department of Justice, will make every effort to use documents that are not confidential, such as those from the SharePoint site. However, even if the court were to request the Allocation Recommendation Report, EPA and the Department of Justice can take steps to protect it, such as objecting or moving to file it under seal.

We hope this letter clarifies for you EPA's position with respect to the various categories of information that will be part of the OU2 allocation process.

Sincerely,

Juan M. Fajardo
Assistant Regional Counsel

cc:   David Batson, Esq., AlterEcho *(by email)*
      Brian Donohue, Esq., USDOJ *(by email)*
      Laura Rowley, Esq., USDOJ *(by email)*
      David Moora, Esq., US EPA *(by email)*
      Allocation Parties, Appendix A *(by email)*

5

**ARR0074**